LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Freddie Quair,<br><br>                    Plaintiff,<br><br>     vs.<br><br>County of Kings, et al.<br><br>                    Defendants | CASE No.: 1:20−CV−01793−KJM−SKO<br><br>[Honorable Dist. Judge Kimberly J. Mueller]<br>[Honorable Mag. Judge Sheila K. Oberto]<br><br>**SEPARATE PRETRIAL STATEMENT**<br><br>**FPTC Date: July 7, 2025**<br>**Time: 10:00 a.m.**<br><br>**Robert T. Matsui United States Courthouse**<br>**Courtroom 3, 15th floor**<br><br>*Parties' Request to Appear Remotely Pending* |

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORDS, PLEASE TAKE NOTICE THAT** Plaintiff Freddie Quair submits the following pretrial statement pursuant to the Court's orders (ECF No. 66 & 67) and Local Rule 281. This report was indented to be filed as a joint report, as

SEPARATE PRETRIAL STATEMENT
- 1

requested by the Court, but Defendants took the position that the hearing on July 7, 2025 is not a final pre-trial conference, and therefore Defendants decided not to participate in the preparation of this report.

Plaintiff Freddie Quair filed this civil rights action on December 21, 2020, pursuant to 42 U.S.C. § 1983, against the County of Kings and individual law enforcement officers arising from an officer-involved shooting. Plaintiff asserted claims for excessive force, denial of medical care, and municipal liability based on unconstitutional policy and inadequate training. Following discovery, motion practice, and reassignment to Senior District Judge Kimberly J. Mueller, the Court granted in part and denied in part Defendants' motions for summary judgment. The following claims remain for trial: (1) Unreasonable Search and Seizure – Excessive Force; (2) Municipal Liability – Inadequate Training; and (3) Municipal Liability – Unconstitutional Custom, Practice, or Policy.

Plaintiff estimates that trial will take 4–5 days and requests a trial date that is as soon as practicable for the Court and all parties.

(1) **Jurisdiction – Venue** – This Court has subject matter jurisdiction over Plaintiff's federal question and civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in the instant judicial district.

(2) **Jury** – Plaintiff demands a jury trial on all issues.

(3) **Undisputed facts** – *Plaintiffs' Proposed Undisputed Facts*

    a. Kings County is and was a municipal corporation existing under the laws of the State of California.

    b. County Sheriff's Office was and is a subdivision of the County of Kings.

    c. Taylor Lopes was a sergeant with the Kings County Sheriff's Department at the time of the incident at issue in this case.

    d. Neil Compston, John Silveria, and Edward Sinclair were special agents of the California Department of Justice.

e. Taylor Lopes, Neil Compston, John Silveria, and Edward Sinclair were acting in the course and scope of their employment at the time of the incident at issue in this case.

f. Mr. Quair was unarmed when he was shot by defendant officers and no weapon was recovered at the scene.

g. Defendants did not warn Mr. Quair that they would use lethal force before they began shooting at him.

**(4) Disputed Factual Issues –**

a. Whether Mr. Quair posed an immediate threat of death or serious bodily injury to anyone at the time he exited the vehicle.

b. Whether such a warning was feasible under the circumstances.

c. Whether the individual defendants fired on Mr. Quair while he was on the ground.

d. Whether it was feasible for the individual defendants to use less-lethal means or alternative tactics to apprehend Mr. Quair before resorting to deadly force.

e. Whether the individual defendants' pre-shooting tactics and positioning, including the timing and manner of the vehicle stop and approach, and the commands given, were appropriate and reasonable under the circumstances.

f. Whether the County of Kings maintained an unofficial policy, custom, or practice of approving or failing to discipline deputies involved in use-of-force incidents.

g. Whether the County of Kings failed to adequately train or supervise the Sergeant Lopes regarding use of force, including the importance of giving a warning, the importance of reassessing between shots, and the appropriate use of tactical de-escalation and less-lethal force.

**(5) Disputed Evidentiary Issues**

    a. Plaintiff anticipates filing the following motions in limine: (1) Motion in Limine No. 1 to exclude information unknown to the officers on scene at the time of the incident, including criminal history unknown to the officers at the time of the incident, and toxicology findings; (2) Motion in Limine No. 2 to exclude any argument that Mr. Quair was attempting to commit "suicide by cop"; (3) Motion in Limine No. 3 to exclude any reference to post-incident findings by any agency. Plaintiff reserves the right to file additional motions in limine.

