James J. Arendt, Esq.  Bar No. 142937
Matthew P. Bunting, Esq.  Bar No. 306034

WEAKLEY & ARENDT
A Professional Corporation
5200 N. Palm Avenue, Suite 211
Fresno, California 93704
Telephone:  (559) 221-5256
Facsimile:  (559) 221-5262
James@walaw-fresno.com
Matthew@walaw-fresno.com

Attorneys for Defendants County of Kings and Taylor Lopes

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff Freddie Quair*

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE QUAIR,<br><br>     Plaintiff,<br><br>vs.<br><br>COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,<br><br>     Defendants. | CASE NO.  1:20-CV-01793-KJM-SKO<br><br>**JOINT STATUS REPORT** |

The parties, Freddie Quair (Plaintiff), County of Kings and Taylor Lopes (County Defendants), and Neil Compston, John Silveria, and Edward Sinclair (State Defendants), through their respective counsel, submit the following Joint Status Report:

The County Defendants and State Defendants wish to raise the issue of Plaintiff taking the 5th Amendment protection against incrimination as potentially impacting the upcoming trial

date. Plaintiff invoked his 5th Amendment rights and refused to answer many questions during discovery and during his deposition involving the lead up to the events of the shooting and the shooting itself. Defendants are concerned that now that Plaintiff has been convicted of various crimes, he could reverse his position and now seek to testify at trial regarding topics that he refused to testify about previously. Defendants request that the Court address this issue, due to the fact that Plaintiff's counsel has taken inconsistent positions in other recent cases, including one with a similar situation. In *Solis v. County of Riverside*, Central District of California Case No. 5:23-cv-00515, the Plaintiff invoked his Fifth Amendment rights during discovery and refused to testify. At the eve of trial, without any prior notice and after the close of discovery and after experts had already prepared their opinions, Plaintiff's counsel advised they intended to have Plaintiff testify at trial despite his prior invocation of the Fifth Amendment.

In light of Plaintiff's counsel equivocation and refusal to confirm that the Plaintiff will not reverse his position, Defendants seek to avoid a similar situation occurring here, especially as Plaintiff has had several years to advise of whether he intended to reverse his invocation of his Fifth Amendment privileges and testify at trial. It is well established that a party cannot use the Fifth Amendment as both a sword and a shield, as Plaintiff would appear to be planning. *See U.S. v. $133,420 in U.S. Currency*, 672 F.3d 629, 641 (9th Cir. 2012); *Lyons v. Johnson*, 415 F.2d 540, 541 (1969); *Plymale v. Dyer*, 837 F.Supp. 2d 1077 (E.D. Cal. 2011). As one court has noted, "a civil plaintiff has no absolute right to both his silence and his lawsuit." *Wehling v. Columbia Broadcasting System,* 608 F.2d 1084. 1088 (5th Cir. 1979).

This issue is significant, as Federal Courts in California have held that where a party asserts a Fifth Amendment privilege to refuse to produce testimony and discovery, the Court is within its discretion to bar the party from offering any evidence. Global Dev. & Envtl. Res., Inc.

v. Panella, No. SACV-0700179-JVS(MLGx), 2008 WL 11343388 (C.D. Cal. April 14, 2008); *Lyons*, 415 F.2d at 542.

Contrary to Plaintiff's arguments, Plaintiff's invocation does not relate only to the events occurring prior to trial. It also relates to the underlying incidents, as well as the events that occurred during the incident itself, and it interfered with and prevented the Defendants from conducting discovery and investigation into matters that would assist in their defense at trial.

Given that there is no pending trial date, Defendants believe that this issue should be addressed well in advance of trial, and not at the eve of trial, as Plaintiff's counsel has tactically done in other cases. Such a situation is manifestly and clearly prejudicial to the Defendants, especially where it could have been identified by the Plaintiff and rectified earlier in the proceedings.

If Plaintiff now plans to testify at trial regarding the topics he previously did, Defendants plan on taking a limited deposition regarding only those topics. This would in turn likely change opinions reached by the Parties' various experts. Defendants would recommend a trial date sometime next year that allows the parties sufficient time to conduct this additional discovery. The Parties believe a trial date next year would be most appropriate to allow them to determine the availability of their experts and other witnesses, some of which have retired and/or moved out of state since the Summary Judgment motion was filed.

