ROB BONTA, State Bar No. 202668
Attorney General of California
Supervising Deputy Attorney General
NORMAN D. MORRISON, State Bar No. 212090
Supervising Deputy Attorney General
 2550 Mariposa Mall, Room 5090
 Fresno, CA  93721-2271
 Telephone: (559) 705-2304
 Fax: (559) 445-5106
 E-mail: Norman.Morrison@doj.ca.gov
*Attorneys for Defendants Neil Compston, John Silveira and Edward Sinclair*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| FREDDIE QUAIR,<br><br>                          Plaintiff,<br><br>     v.<br><br>COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,<br><br>                          Defendants. | 1:20-CV-01793-KJM-SKO<br><br>**DEFENDANT NEIL COMPSTON, JOHN SILVEIRA, AND EDWARD SINCLAR'S IDENTIFICATION OF MOTIONS IN LIMINE PURSUANT TO ECF 72**<br><br>Trial Date:    November 10, 2025<br>Action Filed:  December 21, 2020 |

   Pursuant to the Court's July 7, 2025, Minute Order (ECF 72), Defendants Neil Compston, John Silveira, and Edward Sinclair identify the following as the Motions in Limine they intend to file:

   1.    Motion in limine to exclude evidence and testimony relating to topics on which any party and/or witness invoked and/or plead the Fifth Amendment during discovery, including in response to written discovery or at deposition;

   2.    Motion in limine regarding the applicability of *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny to bar Plaintiff's causes of action against Defendants in light of Plaintiff's

1

subsequent plea to, and conviction of, criminal activity preceding the events of this incident;

3. Motion in limine to exclude testimony of Plaintiff's expert Rothschiller;

4. Motion in limine to limit the testimony of Plaintiff's expert to the opinions and grounds for such opinions they specifically identified and testified to in their deposition and Rule 26 report;

5. Motion in limine to exclude testimony by Plaintiff's retained and/or non-retained experts for whom the information and disclosures required by Federal Rules of Civil Procedure, Rule 26(2) was not provided by the close of discovery in this case;

6. Motion in limine to exclude irrelevant and misleading topics tending to evoke jury bias under Federal Rules of Civil Procedure Rule 401 and 403, including evidence relating to prior shootings, complaints, lawsuits, settlements, and other information relating to any other Defendants;

7. Motion in limine to exclude evidence relating to peace officer personnel files;

8. Motion to prohibit use of the "Reptile Theory" or reference/invocation of the "Golden Rule";

9. Motion in limine to exclude any claims or arguments that a lesser or different type of force would have controlled and/or elicited compliance from Plaintiff;

10. Motion in limine to exclude any claims, arguments, or legal theories relating to alternative tactics, negligent tactics, or causes of action or theories not included in Plaintiff's Complaint and a timely filed Government Claims Act Notice;

11. Motion to exclude evidence photographs and videos to Plaintiff's injuries;

12. Motion in limine to exclude evidence requested, but not produced, in discovery;

13. Motion in limine to exclude any testimony by Plaintiff's experts that learning domains and other materials published by the California Commission on Peace Officers Standards and Training for use in law enforcement training academies constitutes an official policy, procedure, standard, or requirement for law enforcement officers;

14. Motion in limine to permit remote testimony by witnesses.

For the reasons discussed on the record during the Final Pretrial Conference held in this matter, Defendants respectfully request that the Court issue a ruling on Defendants' Motions in Limine Nos. 1 and 2 (Fifth Amendment and *Heck v. Humphrey*) on an expedited basis. Defendants note that in the event the Court ultimately concludes that Plaintiff and his witnesses should be allowed to provide testimony at trial which they previously invoked their Fifth Amendment privilege and refused to testimony or provide discovery responses, Defendants should be allowed to conduct additional discovery and depositions regarding the information previously withheld, including depositions of Plaintiff's retained expert Rothschiller, and Defendants' own experts would need to review such additional evidence and potentially prepare or revise their opinions, and for the Defendants to file additional motions in limine and amend their witness and exhibit lists accordingly..

Dated: July 14, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California

NORMAN D. MORRISON
Supervising Deputy Attorney General
*Attorneys for Defendants Neil Compston, John Silveira and Edward Sinclair*

FR2021301267
95641193

# CERTIFICATE OF SERVICE

Case Name:   **Quair v. County of Kings, et al.**     No.   **1:20-CV-01793-KJM-SKO**

I hereby certify that on July 14, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT NEIL COMPSTON, JOHN SILVEIRA, AND EDWARD SINCLAR'S IDENTIFICATION OF MOTIONS IN LIMINE PURSUANT TO ECF 72**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on July 14, 2025, at San Francisco, California.

|  |  |
|---|---|
| G. Guardado | /s/ G. Guardado |
| Declarant | Signature |

FR2021301267
44700705.docx