UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Fredie Quair,<br><br>                            Plaintiff,<br><br>        v.<br><br>County of Kings, et al.,<br><br>                            Defendants. | No. 1:20-cv-01793-KJM-SKO<br><br>FINAL PRETRIAL ORDER |

On July 7, 2025, the court conducted a final pretrial conference. Dale Galipo appeared for plaintiff. James Arendt appeared for County defendants. Norman D. Morrison appeared for State defendants. Plaintiff had submitted a pretrial statement prior to the hearing, *see* ECF Nos. 69–70, while State and County defendants had not. At oral argument, all parties expressed confusion over whether they were required to submit a pretrial statement. Because of this confusion, the court granted County and State defendants an opportunity to submit witness and exhibit lists as well as a list of motions in limine and allowed plaintiff to submit revised witness and exhibit lists. The parties have now submitted the supplemental documents the court allowed. *See* ECF Nos. 74–82. After reviewing these submissions, good cause appearing, the court makes the following findings and orders:

/////

1

## JURISDICTION AND VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1343 and venue is proper under 28 U.S.C. § 1391(b). Jurisdiction and venue are not contested.

## JURY / NON-JURY

The trial will be by jury. The jury will include eight jurors.

## UNDISPUTED FACTS

1. Kings County is and was a municipal corporation existing under the laws of the State of California.
2. County Sheriff's Office was and is a subdivision of the County of Kings.
3. Taylor Lopes was a sergeant with the Kings County Sheriff's Department at the time of the incident at issue in this case.
4. Neil Compston, John Silveira, and Edward Sinclair were special agents of the California Department of Justice.
5. Taylor Lopes, Neil Compston, John Silveira, and Edward Sinclair were acting in the course and scope of their employment at the time of the incident at issue in this case.
6. Mr. Quair was unarmed when he was shot by defendant officers and no weapon was recovered at the scene.
7. Defendants did not warn Mr. Quair that they would use lethal force before they began shooting at him.

## DISPUTED FACTUAL ISSUES

The parties may file trial briefs addressing disputed factual disputes in light of the applicable law no later than **fourteen days** prior to the date of trial in accordance with Local Rule 285.

## SPECIAL FACTUAL INFORMATION

1. The incident occurred on June 18, 2019, near Highway 43 in Kings County, California. Plaintiff Fredie Quair was a passenger in a vehicle that was stopped by

1. law enforcement personnel during a coordinated multi-agency operation. Plaintiff alleges that individual defendants—members of the California Department of Justice and the Kings County Sheriff's Office—used excessive and unreasonable force by shooting him multiple times within seconds of the vehicle stop, despite the fact that he was unarmed, raised his hands in surrender, and made no threatening movements. Plaintiff further alleges that individual defendants continued firing while he lay incapacitated on the ground. Plaintiff alleges liability under 42 U.S.C. §1983 for excessive force in violation of the Fourth Amendment and under Monell theories based on inadequate training and unconstitutional customs.

2. Mr. Quair was 41 years old at the time of the incident. He sustained approximately 17 gunshot wounds, resulting in multiple surgeries, internal organ damage, orthopedic hardware implantation, chronic pain, mobility limitations, and psychological trauma. Plaintiff was hospitalized for approximately three weeks and continues to receive medical care. He alleges ongoing physical disability and emotional distress. He also alleges lost earning capacity but was not employed at the time of the incident. Medical expenses are claimed and will be supported by expert testimony. Plaintiff seeks general damages, special damages, and punitive damages under 42 U.S.C. § 1983.

**DISPUTED EVIDENTIARY ISSUES AND MOTIONS IN LIMINE**

Plaintiff anticipates filing motions in limine to exclude the following evidence:

1. Any information unknown to the officers at the time of the incident as well as toxicology findings.
2. Any argument Quair was attempting "suicide by cop."
3. Any reference to post-incident findings by any agency.

State Defendants request leave to file a motion to allow witnesses to testify remotely and a motion regarding the applicability of *Heck v. Humphrey*, 512 U.S. 477 (1994), seeking to bar

/////

plaintiff's claims against defendants in light of plaintiff's subsequent plea and conviction for criminal activity in the events preceding this incident.

Both sets of defendants also anticipate filing motions in limine to exclude the following evidence:

1. Any evidence or testimony relating to topics in which any party and/or witness previously invoked the Fifth Amendment in response to written discovery requests or at deposition.

