**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff Freddie Quair*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Freddie Quair<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>County of Kings, et al.,<br><br>　　　　　Defendants. | 1:20−CV−01793−KJM−SKO<br>*Hon. Judge Mueller*<br>*Hon. Magistrate Judge Oberto*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE AND PREVENT TESTIMONY BY WITNESSES WHO INVOKED THE FIFTH AMENDMENT PRIVILEGE DURING DISCOVERY**<br><br>Trial Date: November 10, 2025<br>Action Filed: December 21, 2020 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants' Motion in Limine (Dkt. 84) seeks to exclude testimony and evidence on the ground that Plaintiff Freddie Quair previously invoked his Fifth Amendment privilege during discovery. Plaintiff only invoked his Fifth Amendment privilege with regards to a limited set of questions regarding: (1) his alleged gang affiliation and associations; (2) his alleged possession, use, and trafficking of firearms prior to the incident; and (3) his alleged participation in the armed home invasion robbery the night before the incident.

These subjects are irrelevant to the issues in this case and should be excluded entirely for several reasons.[1]

First, the central question for this trial is whether Defendants' use of force against Plaintiff was reasonable under the Fourth Amendment. Information unknown to the officer at the time of the shooting is irrelevant to the constitutional inquiry, because the officers' conduct is judged based on what a reasonable officer would do under the circumstances. The jury's task is to evaluate the reasonableness of the force based only on what the officers knew or reasonably believed during the encounter—not what may have been discovered later.

Second, introducing details unknown to the officers related to Plaintiff's alleged gang involvemenet and prior criminal conduct would be highly prejudicial and risk shifting the jury's attention away from the central question of the officers' conduct. It would improperly invite the jury to judge the case based on alleged past acts or associations rather than on the circumstances of the shooting from the officers' perspective.

---

[1] Plaintiff will argue this point at greater length in a motion in limine which the Court has ordered to be filed on or before October 27, 2025.

2

Third, litigating the truth or falsity of those allegations would create mini-trials within the trial, requiring testimony and evidence about collateral matters that are not only irrelevant but would also confuse the issues and waste time.

Finally, admitting such evidence would run afoul of Federal Rule of Evidence 404(b)'s prohibition on using alleged prior acts to show character or propensity. Allowing Defendants to bring in details of prior bad acts would effectively enable them to argue that because Plaintiff allegedly engaged in unlawful or violent conduct in the past, he was more likely to act violently during the incident. This is precisely the type of improper character reasoning the rules of evidence forbid.

For these reasons, the Court should deny Defendants' motion.

## II. ARGUMENT

### A. Plaintiff is Not Using the Fifth Amendment as a Sword, as Defendants Allege

Defendants argue at great length that Plaintiff is using the Fifth Amendment as a sword and a shield. But that is not the case. Plaintiff invoked his Fifth Amendment privilege only as to narrow categories of questions concerning alleged gang affiliation, alleged prior firearm possession or trafficking, and alleged involvement in an armed robbery the night before the incident. Plaintiff does not intend to testify at trial regarding any of these subjects, and his attorneys do not intend to ask questions on those topics.

Defendants' suggestion that Plaintiff is trying to gain an unfair advantage is unfounded. Whether Plaintiff had invoked the privilege or not, the same arguments for exclusion would apply: the evidence is irrelevant, unduly prejudicial, confusing, and inadmissible character evidence, as explained below. The fact that Plaintiff invoked the Fifth Amendment during discovery does not open the door to admitting otherwise inadmissible evidence, nor does it prejudice Defendants in presenting their defense.

### B. The Evidence at Issue Is Irrelevant and Should Be Excluded Under Federal Rules of Evidence 401 and 402

Federal Rule of Evidence 401 defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than if would be without the evidence. Fourth Amendment claims for excessive force depend on "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396. Accordingly, facts of which officers were unaware "are irrelevant to the reasonableness analysis," *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1123 n.4, and may not be considered. *Glenn v. Wash. Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways.").

Defendants' should not be permitted to introduce evidence beyond what they knew at the time of the shooting regarding Plaintiff's alleged gang affiliation, criminal conduct the night before the incident, or details of an alleged armed robbery. The constitutional question in this case is whether the officers' use of force was reasonable under the Fourth Amendment, which is evaluated solely by reference to what the officers knew or reasonably believed at the time force was used. Evidence of conduct or allegations unknown to the officers cannot shed light on that question and is therefore irrelevant. *See Dunivin v. Cnty. of Riverside*, EDCV 21-0040 JGB (DTBx), 2024 WL 3468785, at *6 (C.D. Cal. June 14, 2024) ("The Court agrees with Plaintiff that evidence of his criminal history is irrelevant and prejudicial as to the question of liability . . . ."); *Tucker v. Cnty. of Riverside*,

4

EDCV 16-2274 JGB (DTBx), 2018 WL 6074550, at *2-4 (C.D. Cal. Oct. 4, 2018) (excluding criminal history information unknown to officers).

