Rob Bonta, State Bar No. 202668
Attorney General of California
Norman D. Morrison, State Bar No. 212090
Supervising Deputy Attorney General
 2550 Mariposa Mall, Room 5090
 Fresno, CA 93721-2271
 Telephone: (559) 705-2304
 Fax: (559) 445-5106
 E-mail: Norman.Morrison@doj.ca.gov
*Attorneys for Defendants Neil Compston,
John Silveira and Edward Sinclair*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **FREDDIE QUAIR,**<br><br>Plaintiff,<br><br>v.<br><br>**COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,**<br><br>Defendants. | Case No.: 1:20-CV-01793-KJM-SKO<br><br>**DECLARATION OF SUPERVISING DEPUTY ATTORNEY GENERAL NORMAN D. MORRISON IV IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION FOR CONTINUANCE OF TRIAL DUE TO PARTY AND WITNESS UNAVAILABILITY AND ISSUES RELATING TO THE SHUTDOWN OF THE FEDERAL GOVERNMENT**<br><br>Trial Date: November 10, 2025<br>Action Filed: December 21, 2020 |

I, Norman D. Morrison IV, do hereby declare as follow:

    1.    I am employed by the State of California Department of Justice, Office of the Attorney General, as a Supervising Deputy Attorney General. I am counsel of record for Defendants Neil Compston, John Silveira and Edward Sinclair in this case. I am aware of the facts identified herein, and if called to testify I could and would testify accurate to them. This

1

Declaration of Sup. Dep. Atty Gen. Norman D. Morrison IV In Support of Defendants' Ex Parte Application for
Continuance of Trial Date Due to Unavailability of Party and Issues Relating to the Current Federal Government
Shutdown  (1:20-CV-01793-KJM-SKO)

1  Declaration is made in support of the Defendants' Application for a Continuance of the
2  November 10, 2025, trial date in this case.

3      2.    This lawsuit arises out of a shooting that occurred during the early morning hours
4  on June 18, 2019, on a road next to State Route 43 near Hanford, California. Prior to this incident,
5  Plaintiff Freddie Quair, Jr. had been under surveillance for multiple months as part of a joint
6  Federal, State and local task force known as "Operation Red Reaper" that was investigating the
7  Nuestra Familia criminal organization and the Norteño street gangs in the Kings and Tulare
8  County region. As one of the targets of Operation Red Reaper, Plaintiff was the subject of a
9  combination of video, audio, and electronic surveillance over a period of months performed by
10 the Defendants. This included wiretaps of phone numbers used by Plaintiff and his criminal
11 associates, including Jose Quintero. The months-long surveillance captured evidence of Plaintiff
12 engaging in the trafficking of illegal firearms with other criminals, the sales of narcotics, and the
13 discussion of various criminal activities relating to the Norteños and Nuestra Familia.

14     3.    Since the Defendants' Motion for Summary Judgment was filed, each of the State
15 Defendants retired, one eyewitness to the incident moved out of the State of California, and
16 another participant in the underlying events (as well as a party to the armed home invasion
17 robbery preceding the incident) has been incarcerated.

18     4.    In connection with the July 2025 trial conference, the parties attempted to identify
19 dates that they and/or their clients had conflicts between August and December 2025. I noted
20 during these meetings that my clients would be traveling during portions of these periods and
21 unavailable. The Court subsequently set a trial date of November 10, 2025, on its own initiative
22 and order.

23     5.    When the Court established the November 10, 2025, trial date, one of my clients,
24 Defendant Silveira, had been scheduled to be out of the country on pre-paid travel plans. I was
25 told that Mr. Silveira believed he would be returning to the United States late on November 11 or
26 12, and therefore we determined that a day or two absence at the beginning of the case, when the
27 parties and the Court would be handling pre-trial matters and rulings, would be acceptable as Mr.
28 Silveira would be available for the remainder of the trial. Mr. Silveira will also be leaving the

1   United States for his travel prior to the end of October.

2        6.      Within the last few days, I was notified by Mr. Silveira that his travel plans had
3   been changed without his knowledge, and he had been told he would not be returning to the
4   United States until near the last scheduled day of trial in this case. I had not been advised of the
5   change in Mr. Silveira's unavailability, and he advised me that he had not only recently learned of
6   the changed travel plans and his unavailability as well. Accordingly, Mr. Silveira will be
7   unavailable for trial in this case.

8        7.      After I first learned of Mr. Silveira's actual unavailability, I immediately
9   contacted co-Defendants County of Kings and Sergeant Taylor Lopes' counsel, Matthew Bunting,
10  and discussed the issue and our intent to bring an ex parte motion to continue the trial. Mr.
11  Bunting advised me that the County of Kings Defendants did not oppose our request, and were
12  willing to stipulate to a continuance.

13       8.      I also contacted Cooper Mayne, one of Plaintiff's counsel of record in this case on
14  Wednesday, October 15, 2025, and explained the facts and our intent to seek an ex parte
15  continuance of the trial. Later that day Mr. Mayne responded, advising that Plaintiff would not
16  agree to a continuance because it was Mr. Silveira's choice to proceed with his pre-paid travel
17  plans, and he could simply arrange for an earlier flight back if he desired.

