**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

LAW OFFICE OF DARRELL J. YORK
Darrell J. York (SBN 145601)
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: (661) 362-0828
Fax:     (877) 221-3306
Email:  djylaw@gmail.com

*Attorneys for Plaintiff, Freddie Quair*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE QUAIR,<br><br>                   Plaintiff,<br><br>vs.<br><br>COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,<br><br>                   Defendants | CASE No.: **1:20−CV−01793−KJM−SKO**<br><br>[*Honorable Kimberly J. Mueller.*]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE MOTION TO CONTINUE TRIAL DATE**<br><br>Jury Trial: November 10, 2025<br>Time: 9:00am<br>Courtroom: Three |

On July 24, 2025, the Court issued a Final Pretrial Order setting trial for November 10, 2025. (ECF No. 83.) The Court granted the parties fourteen days to object to to the Final Pretrial Order and stated that "[i]f no objections are filed, the order will become final without further order of this court." (*Id*. at 10.) No objections were filed.

1    Now, less than 3 weeks before trial and nearly three months after a trial date
2    was set in this case, the California Attorney General's office files an emergency
3    Motion to Continue the Trial Date because Defendant Silveira is on vacation in
4    Europe during the trial. They also claim the trial must be moved due to the federal
5    government's ongoing budget impasse.

6    Neither argument withstands scrutiny. If a party could avoid trial by taking a
7    trip to Europe, there would not be many trials. And the argument regarding the
8    government shutdown is speculative; the Court clerk has emailed parties as recently
9    as November 10, 2025 that the trial is going forward and that "the court and its staff
10   are diligently working to prepare for your upcoming trial, which includes working
11   on weekends."

12   The motion is also procedurally deficient because it is filed on an ex parte
13   basis and the emergency is entirely the Defendants fault.

14   **A.    Ex Parte Relief Not Permitted to Parties Who Create Their Own**
15   **Emergency**

16   "The party seeking ex parte relief must show that his case will be "irreparably
17   prejudiced if the underlying motion is heard according to regular noticed motion
18   procedures[;]" and "that the moving party is without fault in creating the crisis that
19   requires ex parte relief, or that the crisis occurred as a result of excusable neglect."
20   *Contreras v. Broomfield*, No. 119CV01523AWISAB, 2022 WL 17904396, at *2
21   (E.D. Cal. Dec. 23, 2022) (quoting *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883
22   F. Supp. 488, 492 (C.D. Cal. 1995)). Here, the moving party admits that its lack of
23   diligence in ascertaining Defendant Silveira's travel schedule is what necessitates
24   this emergency order. The motion can be denied on this ground alone, without
25   reaching the merits.

26   This Court's July 24, 2025, Pretrial Order set trial to begin on November 10,
27   2025. Defendants had fourteen days to object to any of the deadlines established in
28

that order. In the months that followed, they also had ample time to file a regularly noticed motion.

Defendants now characterize their filing as an "emergency motion" based on the recent realization that Defendant Silveira will be on vacation in Europe during the trial. Yet they concede that they have known about this trip for months and were simply mistaken about the date of his return. Indeed, they admit that the trip was scheduled before the Pretrial Order issued. Accordingly, they could have raised this issue within the fourteen-day objection period provided by the Court, or they could have filed a regularly noticed motion if they had simply confirmed their client's availability for trial. Their failure to do so reflects a lack of diligence and does not justify the use of an emergency motion at this stage. *Hernandez v. Adidas Am. Inc.*, No. 2:23-CV-02671-DJC-AC, 2024 WL 2801543, at *1 (E.D. Cal. May 31, 2024) (denying ex parte relief where the plaintiff's counsel's lack of diligence created the need for an emergency motion); *Long Beach Unified Sch. Dist. v. Santa Catalina Island Co.*, No. 2:19-CV-01139-MEMF-AS, 2024 WL 4800679, at *1 (C.D. Cal. Jan. 4, 2024) (moving party not entitled to ex parte relief because they were partially at fault for failing to file a timely motion to move the trial date because their expert witness had a conflict with the trial date because he was scheduled to be on a cruise.)

Additionally, Defendants argue that "[s]ince the [their] Motion for Summary Judgment was filed, each of the State Defendants has retired, one eyewitness to the incident has moved out of the State of California, and another participant in the underlying events (as well as a party to the armed home invasion robbery preceding the incident) has been incarcerated." (Motion at 6.) The Motion for Summary Judgment was filed September 10, 2022, *more than three years ago*. The fact that they did not bother to keep track of their witnesses over three years and are apparently surprised that some of their circumstances have changed is entirely their fault and does not justify an ex parte motion.

