UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Freddie Quair, | No. 1:20-cv-01793-KJM-SKO |
| Plaintiff, | ORDER |
| v. | |
| County of Kings, et al., | |
| Defendants. | |

Defendants Neil Compston, John Silveira and Edward Sinclair apply ex parte to continue the trial in this matter. ECF No. 92. Plaintiff opposes. ECF No. 93. As explained in this order, the ex parte application is **denied**.

Plaintiff Freddie Quair is pursuing civil rights claims for injuries he sustained during a traffic stop. The court held a final pretrial conference on July 7, 2025. Mins., ECF No. 72. The court instructed the parties to confer with the courtroom deputy regarding their availability for trial, *see id.*, and issued a final pretrial order on July 24, 2025. ECF No. 83. In the final pretrial order, the court set the trial to begin on November 10, 2025. *Id.* The court permitted objections within fourteen days and warned that if no objections were filed, the order would become final without further order. *Id.* at 10. No party filed objections, the trial date thus was confirmed, and the court has begun preparing for trial. More than two months later, on October 17, 2025, with the first day of trial about three to four weeks away, defendants Compston, Silveira and Sinclair

1

filed the pending ex parte application.  They ask to continue the trial for approximately 60 to 90 days.  They offer four reasons for their request.

First, defense counsel avers he recently learned that defendant Silveira will be out of the country "during nearly the entirely of the currently scheduled trial."  Mot. at 3 (citing Morrison Decl. ¶ 6, ECF No. 92-1).  Defense counsel represents Silveira himself did not know "until recently" that he would not be available.  *Id.* (citing Morrison Decl. ¶ 6).  Counsel did not submit a declaration from Silveira himself.  Counsel does not explain in his declaration where Silveira is, what he is doing, when and why his travel plans changed, nor what the consequences would be if Silveira were required to change his plans once more to ensure he could attend the trial, aside from the loss of unspecified costs.  *See* Morrison Decl. ¶¶ 5–6.  Plaintiffs' counsel claims without contradiction that Silveira is on vacation in Europe.  *See* Opp'n at 2.

Second, defense counsel "requests a continuance due to the uncertainties created by the current Federal Government shutdown."  Ex Parte App. at 4.  Counsel believes "it is uncertain whether trial will proceed as previously scheduled, whether funds will be available to pay jurors for their service, and whether the Court will be able to proceed as currently scheduled."  *Id.*

Third, defense counsel argues it will be costly and inconvenient to hold a trial because plaintiff is incarcerated, because "each of the State Defendants [i.e., the three officers requesting ex parte to continue the trial] has retired," because "one eyewitness to the incident has moved out of the State of California," and because "another participant in the underlying events . . . has been incarcerated."  *Id.* at 3.

Fourth, defense counsel argues a continuance will "give the parties time to explore and consider the possibility of settlement."  *Id.* at 12.

The legal standards that apply to ex parte applications for emergency relief are well established.  As this court summarized a few years ago, ex parte applications for emergency relief are normally denied unless "the moving party is without fault in creating the crisis that requires ex parte relief" or "the crisis occurred as a result of excusable neglect."  *California Chamber of Com. v. Bonta*, No. 19-2019, 2021 WL 2109639, at *3 (E.D. Cal. May 25, 2021) (quoting *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).  "A party

who claims its neglect was excusable must normally show that is the case under the four factors the Supreme Court described in *Pioneer Investor Services, Co. v. Brunswick Associates, Ltd.*: the length of the delay and its potential impact on the proceedings, the reason for the delay, the danger of prejudice, and whether the movant acted in good faith." *Id.* (citing 507 U.S. 380, 395 (1993)).

The Federal Rules of Civil Procedure impose similar requirements on requests to change a final pretrial order. Under Rule 16, after a court holds a final pretrial conference and issues a final pretrial scheduling order, the court may modify that order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). It is the party requesting the modification who has the burden to show modification is necessary to prevent manifest injustice. *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005). The district court "should consider four factors: (1) the degree of prejudice or surprise to the [other party] if the order is modified; (2) the ability of the [other party] to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification." *Id.*

Defendants have not shown they are entitled to relief under these standards. Counsel's vague statements about defendant Silveira's travel plans do not permit the court to find Silveira and his counsel are "without fault," nor that this is a case of "excusable neglect." It is unclear what Silveira's plans are, why they changed, when, or why. The danger of prejudice and disruption, by contrast, is perfectly clear. The court scheduled the trial three months ago, and there was no objection. The first day of trial is now only a few weeks away. A two- or three-month delay would further postpone the adjudication of this nearly five-year-old case, and it would prevent this court from conducting the trial efficiently given the preparations it already has made. The court will not delay the trial at the last minute in response to vague, second-hand claims about last-minute changes in a party's travel plans, with no apparent recognition of the binding nature of the court's final pretrial order once the objection period passed.

Defendants' remaining reasons also do not justify a continuance. The court and its staff will be prepared to conduct a trial as scheduled, regardless of any "shutdown." Federal courts are essential within our constitutional republic, and this federal court is taking steps to ensure the

court's full functioning notwithstanding delays in the ability to expend certain federal funds. Defendants have not shown a continuation of trial of this matter will avoid any of the other costs and inconvenience they cite, which the parties are likely to incur no matter when the trial begins. Counsel also has not explained why the parties cannot continue any settlement negotiations in which they may be engaged on a parallel track while preparing for and, absent settlement, conducting the trial.

The ex parte application (ECF No. 92) is **denied**.

IT IS SO ORDERED.

DATED: October 21, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE