**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

LAW OFFICE OF DARRELL J. YORK
Darrell J. York (SBN 145601)
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: (661) 362-0828
Fax:     (877) 221-3306
Email:  djylaw@gmail.com

*Attorneys for Plaintiff, Freddie Quair*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE QUAIR,<br><br>                 Plaintiff,<br><br>vs.<br><br>COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,<br><br>                 Defendants | CASE No.: **1:20−CV−01793−KJM−SKO**<br><br>[*Honorable Kimberly J. Mueller.*]<br><br>**PLAINTIFF'S PROPOSED ADDITIONAL JURY INSTRUCTIONS**<br><br>Jury Trial: 11/10/25<br>Time: 9:00am<br>Courtroom: Three |

**PLEASE TAKE NOTICE** that Plaintiff hereby submits his Proposed Additional Jury Instructions for the trial of this matter. The parties met and conferred regarding jury instructions on October 24, 2025. Unfortunately, the parties were unable to reach agreement on the instructions. Although Plaintiff's proposed instructions related to the Fourth Amendment are based on the Ninth Circuit Court of Appeals model instructions—specifically, 9.1, 9.2, 9.3, and 9.25—counsel for the State of California officers, Norman Morrisson, has requested that these instructions be read four separate times, once for each defendant. Plaintiff respectfully submits that this approach would unnecessarily consume substantial court time and jury attention, and therefore opposes this proposal.

Dated: 10/27/25

LAW OFFICES OF DALE K. GALIPO

By: /s/ *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
Attorneys for Plaintiff

# PLAINTIFF'S PROPOSED ADDITIONAL INSTRUCTIONS

| Number | Title | Source | Page |
|---|---|---|---|
| 1. | Evidence in Electronic Format | 9th Cir. 2.16. | |
| 2. | Section 1983 Claim – Introduction Instruction | 9th Cir. 9.1 | |
| 3. | Integral Participation | 9th Cir. 9.2 (custom) | |
| 4. | Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof | 9th Cir. 9.3 | |
| 5. | Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Excessive Force | 9th Cir. 9.25 (modified for deadly force) | |
| 6. | Alternative Cause | CACI No. 434, (2024 Edition) (modified). *Summers v. Tice*, 33 Cal. 2d 80, 84 (1948). | |
| 7. | Section 1983 Claim Against Local Governing Body Defendants Based on Official Policy, Practice or Custom—Elements and Burden of Proof | 9th Cir. 9.5; Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 690 (1978). | |
| 8. | Section 1983 Claim Against Local Governing Body Defendants Based on Policy of Failure to Train—Elements and Burden of Proof | 9th Cir. 9.8; Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978). | |

## [PLAINTIFF'S PROPOSED] INSTRUCTION NO. 1
## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the

computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 2.16.

**[PLAINTIFF'S PROPOSED] INSTRUCTION NO. 2**
**SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION**

Plaintiffs bring some of their claims under the federal statute 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

<u>Authority:</u> Manual of Model Jury Instructions for the Ninth Circuit (2017), 9.1.

# [PLAINTIFF'S PROPOSED] INSTRUCTION NO. 3
## INTEGRAL PARTICIPATION – FEDERAL CLAIMS

A police officer could be held liable under Section 1983 even if he did not personally commit the constitutional violation. Peace officers can be held liable if they do any of the following

1. Directly participate in the deprivation of another's constitutional rights; or
2. Set in motion a series of acts by others which the actor knows or reasonably should know would cause others to suffer constitutional violations.

Authority: Based on Comment of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 9.2

**[PLAINTIFF'S PROPOSED] INSTRUCTION NO. 4**

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOF**

In order to prevail on their § 1983 claim against Defendants, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. Defendants acted under color of state law; and

2. The acts of Defendants deprived the Freddie Quair of his rights and/or Plaintiffs of their rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties stipulate that Defendants were acting under color of state law.

If you find that Plaintiffs have proved each of these elements against Defendants, and if you find that Plaintiffs have proved all the elements they are required to prove under Instructions ___, your verdict should be for Plaintiffs on that claim. If, on the other hand, you find that Plaintiffs have failed to prove any one or more of these elements, your verdict should be for Defendants on that claim.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 9.3.

[PLAINTIFF'S PROPOSED] INSTRUCTION NO. 5

FOURTH AMENDMENT— UNREASONABLE SEIZURE OF PERSON— EXCESSIVE FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or defending himself. Therefore, in order to prove an unreasonable seizure by excessive force in this case, the Plaintiffs must prove by a preponderance of the evidence that Defendants used excessive force against the Freddie Quair.

Under the Fourth Amendment, an officer may only use such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer/officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officers are relevant to your inquiry, the officers' subjective intent or motive is not relevant to your inquiry.

