**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

LAW OFFICE OF DARRELL J. YORK
Darrell J. York (SBN 145601)
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: (661) 362-0828
Fax:     (877) 221-3306
Email:  djylaw@gmail.com

*Attorneys for Plaintiff, Freddie Quair*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FREDDIE QUAIR,<br><br>              Plaintiff,<br><br>    vs.<br><br>COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,<br><br>              Defendants | CASE No.: **1:20−CV−01793−KJM−SKO**<br><br>[*Honorable Kimberly J. Mueller.*]<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE SUICIDE BY COP ARGUMENT**<br><br>Jury Trial: 11/10/25<br>Time: 9:00am<br>Courtroom: Three<br><br>….. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO THIS HONORABLE COURT, PLEASE TAKE NOTICE** that on November 10, 2025., in Courtroom 3 of the United States District Court for the Eastern District of California, at 501 I Street, Sacramento, CA  95814, Courtroom 3, 15th floor, Plaintiff, FREDDIE QUAIR, hereby moves in limine for an order excluding, at the trial of the above-referenced matter, any evidence, testimony, argument, or reference

1  that indicates, implies, or suggests that Mr. Quair attempted to commit "suicide by
2  cop," or that his behavior or state of mind at the time of the incident is consistent
3  with individuals who engage in "suicide by cop" behavior.
4      Plaintiff makes this Motion under Federal Rules of Evidence 401 and 402, on
5  the grounds that such evidence is irrelevant to the determination of whether
6  Defendants used excessive force. Plaintiff further makes this motion under Rule 403
7  on the grounds that such evidence will unduly prejudice Plaintiff, mislead and
8  confuse the jury as to the applicable legal standard, and waste this Court's time.
9  Plaintiff also makes this motion under Rule 404 on the ground that such evidence
10 constitutes improper character evidence. Additionally, Plaintiff makes this motion
11 under Rule 702 on the ground that Defendants have not designated any expert
12 qualified to opine on this subject.
13     This Motion is based on this Notice of Motion, the attached Memorandum of
14 Points and Authorities, the records and files of this Court, and upon such other oral
15 and documentary evidence as may be presented at the time of the hearing.
16     Respectfully submitted,

19 Dated: 10/27/2025

20                                       By: /s/ *Cooper Alison-Mayne*
21                                       Dale K. Galipo
22                                       Cooper Alison-Mayne
                                         Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights and state tort lawsuit arises from the shooting of Freddie Quair ("Mr. Quair") by Taylor Lopes of the Kings County Sheriff's Department, and Neil Compston, John Silveira, and Edward Sinclair of the California Department of Justice on June 18, 2019. The primary issue in this case is whether the defendant officers used excessive and unreasonable force when they shot Mr. Quair.

It is anticipated that Defendants will attempt to argue at trial that Mr. Quair attempted to commit "suicide by cop," and that the Defendants' conduct was therefore justified. Plaintiff anticipates that Defendants may argue that Mr. Quair exited his vehicle and assumed a shooter's stance with his hands positioned as if holding a weapon, with the intention of provoking officers to shoot him. By this motion in limine, Plaintiff seeks to exclude any argument or testimony that indicates, implies, or suggests that Mr. Quair attempted to commit "suicide by cop" or that his behavior or state of mind at the time of the incident is consistent with individuals who engage in "suicide by cop" behavior.

Plaintiff contends that evidence regarding "suicide by cop," or Mr. Quair's state of mind, should be excluded on the following bases: (1) it is irrelevant under Rule 401 and 402; (2) it is misleading and unhelpful to the jury, including because Defendants have not designated an expert on the subject; (3) it is unduly prejudicial as it confuses the legal standard and confuses the issues; (4) it is improper character evidence under Rule 404.

Plaintiff does not deny that Mr. Quair may have been experiencing a mental health crisis at the time of the incident. However, absent designation of an expert qualified to opine on Mr. Quair's potential suicidality, any argument or evidence suggesting that he was suicidal is purely speculative. Defendants have not designated any experts who are qualified to offer opinions on this subject, and to

attempt to introduce such evidence absent an expert would be highly prejudicial and misleading to the jury.

Importantly, the relevant law on Plaintiff's claims does not provide that it would be objectively reasonable to shoot a person because that person is suicidal. In other words, Mr. Quair's subjective intent is irrelevant to Plaintiff's claims. Therefore, given the irrelevance, risks of confusion, and because the defense has not designated or disclosed any retained expert, let alone one that has specifically offered this opinion, they should be precluded from doing so for the first time at trial.

