**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

**LAW OFFICE OF DARRELL J. YORK**
Darrell J. York (SBN 145601)
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: (661) 362-0828
Fax:    (877) 221-3306
Email:  djylaw@gmail.com

*Attorneys for Plaintiff, Freddie Quair*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE QUAIR,<br><br>            Plaintiff,<br><br>      vs.<br><br>COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,<br><br>            Defendants | CASE No.: **1:20−CV−01793−KJM−SKO**<br><br>[*Honorable Kimberly J. Mueller.*]<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF POST-INCIDENT FINDINGS BY ANY AGENCY**<br><br>Jury Trial: 11/10/25<br>Time: 9:00am<br>Courtroom: Three |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 10, 2025., in Courtroom 3 of the United States District Court for the Eastern District of California, at 501 I Street, Sacramento, CA  95814, Courtroom 3, 15th floor, Plaintiff, FREDDIE

1 QUAIR, hereby moves in limine for an order excluding, at the trial of the above-
referenced matter:

    1) Any evidence, testimony, argument, or reference at trial to any findings by the State of California that defendants' use of force against Freddie Quair was reasonable, justified, and/or within policy, including any reference (whether implicit or explicit) to the fact that the State of California reviewed the incident;

    2) Any findings with respect to this incident by any other agency.

Plaintiff makes this Motion under Federal Rules of Evidence 401 and 402, on the grounds that this information is irrelevant. Plaintiff further makes this motion under Rule 403 on the ground that this evidence will unduly prejudice Plaintiff, unduly consume this Court's time, and will confuse the issues. Moreover, Plaintiff makes this motion under Rules 801 and 802 on the ground that certain evidence of this kind constitutes improper hearsay.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

Dated: 10/27/2025

By: /s/ *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This civil rights and state tort action arises from the use of deadly force by Taylor Lopes, Neil Compston, John Silveira, and Edward Sinclair against Plaintiff Freddie Quair on June 18, 2019. Plaintiff's operative complaint asserts claims for excessive force under the Fourth Amendment and Monell liability for failure to train and unconstitutional policy or custom. The primary issue in this case is whether defendants' use of deadly force against Plaintiff was excessive and unreasonable under the circumstances known to them at the time of the use of force.

Plaintiff hereby brings this Motion in Limine to exclude any post-incident findings by any agency. Plaintiff anticipates that Defendants may attempt to present evidence and/or argument at trial that a use-of-force investigation was conducted by the State of California or other agencies that resulted in a finding that the defendants acted lawfully when they shot Plaintiff, and that the shooting was reasonable and "within policy." Plaintiff further anticipates that Defendants may attempt to use this evidence to attempt to persuade the jury to determine that defendants' use of force was reasonable.

Accordingly, by way of this Motion, Plaintiff seeks to exclude any evidence, testimony, argument, or reference at trial to any findings by the State of California or any other agency that the defendants' use of force was any of the following: (1) within policy; (2) reasonable; and/or (3) justified.

This Motion in Limine is based on several independent rationales. First, this evidence is irrelevant pursuant to Federal Rules of Evidence, Rule 402, because this evidence is immaterial to the issues to be decided by the jury in the instant case. Second, this evidence usurps the jury's role, and should be excluded under Federal Rules of Evidence, Rule 403 on the grounds that this evidence would confuse the issues, mislead the jury, cause undue delay, and waste this Court's time. Further, such evidence would be unduly prejudicial to Plaintiff under Rule 403, and such

prejudicial effect would greatly outweigh any possible probative value of this evidence. Third, this Motion is also made on the grounds that the State of California's findings are hearsay (particularly any reports) for which there is no exception under Federal Rules of Evidence, Rules 801 and 802.

## II. EVIDENCE OF ANY AGENCY'S FINDINGS AND/OR CONCLUSIONS IS IRRELEVANT AND SHOULD BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE, RULE 402

Federal Rules of Evidence, Rule 402, states in part that evidence which is not relevant is not admissible. Under Graham v. Connor, 490 U.S. 385, 397 (1989), evidence of facts and circumstances not known to the involved officers at the time of the use of force incident are irrelevant. See also Palmquist v. Selvik, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the use of force is irrelevant and prejudicial."). This includes the post-"use of force" findings of the State of California, and any findings by any other agency. Plaintiff submits that this information should be excluded, in part because Defendants obviously would not have had this information at the time that they decided to use force against Mr. Quair.

