ROB BONTA, State Bar No. 202668
Attorney General of California
NORMAN D. MORRISON, State Bar No. 212090
Supervising Deputy Attorney General
 2550 Mariposa Mall, Room 5090
 Fresno, CA 93721-2271
 Telephone: (559) 705-2304
 Fax: (559) 445-5106
 E-mail: Norman.Morrison@doj.ca.gov
*Attorneys for Defendants Neil Compston,
John Silveira and Edward Sinclair*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| FREDDIE QUAIR,<br><br>                    Plaintiff,<br><br>        v.<br><br>COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,<br><br>                    Defendants. | 1:20-CV-01793-KJM-SKO<br><br>**Defendants' Joint Proposed Special Verdict Form.**<br><br>Trial Date:    November 10, 2025<br>Action Filed:  December 21, 2020 |

Defendants NEIL COMPSTON, JOHN SILVEIRA and EDWARD SINCLAIR (State Defendants) and TAYLOR LOPES and the COUNTY OF KINGS (County Defendants) hereby file their joint proposed jury verdict form.

Counsel for the Plaintiff and the Defendants have previously met and conferred, and were unable to reach an agreement on a joint special verdict form. Counsel for the State Defendants and the County Defendants were able to reach agreement, and have prepared the attached proposed joint special verdict form.

The Defendants are requesting the usage of special interrogatories to the jury due to the

specific factual circumstances and allegation in this case, as established by *Cruz v. City of Anaheim*, 765 F.3d 1076 (9th Cir. 2014) and as utilized in *Estate of Cecil Elkins, Jr. v. Pelayo*, No. 1:13-CV-1483 AWI SAB (E.D. Cal.) following remand from the Ninth Circuit on questions relating to a substantially similar factual scenario as that presented here.

Dated: October 27, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California

*/s/ NORMAN D. MORRISON*
NORMAN D. MORRISON
Supervising Deputy Attorney General
*Attorneys for Defendants Neil Compston, John Silveira and Edward Sinclair*

FR2021301267

**I.    42 U.S.C. § 1983 – Fourth Amendment – Excessive Force**

1. Did Neil Compston use excessive force against Fredie Quair, Jr. during a felony traffic stop on June 18, 2019, in violation of the Fourth Amendment?

    YES _____        NO _____

    *Please proceed to Question 2.*

2. Did John Silveira use excessive force against Fredie Quair, Jr. during a felony traffic stop on June 18, 2019, in violation of the Fourth Amendment?

    YES _____        NO _____

    *Please proceed to Question 3.*

3. Did Edward Sinclair use excessive force against Fredie Quair, Jr. during a felony traffic stop on June 18, 2019, in violation of the Fourth Amendment?

    YES _____        NO _____

    *Please proceed to Question 4.*

4. Did Taylor Lopes use excessive force against Fredie Quair, Jr. during a felony traffic stop on June 18, 2019, in violation of the Fourth Amendment?

    YES _____        NO _____

    *Please proceed to Question 5.*

5. Immediately before the Defendant officers fired their weapons, did the Plaintiff Fredie Quair, Jr. assume what has been described as an "isosceles shooting stance"?

    YES _____        NO _____

    *If "Yes", please proceed to Question 6.*
    *If "No", please proceed to Question 9.*

6. When Plaintiff Fredie Quair, Jr. assumed what has been described an "isosceles shooting stance," was he facing in the direction of, and towards, one or more of the Defendants?

    YES _____        NO _____

    *Please proceed to Question 7.*

7. When Plaintiff Fredie Quair, Jr. assumed what has been described as an "isosceles shooting stance," was he pointing his arms and hands towards one or more of the officers?

    YES _____        NO _____

    *Please proceed to Question 8.*

8. When Plaintiff Fredie Quair, Jr. assumed what has been described as an "isosceles shooting stance," did he then move his hands in a sudden upright manner simulating the firing of a handgun?

       YES _____              NO _____

*Please proceed to Question 9.*

9. At the time of the encounter with Plaintiff Fredie Quair, Jr., did the Defendants have knowledge that he had just been involved in an armed home invasion robbery where someone had been shot and required emergency medical treatment, and that Fredie Quair, Jr. had fled the scene?

       YES _____              NO _____

*Please proceed to Question 10.*

10. At the time of the encounter with Plaintiff Fredie Quair, Jr., did the Defendants have knowledge of facts indicating that the Plaintiff was potentially armed with a handgun?

       YES _____              NO _____

*Please proceed to Question 11.*

11. At the time the first shots were fired by the Defendant officers, did they have a reasonable belief that Plaintiff Fredie Quair, Jr. intended to fire a firearm at them?

       YES _____              NO _____

*Please proceed to Question 12.*

12. Did NEIL COMPSTON act with malice, oppression, or in reckless disregard of the Fourth Amendment rights of Plaintiff Fredie Quair, Jr.?