**(6) Special Factual Information in Certain Actions** (personal injury, wrongful death):

    a. The incident occurred on June 18, 2019, near Highway 43 in Kings County, California. Plaintiff Freddie Quair was a passenger in a vehicle that was stopped by law enforcement personnel during a coordinated multi-agency operation. Plaintiff alleges that individual defendants—members of the California Department of Justice and the Kings County Sheriff's Office—used excessive and unreasonable force by shooting him multiple times within seconds of the vehicle stop, despite the fact that he was unarmed, raised his hands in surrender, and made no threatening movements. Plaintiff further alleges that individual defendants continued firing while he lay incapacitated on the ground. Plaintiff alleges liability under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment and under Monell theories based on inadequate training and unconstitutional customs.

    b. Mr. Quair was 41 years old at the time of the incident. He sustained approximately 17 gunshot wounds, resulting in multiple surgeries, internal organ damage, orthopedic hardware implantation, chronic pain, mobility limitations, and psychological trauma. Plaintiff was hospitalized for approximately three weeks and continues to receive medical care. He

alleges ongoing physical disability and emotional distress. He also alleges lost earning capacity but was not employed at the time of the incident. Medical expenses are claimed and will be supported by expert testimony. Plaintiff seeks general damages, special damages, and punitive damages under 42 U.S.C. § 1983.

  c. Not applicable. This is not a wrongful death action.

**(7) Relief Sought** – Plaintiff seeks compensatory damages, special damages, punitive damages against the individual defendants, and attorney's fees.

**(8) Points of Law** – No legal theories or recovery are expected to be in controversy between the parties.

**(9) Abandoned issues** – None.

**(10) Witnesses** –

Plaintiff reserve the right to amend this witness list.

  a. Plaintiff, Freddie Quair
  b. Jose Quintero;
  c. Defendant, Taylor Lopes;
  d. Defendant, Neil Compston;
  e. Defendant, John Silveria;
  f. Defendant, Edward Sinclair;
  g. CA Dept of Justice Special Agent Chase Dobbins;
  h. California Highway Patrol Officer John Scomona;
  i. Dr. Naeem Siddiqi
  j. Dr. Robynn Weston
  k. Curt Rothschiller

**(11) Exhibits** – Schedules and Summaries

Plaintiff reserve the right to amend this exhibit list.

## *PLAINTIFF*
*(Designated Exhibits 1 through 200)*

| Exh. No. | Description | Admissibility Stipulated/ Evidentiary Objections | Date Identi-Fied | Date Admit |
|---|---|---|---|---|
| 1. | Video of Shooting | | | |
| 2. | Enlarged Version of Video | | | |
| 3. | Evidence Photos | | | |
| 4. | Scene Photos | | | |
| 5. | County Policies | | | |
| 6. | Medical Records (Community Regional Medical Center, Wellpath Health Care at the Kings County Jail, Kaweah Delta Medical Center) | | | |
| 7. | Photos of Nissan | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |
| 11. | | | | |
| 44-200 | | | | |

## *DEFENDANTS*

*(Designated Exhibits 201 through 400)*

| Exh. No. | Description | Admissibility Stipulated/ Evidentiary Objections | Date Identi- Fied | Date Admit |
|---|---|---|---|---|
| 201. | | | | |
| 202. | | | | |
| 203. | | | | |
| 204. | | | | |
| 205. | | | | |
| 206. | | | | |
| 207. | | | | |
| 208. | | | | |
| 209. | | | | |
| 210. | | | | |
| 211. | | | | |
| 212-400 | | | | |

**(12) Discovery Documents**

    a. For Plaintiff – Plaintiff does not presently intend to offer any discovery documents in lieu of live testimony.

**(13) Further Discovery or Motions –** None expected except for motions in *limine*.

SEPARATE PRETRIAL STATEMENT
- 7

**(14) Stipulations** – Defendants were acting within course and scope of their employment and were working under the color of state law at the time of the incident.

**(15) Amendments – Dismissals** – none expected.

**(16) Settlement negotiations** – Presently, the Parties do not believe a settlement conference would be productive.

**(17) Agreed Statements** – Plaintiff contend that an Agreed Statement of Facts is not feasible or advisable.

**(18) Separate Trial of Issues** – No separate trial of the issues is feasible or advisable.

**(19) Impartial Experts – Limitation of Experts** – No appointment by the Court of impartial expert witnesses or limitation on the number of expert witnesses is advisable in this case given the nature of the case.

**(20) Attorneys' Fees** – Attorneys' fees will be sought by Plaintiff under 42 U.S.C. § 1988(b) after trial has concluded.

**(21) Trial Exhibits** – No special handling of trial exhibits is expected and no retention of exhibits pending appeal decision.

**(22) Trial Protective Order** – No trial protective order will be sought by Plaintiff.

**(23) Miscellaneous** – N/A

Dated: June 30, 2025                **LAW OFFICES OF DALE K. GALIPO**

By: /s/ *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiff Freddie Quair*