The State Defendants also would request the Court set a briefing schedule to determine whether Plaintiff's causes of action are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny. Defendants are informed that Plaintiff plead out to the charges brought against him in connection with the underlying incidents following the filing of the motion for summary judgment, and accordingly the State Defendants request a briefing schedule to allow the State to obtain copies of these records to determine whether the *Heck* doctrine operates to

bar or limit Plaintiff's claims. While Plaintiff's counsel argues that this issue should have been raised earlier, Defendants note that their summary judgment motions – which would have been the appropriate process and means for raising the issue – were filed *before* Plaintiff plead guilty to the charges against him. The summary judgment motions additionally were not ruled upon until recently by the Court. Plaintiff's counsel additionally failed to notify the Court of this significant fact.

Presently, the Parties do not believe a settlement conference would be productive but will inform the Court otherwise should that change.

Should the Court require or desire any additional information in advance of the hearing on July 7, 2025, the Parties will provide any requested information. While Plaintiff advises it intends to submit a Final Pretrial Statement, Defendants note that no trial date has been set in this case and all dates – including trial dates – were previously vacated pursuant to an order of the Court. Further, the Defendants note that Plaintiff's counsel had taken an inconsistent position regarding what documents and information were needed and had contended that a Final Pretrial Statement was not needed until June 27, 2025, when counsel reversed its position and for the first time stated that a full Final Pretrial Statement should be provided. Prior to this, the Defendants had requested clarification of what specific information the Court was requesting from the Court but did not receive any specific guidance.

**Plaintiff's Statement:**

Plaintiff will oppose Defendants' request to reopen discovery on multiple grounds. First, Defendants have no valid justification for waiting until one week before the final pretrial conference to raise this issue. Plaintiff was convicted and sentenced in January 2023, giving Defendants more than **two years** to seek any additional discovery they now claim is necessary. Their unexplained delay is unreasonable and prejudices Plaintiff, who has a strong interest in

the timely resolution of this case. The underlying incident occurred in 2019, and further delay would unfairly prolong these proceedings.

Second, Plaintiff's prior invocation of his Fifth Amendment rights related solely to his pending criminal case at that time. The questions Plaintiff declined to answer concern matters that were unknown to the officers at the time of the incident and are therefore irrelevant to the excessive force analysis under clearly established law. Accordingly, there is no legitimate basis to reopen discovery at this late stage, and doing so would only cause unnecessary delay and expense.

For the reasons discussed above, Defendants are very unlikely to prevail on a motion to reopen discovery, and their intention to file such a motion should not have any effect on the Court's consideration of an appropriate trial date for this case. Regarding an appropriate trial date, Plaintiff requests a date that is as soon as practicable for the Court and all parties.

Plaintiff also opposes the idea of setting a briefing schedule for a hearing related to *Heck v. Humphrey*, 512 U.S. 477 (1994). Again, Defendants have no explanation for why they did not raise this matter in the last two years. Plaintiff's position is that the Court need not take a position on this issue and can address the merits of a motion if it is filed by Defendants. But to delay the trial date due to an unreasonable delay of two years on behalf of Defendants would greatly prejudice Plaintiff.

Finally, there was some confusion among the parties as to whether the July 7, 2025, hearing was a final pretrial conference or a trial setting conference. After discussions among counsel and an exchange of emails with the Court's courtroom deputy, Plaintiff concluded that it was prudent to treat the hearing as a final pretrial conference, as it is labeled on PACER and described in the Court's order on summary judgment and subsequent order resetting the date (ECF Nos. 66 and 67).

On June 25, 2025, Plaintiff informed Defendants of this position and, on the morning of June 27, Plaintiff circulated a draft joint pretrial statement pursuant to Local Rule 281. This provided Defendants with two full days to review and suggest revisions. Defendants did not respond to Plaintiff's initial email nor to the draft statement circulated Friday morning. It was only after Plaintiff followed up on Monday that Defendants advised they did not intend to cooperate in preparing a joint statement under Local Rule 281.

Accordingly, Plaintiff intend to submit a separate final pre-trial conference statement today in an effort to comply with the Court's requirements to the best of his ability. Plaintiff will be prepared to participate in a final pre-trial conference on July 7, 2025.

DATED: June 30, 2025    WEAKLEY & ARENDT
A Professional Corporation

By:    /s/    James J. Arendt
James J. Arendt
Matthew P. Bunting
Attorneys for Defendants

DATED: June 30, 2025    ATTORNEY GENERAL OF CALIFORNIA

By:    /s/    Norman D. Morrison
Rob Bonta
Pamela J. Holmes
Norman D. Morrison
Attorneys for Defendants Neil Compston, John Silveria, Edward Sinclair

DATED: June 30, 2025    LAW OFFICES OF DALE K. GALIPO

By:    /s/    Cooper Alison-Mayne
Dale K. Galipo
Cooper Alison-Mayne
Attorneys for Plaintiff