2. The testimony of plaintiff's expert Curt Rothschiller, or, in the alternative, to limit his testimony to the opinions and grounds for such opinions he specifically identified and testified to in his deposition and Rule 26 report.

3. Testimony by plaintiff's retained and or non-retained experts for whom the information and disclosures required by Federal Rule of Civil Procedure 26(2) was not provided by the close of discovery in this case.

4. Irrelevant and misleading topics tending to evoke jury bias under Federal Rules of Evidence 401 and 403.

5. Evidence relating to defendants' personnel files.

6. Evidence relating to Taylor Lopes' prior officer-involved shooting incidents.

7. Argument invoking Reptile Theory/Golden Rule.

8. Evidence that a lesser amount of force would have controlled plaintiff.

9. Evidence of claims or legal theories relating to police tactics not included in plaintiff's complaint and a timely filed Government claims Act Notice.

10. Evidence relating to the indemnification of Taylor Lopes/vicarious liability.

11. Evidence relating to insurance.

12. Prior settlements/verdicts against County defendants regarding officer-involved shootings.

13. Pictures and videos of Quair's injuries.

14. Evidence not produced in discovery.

/////

15. Any testimony by plaintiff's experts that learning domains and other materials published by the California Commission on Peace Officers Standards and Training for use in law enforcement training academies constitutes an official policy, procedure, standard, or requirement for law enforcement officers.

Defendants request an expedited briefing schedule for their motions to exclude evidence or testimony relating to topics in which any party and/or witness previously invoked the Fifth Amendment in response to written discovery requests or at deposition and the State defendants' motion on the applicability of *Heck* to this case. *See* ECF No. 70 at 3–4. Plaintiff opposes such a request, arguing the plaintiff's invocation of the Fifth Amendment at deposition and in response to written discovery requests only pertained to incidents preceding the shooting and not the shooting itself. *See id.* at 4–5. Further, plaintiff argues State defendants have waited an unnecessarily long time to raise both the *Heck* issue and the Fifth Amendment issue as plaintiff was convicted more than two years ago and the underlying incident happened in 2019. *See id.*

To ensure the record is developed with respect to defendants' position, the court finds an expedited briefing schedule to decide these two issues before trial is appropriate to clarify the parameters of trial. Both sets of defendants shall file their respective motions on these two issues within **14 days** after the filed date of this order. Plaintiff's opposition briefs shall be filed **14 days** after the filing of the motions in limine. State defendants will be allowed a reply with respect to their *Heck* motion, and both sets of defendants will be allowed a reply on their respective Fifth Amendment motions, with any reply filed within **7 days** after the filing of the opposition. Parties may join other motions by filing a notice of joinder.

The parties are directed to meet and confer promptly regarding the State defendants' motion to allow witnesses to testify remotely, and advise the court within **21 days** if they reach proposed stipulations to allow any remote testimony. To the extent the parties do not reach agreement, the State defendants will file their fully briefed motion addressing this matter within 30 days, the plaintiff any opposition brief within **7 days** thereafter, and the State defendants any reply within another **7 days** after the opposition is filed. The court will promptly resolve any

/////

5

1  motion regarding remote testimony to facilitate the parties' arranging for witness testimony in
2  accordance with the court's ruling.
3        The court will decide all other motions in limine on the first day of trial.  The parties also
4  are directed to meet and confer promptly regarding the substance of these motions, and advise the
5  court if they reach proposed stipulations to resolve the motions without the need for briefing and
6  court resolution.  If they do not resolve the substance of the motions on their own, fully briefed
7  motions shall be due by 14 days before trial, oppositions within 7 days before trial, with replies
8  argued on the first day of trial.

**RELIEF SOUGHT**

Plaintiff seeks compensatory damages, special damages, punitive damages against the individual defendants, and attorney's fees.

**POINTS OF LAW**

The parties shall alert the court to disputes about the applicable law and legal standards. Trial briefs addressing these points more completely, in addition to reviewing disputed facts as allowed above, shall be filed with the court no later than **fourteen days prior to the date of trial** in accordance with Local Rule 285.

**ABANDONED ISSUES**

The parties agree no issues have been abandoned.