Accordingly, any evidence unknown to the officers at the time force was used is irrelevant and should be excluded.

### C. Evidence of Criminal History or Other Alleged Prior Conduct Is Inadmissible Under Federal Rule of Evidence 403

Even assuming that this evidence had some minimal relevance, it should also be excluded under Federal Rule of Evidence 403 because it is unfairly prejudicial, confusing, and would waste time. Rule 403 requires exclusion even of relevant evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *see Larez v. City of Los Angeles*, 946 F.2d 630, 641 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses).

#### 1. Unfair Prejudice

The introduction of alleged gang involvement and criminal activity beyond what was known to the officers would create a risk of the jury punishing Plaintiff for his alleged conduct before the incident rather than deciding whether Defendants' use of force was reasonable based on what they knew at the time. This danger of unfair prejudice is precisely the type contemplated by Rule 403—the risk that evidence will lure the factfinder into deciding the case on an improper basis. *See Tucker*, 2018 WL 6074550, at *4 (holding criminal history not known to defendant officers was inadmissible under FRE 403, given that its "minimal probative value is substantially outweighed by the highly prejudicial nature of … an arrest for battering a teacher").

5

Evidence of alleged intoxication that was unknown to the officers likewise has significant potential to unjustly inflame a jury's passions and prejudices against Plaintiff. *See Gregory v. Oliver*, 2003 WL 1860270 at *2 (N.D. Ill. Apr. 9, 2003) (granting motion *in limine* to exclude drug evidence officers discovered after use of force as irrelevant and unduly prejudicial under FRE 403).

    2.    <u>Confusing the Issues and Wasting Time</u>

Admission of the foregoing evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (en banc); *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). The jury's focus must remain on the officers' actions during the encounter at issue. Allowing evidence about whether Plaintiff committed an armed robbery or had gang ties would confuse the jury into focusing on Plaintiff's conduct the night before, instead of the central question—whether the officers' use of force was reasonable given what they knew.

Furthermore, permitting inquiry into the alleged home invasion or other collateral conduct would require numerous witnesses, documents, and potentially extended mini-trials on tangential matters. This would waste judicial resources and risk turning this case into a trial within a trial on issues that have no bearing on the constitutional question before the jury.

    **D.**    **Evidence of Prior Alleged Misconduct Is Inadmissible Character Evidence Under Federal Rule of Evidence 404(b)**

Under Federal Rule of Evidence 404(b), "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Under Rule 404, evidence of Plaintiff's alleged gang involvement and alleged prior criminal activity cannot be used to show that he acted in conformity with some general poor character during the incident.

Ninth Circuit case law is clear that character evidence is not normally admissible in a civil rights case. *See Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza-Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). But character is not an essential element to any claim or defense to be tried in this case. For example, testimony or evidence regarding information gathered after the incident relating to any unknown criminal history or gang affiliation poses a danger that the jury will (1) improperly infer that the Defendant officers knew this information at the time of the shooting, (2) improperly infer that Plaintiff had the propensity to engage in criminal or inappropriate conduct, and (3) reach a verdict that does not reflect the circumstances the Defendant officers faced during the incident.

Plaintiff anticipates that Defendants will seek to use this unknown information as evidence of a propensity for chaotic or lawless behavior. "Corroborating" evidence is propensity evidence. *See Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) (excluding "any circumstantial evidence that requires an inference of a person's character to make it relevant"). Admission of this unknown information would serve little purpose other than to tarnish Plaintiff's character and pollute the jury against him. See Adv. Comm. Notes, Fed. R. Evid. 405 (stating specific instances of conduct "possess the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time"). Accordingly, this evidence should further be excluded under FRE 404.

### III. CONCLUSION

Defendants seek to prevent Plaintiff from testifying at trial regarding topics on which he invoked the Fifth Amendment and to invite the jury to draw an adverse inference from that invocation. But those topics—concerning alleged gang affiliation, alleged prior firearm possession, and alleged participation in an armed

robbery—are irrelevant to the constitutional inquiry at issue in this case. Introducing any evidence on those topics, beyond evidence that is relevant to what the officers knew at the time of the incident, would be unduly prejudicial, confusing, and constitute inadmissible character evidence. Because these categories of information have no place in this trial, the questions should not be asked in the first place, and no adverse inference is warranted. For these reasons, Defendants' motion should be denied in its entirety.

Dated: August 20, 2025        **LAW OFFICES OF DALE K. GALIPO**

By:   /s/   Cooper Alison-Mayne
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiff Freddie Quair*