18       9.      No inconvenience in continuing the trial date will result to the Plaintiff. Plaintiff is
19  currently incarcerated in the custody of the California Department of Corrections and
20  Rehabilitation, following his entry of a plea of guilty to various felony charges, including charges
21  of attempted murder relating to the underlying armed home invasion that preceded this incident.
22  Plaintiff was admitted to the custody of the CDCR on January 19, 2023, and his earliest parole
23  eligibility date is currently April 2032, however the State understands this date may be extended
24  due to Plaintiff's plea to additional recent felony convictions for assault with a deadly weapon
25  while incarcerated.

26       10.     In his October 15, 2025, response to me, Mr. Mayne also sent me a settlement
27  demand from Plaintiff for this case. This is the first specific settlement demand made by Plaintiff
28  the State Defendants are aware of in this case.

3

11. In order for the State Defendants to consider, evaluate, and respond to this demand – and engage in any form of meaningful settlement discussions – a number of preliminary steps must be completed, and the settlement demand and accompanying analysis and recommendations must be reviewed and evaluated by various State officials.

12. There is insufficient time to complete these steps, and engage in any form of meaningful settlement discussions, prior to the currently-set November 10, 2025, trial date.

13. The State Defendants have also been advised that a separate settlement demand was also recently made to the County of Kings and Sergeant Lopes. It is expected that a continuance would be needed for similar reasons to allow the County Defendants to review and evaluate the settlement demand, meet with their clients (including the County of Kings Board of Supervisors) in order to discuss the settlement demand and obtain any settlement authority, and then engage in settlement discussion through mediation or some other process – especially as any discussions with the Board of Supervisors must take place pursuant to the specific advance notice and hearing requirements imposed by California law.

14. Ex parte relief is necessary in this case because a formal motion for a continuance cannot be heard and decided within a sufficient period of time in advance of the trial date. The Court advised that the next available hearing date for a normally noticed motion would be November 6, 2025; however, that is two business days prior to the November 10, 2025, trial date set by this Court. Additionally, Mr. Silveira would already be out of the country at that time, and it is believed that he would be unable to arrange any return plans following a hearing on that date that would allow him to meaningfully appear and participate in the trial in this case.

15. As noted herein, following receipt of the actual dates of Mr. Silveira's unavailability this week, I contacted both Co-Defendants and Plaintiff's counsel of record to see if they would be willing to agree to a stipulation for the issuance of an order continuing the trial date. Although Co-Defendants' counsel agreed, Plaintiff's counsel refused to agree to a stipulation, thereby requiring the need to seek *ex parte* relief.

16. In the absence of ex parte relief continuing the trial date, Mr. Silveira will be significantly and irreparably prejudiced in connection with this case. He will be unable to testify

at trial, he will be unable to assist Defendants' trial counsel with their defense of the case, he will be unable to explain his actions, what he observed and heard during the incident, the reasons for his actions, what he saw Plaintiff do and say, his knowledge and understanding of the Plaintiff's background and facts relating to the Plaintiff (which are a fundamental element of any excessive use of force claim under Ninth Circuit and Supreme Court precedence), and other key information. Additionally, the jury will be unable to observe and evaluate Mr. Silveira during the trial and form their opinions and conclusions regarding Mr. Silveira. Conversely, there will be little to no prejudice to the Plaintiff, as Plaintiff's sole claim is for damages which is a matter that can be addressed and resolved through a future trial date.

17. There will be minimal prejudice or impact anticipated upon the District Court should the trial date be continued. The deadline for discovery and dispositive motions has passed, and the Parties are currently working on their remaining pre-trial motions which will be due shortly. Due to the current shutdown of the Federal government, which appears to be unlikely to be resolved anytime soon, continuing the trial date will also allow the parties to have a trial date after the Federal government has resumed full operations, thereby avoiding significant expenses that could otherwise be incurred.

18. Prior to filing this motion, I considered whether it would be possible for the trial to continue and for Mr. Silveira to appear remotely for his testimony. Based upon my experience, and the location, distance, time differences, technological concerns, and other factors, I do not believe that it is feasible for Mr. Silveira to appear remotely during the scheduled trial. Additionally, even if Mr. Silveira were to appear remotely, he would be unable to assist me with his defense during the trial in this case as he would not be present for the entire proceeding, could not meet with me to discuss case related issues during breaks or outside of his remote appearances, and he would not be present or able to hear testimony from other witnesses. Additionally, a remote appearance would not allow Mr. Silveira to review and respond to exhibits, engage in any physical re-enactments or demonstrations that may be requested of him, or to otherwise engage in the full range of activities and responses expected of a participant in trial. This factor also supports issuance of the relief requested.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 17th day of October, 2025, in Fresno, California.

_____
Norman D. Morrison IV

6

Declaration of Sup. Dep. Atty Gen. Norman D. Morrison IV In Support of Defendants' Ex Parte Application for Continuance of Trial Date Due to Unavailability of Party and Issues Relating to the Current Federal Government Shutdown  (1:20-CV-01793-KJM-SKO)