For these reasons, the motion can be denied on the threshold issue for failure to establish entitlement to use ex parte procedures in lieu of a regularly noticed motion or timely objection to the Pretrial Order. *See Erichsen v. Cty. of Orange*, 677 F. App'x 379, 380 (9th Cir. 2017) (affirming determination that moving parties failed to meet the "threshold requirement" for ex parte relief because "they did not establish they were 'without fault in creating the crisis that requires ex parte relief'"); *Manpower Inc. v. Slingshot Connections LLC*, No. 2:12-CV-01069 JAM, 2012 WL 3561974, at *2 (E.D. Cal. Aug. 17, 2012) (denied ex parte relief where moving party was "partly to blame" for perceived emergency).

### B.   Defendants Fail to Show Good Cause and Diligencey to Justify a Continuance

Even if the Court were to reach the merits, Defendants' application fails to establish good cause for continuing the trial because the record demonstrates a lack of diligence on their behalf.

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A party seeking to modify the schedule must show good cause and diligence in meeting Federal Rule of Civil Procedure 16's requirements. *See* Fed. R. Civ. P. 16 advisory committee notes (1983 amendment); *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (Rule 16(b)'s "good cause" standard focuses on the diligence of the party seeking modification of the scheduling order). "A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order. *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)); *Johnson*, 975 F.2d at 609. "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 875 F.2d at 609. "[T]he existence or degree of prejudice to the party opposing the

modification might supply additional reasons to deny a motion" to modify a scheduling order. *Id.* However, "[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic,* 302 F.3d at 1087 (citation omitted); *see also Johnson,* 975 F.2d at 609.

Defendant Silveira has known about the trial date since July 2025 and was aware that there were two weeks to object to the Pretrial Order setting that date. *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141–42 (9th Cir. 1989) (clients are "considered to have notice of all facts known to their lawyer-agent"). His decision not to verify his travel schedule until three months later is the very definition of "carelessness" and lack of diligence, and the Court's inquiry should end there. *Johnson*, 875 F.2d at 609; *Zivkovic,* 302 F.3d at 1087.

Moreover, Defendants overstate the prejudice of proceeding without Silveira in person. He can testify remotely, and if he truly wishes to attend the trial, he can easily adjust his travel plans.

Granting a continuance at this late stage would also unfairly prejudice Plaintiff and burden the Court. Plaintiff's counsel has already cleared their calendars to prepare for and try this case, rescheduled depositions and other commitments, and made logistical arrangements to have the Plaintiff, who is currently incarcerated, appear in person for trial. Resetting the trial would cause significant disruption, increased cost, and lost time that cannot be recouped. The Court, too, has allocated valuable judicial resources for a firm November trial date, and rescheduling would inconvenience not only the parties but also witnesses and court staff.

For all these reasons, Defendants have failed to demonstrate good cause and diligence. Therefore, their motion should be denied.

### C. The Government Shutdown Does Not Provide a Legitimate Basis for Continuance

Defendants' reliance on the ongoing federal government shutdown is equally misplaced. Federal courts have continued to operate through previous shutdowns

with minimal disruption, and there is no indication that this District intends to suspend jury trials or other proceedings as a result of current budget conditions. The Court clerk sent counsel an email on November 10, 2025, ten days after the government "shutdown" began, which stated that the trial is going forward and that "[t]he court and its staff are diligently working to prepare for your upcoming trial, which includes working on weekends." Defendants unsubstantiated concern that the trial will not be able to go forward does not establish "good cause" under Rule 16.

### D. Witness Availability and Logistical Issues Were Foreseeable

Defendants' additional claims of witness relocation, incarceration, and logistical difficulties likewise fail to show diligence. A party cannot sit on its hands for several years and then weeks before trial raise logistical inconvenience as a basis to delay trial.

### E. The Timing of Plaintiff's Settlement Demand Does Not Constitute Good Cause

Finally, Defendants' suggestion that the trial should be postponed to allow additional time to evaluate a recent settlement demand is not a good reason to continue the trial. Parties routinely receive and evaluate settlement communications while preparing for trial. The timing of such discussions does not excuse compliance with the Court's scheduling order.

## CONCLUSION

For the reasons set forth above, this Court should deny Defendants' *ex parte* application.

Dated: October 20, 2025

By: /s/ *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
Attorneys for Plaintiff