In determining whether Defendants used excessive force in this case, consider all of the circumstances known to Defendants, including:

1. The nature of the circumstances known to the officers at the time force was applied;
2. Whether the Freddie Quair posed an immediate threat of death or serious bodily injury to Defendants or others;
3. The amount of time the officers had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;
4. The type and amount of force used;
5. The availability of alternative methods to take the Freddie Quair into custody;
6. Whether it was practical for the officers to give warning of the imminent use of force, and whether such warning was given;

|   |   |   |
|---|---|---|
| 1 | 7. | Whether it should have been apparent to Defendants that the person |
| 2 |    | they used force against was emotionally disturbed; |
| 3 | 8. | Whether a reasonable officer would have or should have accurately |
| 4 |    | perceived a mistaken fact; and |
| 5 | 9. | Whether there was probable cause for a reasonable officer to believe |
| 6 |    | that the suspect had committed a crime involving the infliction or |
| 7 |    | threatened infliction of serious physical harm. |

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the Freddie Quair has committed or was committing a crime.

Source:  Ninth Circuit Manual of Model Jury Civil Instructions (2022) No. 9.25 (modified for deadly force); *Gonzalez v. City of Anaheim*, 747 F.3d 789, 793 (9th Cir. 2014) (deadly force is only justified when suspect poses a significant threat of death or serious physical injury to officers or others).

# [PLAINTIFF'S PROPOSED] INSTRUCTION NO. 6
## ALTERNATIVE CAUSE

You may decide that more than one of the defendants used unreasonable force, but that only one or some of them actually shot and hit Freddie Quair, causing his harm. If you cannot determine which defendant officer's shot(s) actually struck and harmed Freddie Quair, you must decide that each defendant officer who fired their weapon is responsible for that harm.

However, if a defendant proves that his shot(s) did not strike Freddie Quair or cause any portion of his harm, then you must conclude that defendant is not responsible for that harm.

Authority: CACI No. 434, (2024 Edition) (modified). Summers v. Tice, 33 Cal. 2d 80, 84 (1948).

# [PLAINTIFF'S PROPOSED] INSTRUCTION NO. 7

## SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANT BASED ON AN UNCONSTITUTIONAL POLICY, PRACTICE, OR CUSTOM—ELEMENTS AND BURDEN OF PROOF

In order to prevail on the plaintiffs' § 1983 claim against defendant County of Kings alleging liability based on an official policy, practice, or custom, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. The Deputy Defendants acted under color of law;

2. The acts of the Deputy Defendants deprived Freddie Quair of his constitutional right to be free from excessive force;

3. The Deputy Defendants acted pursuant to an expressly adopted official policy or a widespread longstanding practice or custom of the defendant County of Kings; and

4. The defendant County of Kings' official policy or widespread or longstanding practice or custom caused the deprivation of Freddie Quair's rights by the County of Kings; that is, the County of Kings' official policy or widespread or longstanding practice or custom is so closely related to the deprivation of Freddie Quair's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

"Official Policy" means a formal policy such as a rule or regulation adopted by the defendant County of Kings, resulting from a deliberate choice to follow a course of

action made among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the defendant County of Kings. A practice or custom can be established by repeated constitutional violations that were not properly investigated and for which the violators were not disciplined, reprimanded or punished.

If you find that the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements the plaintiff is required to prove under Instruction[s] __, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

Authority: Ninth Circuit Manual of Model Jury Instructions, No. 9.5 Section 1983 Claims Against Local Governing Body Defendants Based on Official Policy, Practice or Custom—Elements and Burden of Proof; Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 690 (1978).

**[PLAINTIFF'S PROPOSED] INSTRUCTION NO. 8**

**SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANT BASED ON A FAILURE TO TRAIN—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on plaintiffs' § 1983 claim against defendant County of Kings alleging liability based on a policy of failure to train its sheriff's deputies, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. The acts of the Deputy Defendants deprived Freddie Quair of his constitutional right to be free from excessive force;

2. The Deputy Defendants acted under color of state law;

3. The training policies of the County of Kings, with respect to the use of deadly force, were not adequate to train its sheriff's deputies to handle the usual and recurring situations with which they must deal.

4. The County of Kings was deliberately indifferent to the known or obvious consequences of its failure to train its deputies adequately with respect to the use of deadly force; and

5. The failure of the County of Kings to provide adequate training with respect to deadly force caused Freddie Quair's injuries and/or death.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. A policy of inaction or

omission may be based on a failure to implement procedural safeguards to prevent constitutional violations. To establish that there is a policy based on a failure to preserve constitutional rights, the plaintiff must show, in addition to a constitutional violation, that this policy amounts to deliberate indifference to the plaintiff's constitutional rights, and that the policy caused the violation, in the sense that the municipality could have prevented the violation with an appropriate policy.

"Deliberate indifference" is the conscious choice to disregard a known or obvious consequences of one's acts or omissions. The plaintiff may prove deliberate indifference in this case by showing that the facts available to the County of Kings put it on actual or constructive notice that its failure to train adequately was substantially certain to result in the violation of the constitutional rights of persons such as the plaintiff due to sheriff deputy's conduct.

If you find that the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements the plaintiff is required to prove under Instruction[s] __, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

**Authority:** Ninth Circuit Manual of Model Jury Instructions, No. 9.8, Section 1983 Claim Against Local Governing Body Defendants Based on a Failure to Train— Elements and Burden of Proof (2017) (revised December 2023); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978).