## II.    ARGUMENT

### A.    Any Testimony or Argument Regarding "Suicide by Cop" is Irrelevant, Misleading, Unreliable, Confusing, and Unhelpful to the Jury.

Plaintiff anticipates that Defendants intend to argue the so-called "suicide by cop" theory, an increasingly familiar allegory used by defense experts and defense attorneys in civil rights cases arising from police shootings. The "suicide by cop" theory suggests to the jury that blame for the shooting should be shifted onto Mr. Quair. This theory also suggests that if Mr. Quair were suicidal at the time of the incident, the shooting officers are absolved of responsibility. The idea behind this theory is to suggest to the jury that if a person is (1) allegedly suicidal and (2) is injured as a result of a police shooting, then Mr. Quair was "asking for it" or "brought it on himself" and the shooting is therefore somehow justified.

This theory subtly subverts the applicable law; no law or precedent provides a special set of rules for an alleged "suicide by cop" situation, and there is no corresponding legal doctrine pertaining specifically to suicidal individuals. The law regarding deadly force was unambiguously stated by the Supreme Court in Graham: "Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly

force to do so.... A police officer may not seize an unarmed, nondangerous suspect by shooting [at] him." Graham v. Connor, 490 U.S. 386, 396-97 (1989). The false and dangerous implication of the "suicide by cop" theory is that there is some special legal exemption for cases involving suicidal individuals—there is not.

In this case, it is undisputed that the Defendants had no information that Mr. Quair was suicidal at the time of the shooting. Moreover, Defendants did not designate an expert to lay the foundation for a suicide by cop theory and to support with reasonable medical probability that such a theory could apply to the facts of this case. Therefore, any argument, implication, or suggestion that Mr. Quair allegedly intended to have police officers shoot him or that the Defendants somehow knew what Mr. Quair was thinking and intended at the time of the incident is pure speculation and should be excluded.

### 1. Mr. Quair's State of Mind is Irrelevant

Mr. Quair's state of mind (including whether or not he was trying to commit suicide, which is highly disputed) does not bear on any disputed fact or on any element of any claim or defense. To determine whether the officers used excessive force, the jury will be asked to consider the following non-exhaustive list of factors: "(1) the nature of the circumstances to which the Defendants were responding; (2) whether Mr. Quair posed an immediate threat of death or serious bodily injury to the officers or others; (3) whether Mr. Quair was actively resisting arrest or attempting to evade arrest by flight; (4) the availability of alternative methods to take Mr. Quair into custody; whether it should have been apparent to the Defendants that Mr. Quair was emotionally disturbed; (5) the severity of the security problem at issue; and (the relationship between the need for the use of force and the amount of force used." Ninth Circuit Manual of Model Jury Civil Instructions, No. 9.25 (revised March 2023) (modified).

The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001).

Because the reasonableness of the force is judged from an objective standpoint—of a reasonable officer on the scene—neither the state of mind of Mr. Quair nor the officers' states of mind are at issue. Neither Mr. Quair nor the officers' subjective states of mind bear on any of the foregoing factors in determining whether the shooting was reasonable. Just as the involved officers' subjective underlying intent or motivation (i.e., state of mind) is not relevant in determining the reasonableness of their use of force. *Price v. Sery*, 513 F.3d 962, 967 (9th Cir. 2008), citing *Graham v. Connor*, 109 S. Ct. 1865, 1872-73 (1989).

Further, the Officer Defendants had no special insights into Mr. Quair's state of mind at the time that they used force against him, and their decision to use force against him was not based on whether they thought Mr. Quair was suicidal or not. Speculative testimony and argument regarding the Defendants' states of mind (i.e., whether they thought Mr. Quair was suicidal) and Mr. Quair's state of mind (i.e., whether he wanted to have the police officers shoot him or not) is unnecessary to evaluate the facts of this case.

### 2. Testimony and Opinions Regarding Mr. Quair's State of Mind Pose a Danger of Unfair Prejudice Under FRE 403

Any reference to a "suicide by cop" theory should alternatively be excluded under Rule 403 of the Federal Rules of Evidence. The probative value, if any, of the "suicide by cop" theory is de minimis for the reasons above. Speculative argument about what was going on in Mr. Quair's mind is unlikely to help any rational juror determine whether the officers used excessive force against Mr. Quair.