At trial, the jury must determine whether Defendants used excessive or unreasonable force when they shot Mr. Quair. To determine whether the use of force was lawful, the jury will be asked to look at the objective circumstances facing the officers at the time of the incident and to consider factors such as "the type and amount of force used" and "[w]hether [Mr. Quair] posed an immediate threat to the safety of [the officers] or others." Ninth Circuit Manual of Model Jury Instructions, 9.25 (2017). What the State of California investigators or any other agency purported to determine or conclude ex post facto about the use of force does not bear on any disputed fact or on any element of any claim or defense in this case. Indeed, any subsequent findings of the State of California are not probative of the

factual circumstances confronting Defendants at the time of the shooting. Accordingly, this evidence is irrelevant as to questions of Defendants' liability for the violations of Mr. Quair's rights under federal and state law. Because evidence of the State's findings and the findings by any other agency are not probative of any fact of consequence to the determination of the action, this evidence should be excluded.

### III. EVIDENCE OF ANY AGENCY'S FINDINGS AND CONCLUSIONS IS UNDULY PREJUDICIAL AND SHOULD BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE, RULE 403.

Even if the foregoing evidence has some probative value, it should be excluded under Federal Rules of Evidence, Rule 403 because it is highly prejudicial, poses a significant risk of confusing the jury, and would cause undue delay and waste of time. The danger presented by these administrative "findings" and "conclusions" is that they usurp the jury's role to independently weigh the evidence and reach its own conclusion based on the facts and the law. The jury should decide the case based on its own evaluation of the evidence presented, and not based on what some authority figure has supposedly already decided. The danger presented by this kind of testimony is acute. Determining the reasonableness of Defendants' actions is a task for the jury, and there is a significant risk that the jury might give undue deference to the findings of the State of California. On the basis of the testimony of authority figures or official-sounding determinations by the State's high-ranking officials, the jury might be tempted to disregard the testimony of eyewitnesses, the physical and forensic evidence, the law, and the jury instructions, and instead decide that the use of force against Mr. Quair was justified simply because an authority figure already purported to have determined that the use of force was justified. The jury might feel bound to abide by the findings of the State of California rather than reaching its own independent conclusions based on all of the evidence. For these reasons, the State's findings (including in the form of

internal communications) and the findings by any other agency should be excluded pursuant to Rule 403.

## IV. EVIDENCE OF ANY AGENCY'S FINDINGS AND CONCLUSIONS IS HEARSAY UNDER FEDERAL RULES OF EVIDENCE, RULES 801 AND 802

Any entity's determination—including the State's findings and any findings by any other agency—that the use of force was "justified," "within policy," and/or "lawful" would constitute hearsay under Federal Rules of Evidence, Rules 801 and 802 and should alternatively be excluded on this ground. Hearsay evidence is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated. Even if a hearsay statement falls under an exception to the rule, it is not admissible if such statement consists of one or more statements that are themselves hearsay. First, the State's findings themselves (as well as any findings by any other agency) are hearsay if offered at trial to prove that Defendants' conduct was reasonable, justified, and/or within policy. If documentation of the findings and/or conclusions are proffered at trial, then this would be hearsay as well. Insofar as those findings and conclusions are based on statements by law enforcement witnesses, investigators, detectives, supervisors, or other officials as to what happened during the use of force, the findings and conclusions would constitute or incorporate multiple layers of hearsay.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court exclude any evidence, argument, testimony, or reference at trial to: (1) any determination by the State of California that the Defendant officers' use of force against Mr. Quair was lawful, justified, and/or within policy; and (2) any findings by any other agency.

1     Respectfully submitted,

3 Dated: 10/27/2025

By: /s/ *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
Attorneys for Plaintiff