       YES _____              NO _____

*Please proceed to Question 13.*

13. Did JOHN SILVEIRA act with malice, oppression, or in reckless disregard of the Fourth Amendment rights of Plaintiff Fredie Quair, Jr.?

       YES _____              NO _____

*Please proceed to Question 14.*

14. Did EDWARD SINCLAIR act with malice, oppression, or in reckless disregard of the Fourth Amendment rights of Plaintiff Fredie Quair, Jr.?

       YES _____              NO _____

*Please proceed to Question 15*

15. Did TAYLOR LOPES act with malice, oppression, or in reckless disregard of the Fourth Amendment rights of Plaintiff Fredie Quair, Jr.?

       YES _____              NO _____

Defendants' Proposed Joint Special Verdict (1:20-CV-01793-KJM-SKO)

*Please proceed to Question 16.*

**II.    Monell Claims**

16. Did the acts of TAYLOR LOPES deprive the Plaintiff Fredie Quair, Jr. of particular rights under the United States Constitution?

    YES _____         NO _____

    *Please proceed to Question 17.*

17. Did TAYLOR LOPES act pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the defendant County of Kings?

    YES _____         NO _____

    *Please go to Question 18.*

18. Did the defendant County of Kings' official policy or widespread or longstanding practice or custom caused the deprivation of the plaintiff's rights by the defendant Taylor Lopes; that is, the County of Kings' official policy or widespread or longstanding practice or custom is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury?

    YES _____         NO _____

    *Please go to Question 19.*

19. Did the defendant County of Kings' official policy or widespread or longstanding practice or custom caused the deprivation of the plaintiff's rights by the defendant Taylor Lopes; that is, the County of Kings' official policy or widespread or longstanding practice or custom is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury?

    YES _____         NO _____

    *Please go to Question 20.*

20. Did the acts of TAYLOR LOPES deprive the Plaintiff Fredie Quair, Jr. of particular rights under the United States Constitution?

    YES _____         NO _____

    *Please go to Question 21.*

21. Were the training policies of the defendant County of Kings not adequate to train its police officers to handle the usual and recurring situations with which they must deal?

    YES _____         NO _____

    *Please go to Question 22.*

22. Was the defendant County of Kings deliberately indifferent to the known or obvious consequences of its failure to train its police officers adequately?

      YES _____             NO _____

*Please go to Question 23.*

23. Was the failure of the defendant County of Kings to provide adequate training caused the deprivation of plaintiff Fredie Quair's rights by Defendant Taylor Lopes; that is, defendant County of Kings' failure to train played a substantial part in bringing about or actually causing the injury or damage to plaintiff Fredie Quair.

      YES _____             NO _____

*Please go to Question 24.*

### III. Damages

24. Do you find that NEIL COMPSTON's actions were a substantial factor in causing Plaintiff's injuries?

      YES _____             NO _____

*Please go to Question 25.*

25. Do you find that JOHN SILVEIRA's actions were a substantial factor in causing Plaintiff's injuries?

      YES _____             NO _____

*Please go to Question 26.*

26. Do you find that EDWARD SINCLAIR's actions were a substantial factor in causing Plaintiff's injuries?

      YES _____             NO _____

*Please go to Question 27.*

27. Do you find that TAYLOR LOPES' actions were a substantial factor in causing Plaintiff's injuries?

      YES _____             NO _____

*Please go to Question 28.*

28. Please identify the amount of damages, if any, you award Plaintiff for his injuries for his claim of excessive force against the individual defendants:

    Past physical pain/suffering:  $        $_____

    Future physical pain/suffering:        $_____

    Past mental anguish:                    $_____

   Future mental anguish:  $_____

*Please go to Question 29.*

29. Please identify the amount of damages, if any, you award Plaintiff for his injuries for his claim of injuries based upon violations of policies and procedures by the County of Kings:

   Past physical pain/suffering:  $  $_____

   Future physical pain/suffering:  $_____

   Past mental anguish:  $_____

   Future mental anguish:  $_____

*Please go to Question 30.*

30. Please identify the percentage of responsibility for Plaintiff's injuries you attribute to each person:

   Plaintiff, Fredie Quair, Jr.:___  _____%

   Neil Compston:  _____%

   John Silveira:  _____%

   Edward Sinclair:  _____%

   Taylor Lopes:  _____%

   County of Kings:  _____%

# CERTIFICATE OF SERVICE

Case Name:   **Quair v. County of Kings, et al.**      No.   **1:20-CV-01793-KJM-SKO**

I hereby certify that on October 27, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **Defendants' Joint Proposed Special Verdict Form.**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 27, 2025, at San Francisco, California.

|  |  |
|---|---|
| G. Guardado | */s/ G. Guardado* |
| Declarant | Signature |

FR2021301267
44847894