**WITNESSES**

The plaintiff's witnesses are those listed in Attachment A.  County defendants' witnesses are those listed in Attachment B.  State defendants' witnesses are those listed in Attachment C below.  Each party may call any witnesses designated by the other.

    A.    The court will not permit any other witness to testify unless:

        (1)    The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

/////

|   |   |   |   |
|---|---|---|---|
| | | (2) | The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below. |
| | B. | | Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial.  The witnesses will not be permitted unless: |
| | | (1) | The witness could not reasonably have been discovered prior to the discovery cutoff; |
| | | (2) | The court and opposing parties were promptly notified upon discovery of the witness; |
| | | (3) | If time permitted, the party proffered the witness for deposition; and |
| | | (4) | If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties. |

**EXHIBITS, SCHEDULES AND SUMMARIES**

Plaintiff's exhibits are identified in Attachment D.  At trial, plaintiff's exhibits shall be identified using the prefix "P," i.e., P-1, P-2, P-3, and so on.  County defendants' exhibits are identified in Attachment E.  At trial, county defendant's exhibits shall be identified using the prefix "CD," i.e., CD-1, CD-2, CD-3, and so on.  State defendants' exhibits are identified in Attachment F below.  At trial State defendants' exhibits shall be identified using the prefix "SD," i.e., SD-1, SD-2, SD-3, and so on.  The parties are directed to meet and confer before trial to identify all exhibits they agree are admissible and will list jointly.  Joint exhibits will be identified using the prefix "J," i.e., J-1, J-2, J-3, and so on.  Shared exhibits between defendants will be identified using the prefix "JD," i.e., JD-1, JD-2, JD-3, and so on.

All exhibits must be premarked.

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.

/////

The parties must exchange exhibits no later than **twenty-eight days before trial**. Any objections to exhibits are due no later than **fourteen days before trial**.

A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

    1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

    2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

    1. The exhibits could not reasonably have been discovered earlier;

    2. The court and the opposing parties were promptly informed of their existence; and

    3. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

**DEPOSITION TRANSCRIPTS**

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court on the first day of trial.

**DISCOVERY DOCUMENTS**

No discovery documents will be offered in lieu of live testimony.

**AMENDMENTS AND DISMISSALS**

The parties have none at this time.

**SETTLEMENT**

The court will not schedule a settlement conference as the parties do not believe a court-convened settlement conference would be productive.

**JOINT STATEMENT OF THE CASE**

The parties have agreed to the following joint statement of the case:

> This case arises out of the officer-involved shooting of Fredie Quair that took place in Kings County on June 18, 2019. The plaintiff, Fredie Quair, claims that Taylor Lopes of the Kings County Sheriff's Department, and Neil Compston, John Silveira, and Edward Sinclair of the California Department of Justice used excessive force against him when they shot him. Plaintiff seeks damages as permitted by law. The defendants deny plaintiff's claims and contend that the use of deadly force against Mr. Quair was reasonable under the totality of the circumstances.

**SEPARATE TRIAL OF ISSUES**

The court will not bifurcate the trial.

**IMPARTIAL EXPERTS OR LIMITATIONS OF EXPERTS**

The court will not appoint an impartial expert and no limitations on experts are necessary.

**ATTORNEYS' FEES**

Plaintiff seeks reasonable attorneys' fees, under 42 U.S.C. § 1988(b) after trial has concluded.

**TRIAL DATE AND ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **November 10, 2025 at 9:00 a.m.** in Courtroom Three of the Sacramento Courthouse on 501 "I" Street before the Honorable Kimberly J. Mueller. Jury selection will begin on November 10, 2025. The court will go dark for the Veteran's Day holiday on November 11, 2025, and resume on November 12, 2025, at 9:00 a.m.. The court expects trial to be concluded no later than November 21, 2025.

**TRIAL EXHIBITS**

No special handling of trial exhibits is necessary. The court will not retain exhibits pending appeal.

/////

**TRIAL PROTECTIVE ORDER**

No party has requested a trial protective order.

**PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS**

The parties shall file any proposed jury voir dire **seven days before trial**. Each party will be limited to ten minutes of jury voir dire.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions **fourteen days before trial**, identified as "Jury Instructions and Verdicts Without Objection." To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **fourteen days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a word document to kjmorders@caed.uscourts.gov no later than **fourteen days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **seven days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority. When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

**OBJECTIONS TO THIS ORDER AND CONCLUSION**

Each party is granted **fourteen days** from the date of this order to file objections to the same. If no objections are filed, the order will become final without further order of this court.