Meanwhile, the danger of prejudice is great: the jury will be led astray from the constitutional standard, such that the case is decided not on the basis of the

evidence and the law, but based simply on the notion that the Defendants were somehow justified in using force against Mr. Quair if the jury concludes that Mr. Quair was attempting to commit "suicide by cop" (which is highly disputed by the evidence). In other words, the law is clear that it is not proper to shoot someone merely because that person may have a death wish, and to allow such argument would suggest otherwise.

### 3. Any Reference to or Argument Regarding Any "Suicide by Cop" Theory Should be Excluded as Lacking Foundation Because Defendants Have Not Designated Any Expert Under FRE 702

The district court has a "gatekeeping role" to screen expert testimony, and judges have discretion to determine whether such testimony is admissible, depending on its reliability and relevance. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-97 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). "[T]he law grants the [court] broad latitude" in analyzing and determining the reliability of proffered expert witness testimony. Kumho, 526 U.S. at 139, 142. "The inquiry [under Rule 702] is a flexible one[,]" and its focus "must be solely on principles and methodology, not on the conclusions [the expert] generate[s]." *Daubert*, 509 U.S. at 594-95. Reliability is determined by assessing "whether the reasoning or methodology underlying the testimony is scientifically valid," whereas relevance depends upon "whether [that] reasoning or methodology properly can be applied to the facts in issue." *Id*. at 592–593.

Defendants should be prohibited from arguing any "suicide by cop" theory because they have not designated any expert who could opine on this subject. It is also undisputed that at the time of this incident, the officer defendants had no information that Mr. Quair had ever experienced suicidal ideations. Without expert testimony, any lay witness observations or interpretations of Mr. Quair's body

positioning or actions as indicative of suicidal intent are wholly speculative and lack foundation.

The subjective perceptions of lay witnesses—who are not trained psychologists, psychiatrists, or medical professionals—as to whether Mr. Quair was attempting to provoke officers to shoot him are irrelevant and prejudicial. Defendants may attempt to characterize Mr. Quair's hand positioning or stance as evidence of suicidal intent, but without expert testimony establishing that such physical positioning is indicative of "suicide by cop" behavior, such characterizations are nothing more than speculation dressed up as fact.

Each of the four factors in FRE Rule 702 weigh against any potential testimony and opinions about Mr. Quair's state of mind, including whether Mr. Quair was suicidal or was attempting to commit "suicide by cop." First, the "suicide by cop" theory would not be helpful to the jury and would in fact be misleading, confusing, and inflammatory as discussed above. Second, the "suicide by cop" theory is lacking in sufficient facts and data because no party has designated an expert qualified to opine on this subject and therefore cannot form any expert opinion on Mr. Quair's mental condition or state of mind (which is also highly speculative). Third, for the same reason, any opinions about Mr. Quair's state of mind would not be the result of reliable principles. Fourth, because there are no designated experts qualified to opine on this subject, any possible opinions counsel for defendants may attempt to elicit are not the result of reliable principles reliably applied to the facts of this case for the same reason as above.

For these reasons, any "suicide by cop" theory is merely speculative and lacks foundation. Defendants should be precluded from making any reference to or argument regarding any "suicide by cop" theory, regardless of whether it is in the form of expert or lay witness testimony, or argument by counsel.

### 4. Evidence of Mr. Zenka's State of Mind is Improper Character Evidence Under FRE 404.

Rule 404(a) provides that "[e]vidence of a person's character or a trait of a character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Fed. R. Evid., Rule 404. Plaintiff contends that any reference at trial to Mr. Quair's state of mind that would indicate suicidal ideations would suggest an improper inference based on character evidence. *Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) ("The federal rules bar the use of any circumstantial evidence that requires an inference of a person's character to make it relevant....").

Ninth Circuit case law is clear that "'[c]haracter evidence' is normally not admissible in a civil rights case." *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted. *See United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). Character is not an essential element of any of Plaintiff's causes of action. Because any evidence of Mr. Quair's state of mind in this case would require an inference as to Mr. Quair's character to make it relevant, it should be excluded from evidence at the time of trial.

### III.   CONCLUSION

For the reasons above, this Court should grant Plaintiff's Motion in Limine No. 2 and exclude any testimony or argument regarding any "suicide by cop" theory.

Respectfully submitted,

Dated: 10/27/2025

By: /s/ *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
Attorneys for Plaintiff