DATED: July 22, 2025.

UNITED STATES DISTRICT JUDGE

**ATTACHMENT A: PLAINTIFF'S WITNESS LIST**

The plaintiff's witnesses are the following:

1. Fredie Quair
2. Jose Quintero
3. Taylor Lopes
4. Neil Compston
5. John Silveira
6. Edward Sinclair
7. CA Dept of Justice Special Agent Chase Dobbins
8. California Highway Patrol Officer John Scomona
9. Gabriel Andrada
10. Dr. Lindita Coku
11. Dr. Ammon Rasmussen
12. Dr. Joseph Ford
13. Dr. Matthew Campbell
14. Dr. Nichole Atherton
15. Dr. Naeem Siddiqi
16. Robynn Weston
17. Kevin G. Little
18. Michelle L. Tostenrude
19. Curt Rothschiller

**ATTACHMENT B: COUNTY DEFENDANTS' WITNESS LIST**

1. Special Agent Aguirre (State of California Department of Justice)
2. Officer Carlos Andrade, #177 (Corcoran Police Department)
3. Gabriel Andrada
4. Communications Dispatch Supervisor Toni Barnes
5. Surenia Barriga
6. Commander Loren Bettencourt (Kings County Sheriff's Office (KCSO))
7. Commander Mark Bevens (KCSO)
8. Undersheriff Rick Bradford (KCSO)
9. Firefighter D. Bravo (Kings County Fire Department)
10. Sergeant Pedro Carrasco, #7 (Corcoran Police Department)
11. Clarence Chapman (retained expert)
12. Officer Steven Chee, #23 (Corcoran Police Department)
13. Special Agent Cisneros (State of California Department of Justice)
14. Lindita Coku, M.D.
15. Special Agent Neil Compston (State of California Department of Justice)
16. Officer Jared Cotta, #1472 (Hanford Police Department)
17. Scott Davis (American Ambulance)
18. Detective Raymond Dias #1473 (Hanford Police Department)
19. Officer Dieterle (Corcoran Police Department)
20. Laura Diez (American Ambulance)
21. Special Agent Chase Dobbins (State of California Department of Justice)
22. Phil Esbenshade (Kings County District Attorney's Office)
23. Detective Eric Essman, #1445 (KCSO)
24. Officer Nick Fishbough (California Highway Patrol)
25. Robert J. Fonzi (retained expert)
26. Daniel Fulks (American Ambulance)
27. Captain Gong (Kings County Fire Department)

28. Officer John Harris, #43 (Corcoran Police Department)
29. David Hernandez
30. Special Agent Johnson (State of California Department of Justice)
31. Assistant Chief Gary Kramer (Corcoran Police Department)
32. Sergeant Taylor Lopes (KCSO)
33. Detective Jessica Machado, #389 (KCSO)
34. Special Agent Nathan Mancebo (State of California Department of Justice)
35. Officer Dusty Manning (California Highway Patrol)
36. Detective Andrew Mazza (KCSO)
37. Robert McFarlane (retained expert)
38. Commander Armando Puga (KCSO)
39. Fredie Quair
40. Angel Gabriel Quintero
41. Jose Quintero
42. Officer Max Rapozo (Corcoran Police Department)
43. Officer Jimmy Roark, #117 (Corcoran Police Department)
44. Officer Garrett Robertshaw, #172 (Corcoran Police Department)
45. Special Agent Rodriguez (State of California Department of Justice)
46. Sheriff David Robinson (KCSO)
47. Officer John Scomona (California Highway Patrol)
48. Special Agent John Silveira (State of California Department of Justice)
49. Special Agent Edward Sinclair (State of California Department of Justice)
50. Officer Michael Szatmari (California Highway Patrol)
51. Undersheriff Robert Thayer (KCSO)

**ATTACHMENT C: STATE DEFENDANTS' WITNESS LIST**

1. Plaintiff Fredie Quair
2. Jose Quintero
3. Defendant Taylor Lopes
4. Defendant Neil Compston
5. Defendant John Silveira
6. Defendant Edward Sinclair
7. California Department of Justice Special Agent Chase Dobbins
8. California Department of Justice Special Agent Dean Johnston
9. California Department of Justice Special Agent Cisneros
10. California Department of Justice Special Agent Aguirre
11. California Department of Justice Special Agent Marcates
12. California Department of Justice Special Agent Rodriguez
13. California Department of Justice Special Agent Nathan Mancebo
14. California Highway Patrol Officer John Scomona
15. California Highway Patrol Officer Michael Szatmari
16. California Highway Patrol Officer Nick Fishbough
17. California Highway Patrol Officer Dusty Manning
18. Curt Rothschiller (Plaintiff's Police Practices Expert)
19. Gabriel Andrada
20. Clarence Chapman (County of Kings' Police Practices Expert)
21. Robert Fonzi (State defendants' Police Practices Expert)
22. Robert McGarlane (County of Kings' Forensic Video Expert)
23. Corcoran Police Department Assistant Chief Gary Kramer
24. Corcoran Police Department Sergeant Pedro Carrasco
25. Corcoran Police Department Officer Carlos Andrade
26. Corcoran Police Department Officer Steven Chee
27. Corcoran Police Department Officer Dieterle

| | | |
|---|---|---|
| 1 | 28. | Corcoran Police Department Officer John Harris |
| 2 | 29. | Corcoran Police Department Officer Max Rapozo |
| 3 | 30. | Corcoran Police Department Officer Jim Roark |
| 4 | 31. | Corcoran Police Department Officer Garrett Robershaw |
| 5 | 32. | Hanford Police Department Officer Jared Cotta |
| 6 | 33. | Hanford Police Department Detective Raymond Dias |
| 7 | 34. | Gabriel Andrada |
| 8 | 35. | David Hernandez |
| 9 | 36. | Angel Gabriel Quintero |
| 10 | 37. | Surenia Barriga |
| 11 | 38. | Communications Dispatcher Supervisor Toni Barnes |
| 12 | 39. | KCSO Commander Loren Bettencourt |
| 13 | 40. | KCSO Commander Mark Bevens |
| 14 | 41. | KCSO Commander Armando Puga |
| 15 | 42. | KCSO Undersheriff Rick Bradford |
| 16 | 43. | KCSO Detective Jessica Machada |
| 17 | 44. | KCSO Detective Andrew Mazza |
| 18 | 45. | KCSO Undersheriff Robert Thayer |
| 19 | 46. | Kings County Fire Department (KCFD) Firefighter Bravo |
| 20 | 47. | KCFD Captain Gong |
| 21 | 48. | American Ambulance employee Scott David |
| 22 | 49. | American Ambulance employee Daniel Fulks |
| 23 | 50. | American Ambulance employee Laura Diaz |
| 24 | 51. | Kings County District Attorney's Office Deputy District Attorney Phil Esbenshade |
| 25 | | |

**ATTACHMENT D: PLAINTIFF'S EXHIBIT LIST**

1. Video of Shooting
2. Video of Shooting: Magnified
3. Video of Shooting: Magnified and Played in Slow Motion
4. Stills from Video of Shooting
5. Photos of Quair's Injuries
6. Photos of Clothing
7. Photos of Guns, Bullets, and Casings
8. 3D FARO Scan of Scene
9. Photos of Defendants
10. Evidence Photos
11. Scene Photos
12. Photos of Nissan
13. Medical Records: Community Regional Medical Center
14. Medical Records: Wellpath Health Care at the Kings County Jail
15. Medical Records: Kaweah Delta Medical Center
16. Berbereia Complaint (1:16-cv-00363)
17. Berbereia Notice of Settlement
18. Kings County Board Action Summary
19. Crawley Complaint (1:13-cv-02042)

**ATTACHMENT E: COUNTY DEFENDANT'S EXHIBIT LIST**

1. Hanford Police Department Report No. H1903235 including all supplemental documents
2. KCSO Report No. 19K019976 including all supplemental documents
3. Corcoran Police Department Report No. C1901057 including all supplemental documents
4. State of California Department of Justice Bureau of Investigations Report No. 120, Investigation #BI-FR2018-00028
5. Audio recordings of interviews related to the above-identified investigations
6. Scene and evidence photos, including those taken at a time of service of the search warrant related to the subject incident, and medical treatment of Plaintiff
7. FARO Laser Scan data and screen shots
8. Dispatch audio recordings and call history related to subject incident
9. Audio and video recordings related to surveillance conducted during Operation Red Reaper
10. Audio recording of phone conversation between Plaintiff and Jose Quintero prior to the subject incident
11. CHP aerial video
12. Kaweah Delta Medical Center records regarding Plaintiff
13. June 17, 2020, letter from Kings County Assistant District Attorney Phil Esbenshade to Sheriff David Robinson re: District Attorney's Office investigation of subject incident
14. Kings County Sheriff's Office Policy and Procedure Manual
15. Log of Defendant Lopes' Lexipol training bulletins
16. Defendant Lopes' KCSO training records
17. Wellpath Health Care records regarding Plaintiff
18. Community Regional Medical Center records regarding Plaintiff
19. Operation Red Reaper criminal discovery records including but not limited to, report, audio and video recordings, photos and screenshots, search warrants and supporting affidavits, and arrest warrants

/////

20. County of Los Angeles Department of Medical Examiner Coroner Gunshot Residue Test Results

21. Kings County Jail records regarding Plaintiff including classification records, custody grievances, disciplinary actions, medical grievances, incident reports and Spillman notes

22. Kings County Superior Court records regarding criminal prosecution of Plaintiff, Jose Quintero, Jr., and/or David Hernandez to include arrest and search warrants, search warrant returns, pleadings, sentencing records and reports

23. Arrest warrants for Plaintiff and Jose Quintero

24. Search Warrants and Affidavits for 1155 Summer Field Court, Hanford CA, and 214 South Street, Hanford, California

25. All exhibits identified by other parties to this action

**ATTACHMENT F: STATE DEFENDANT'S EXHIBIT LIST**

1. Aerial Surveillance Video of the Incident taken by the California Highway Patrol (Aerial Surveillance Video)
2. Enlarged portions and excerpts of the Aerial Surveillance Video
3. Still images (including enlarged still images) from the Aerial Surveillance Video
4. Map/Diagram of location of incident
5. Kings County Superior Court Records for case No. 19CV-2965A, *People of the State of California v. Fredie Ralph Quair, Jr.*
6. Corcoran Police Department Records for Case No. C1901057
7. Wiretap recordings created during Operation Red Reaper relating to Plaintiff Fredie Quair, Jr.
8. Medical test records from Kaweah Delta Medical Center
9. Arrest warrant dated June 10, 2019, and supporting affidavit, for Plaintiff Fredie Quair, Jr.
10. Arrest warrant dated June 10, 2019, and supporting affidavit, for Jose Quintero, Jr.
11. Recording of interview of Jose Juan Quintero, Jr. following incident
12. June 19, 2019, audio recording of interview with Gabriel Andrada
13. FARO Scan of scene of incident
14. Photographs of the incident scene and evidence
15. Surveillance records of Plaintiff obtained during Operation Red Reaper, including audio and video recordings taken during the Operation
16. Plaintiff's Responses to Discovery
17. Transcribed interview of Gabriel Andrada taken in connection with Kings County Sheriff's Department Incident 19K019976
18. Hanford Police Department Report for Case No. H1903235
19. Kings County Sheriff's Office Report No. 19K019976, with attachments
20. Kings County District Attorney's Office Report regarding Officer Discharge of a Firearm, dated June 17, 2020

/////

21. State of California, Department of Justice, Bureau of Investigations, Report No. 120 for investigation BI-FR2018-00028
22. Dispatch audio recordings and call history relating to the underlying incident
23. Audio recording(s) of phone conversation(s) between Plaintiff and Jose Quintero prior to the subject incident
24. California Department of Justice Policies and Procedures
25. Operation Red Reaper criminal discovery records including (but not limited to) reports prepared during the Operation, audio and video recordings, photos and screenshots, search warrants and supporting affidavits, and arrest warrants
26. County of Los Angeles Department of Medical Examiner Coroner Gunshot residue Test Results
27. Kings County Superior Court records regarding criminal prosecution of Plaintiff, Jose Quintero, Jr., and/or David Hernandez to include arrest and search warrants, search warrant returns, pleadings, sentencing records and reports.
28. Search Warrants and Affidavits for 1155 Summer Field Court, Hanford CA and 214 South Street, Hanford, California
29. Kings County District Attorney's Office Report regarding investigation into subject incident
30. Any and all exhibits identified by any other party to this action not otherwise identified herein