1   ROB BONTA, State Bar No. 202668
    Attorney General of California
2   NORMAN D. MORRISON, State Bar No. 212090
    Supervising Deputy Attorney General
3    2550 Mariposa Mall, Room 5090
     Fresno, CA 93721-2271
4    Telephone: (559) 705-2304
     Fax: (559) 445-5106
5    E-mail: Norman.Morrison@doj.ca.gov
    *Attorneys for Defendants Neil Compston,*
6   *John Silveira and Edward Sinclair*

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10                                CIVIL DIVISION

11

12   FREDDIE QUAIR,                          Case No. 1:20-CV-01793-KJM-SKO

13                                           **DEFENDANTS MOTION IN LIMINE TO**
                             Plaintiff,      **EXCLUDE AND PREVENT**
14                                           **TESTIMONY BY PLAINTIFF'S NON-**
          v.                                 **RETAINED WITNESSES DUE TO**
15                                           **PLAINTIFF'S FAILURE TO COMPLY**
                                             **WITH FED. R. CIV. P. 26;**
16   COUNTY OF KINGS; TAYLOR LOPES;          **MEMORANDUM OF POINTS AND**
     NEIL COMPSTON; JOHN SILVERIA;           **AUTHORITIES; DECLARATION OF**
17   EDWARD SINCLAIR; and DOES 1             **SUPERVISING DEPUTY ATTORNEY**
     THROUGH 10, inclusive,                  **GENERAL NORMAN D. MORRISON IV**
18
                             Defendants.
19

20                                           **[STATE MIL NO. 3][1]**

21
                                             Trial Date:    November 10, 2025
22                                           Action Filed:  December 21, 2020

23

24        TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

25        PLEASE TAKE NOTICE THAT Defendants NEIL COMPSTON, JOHN SILVEIRA and

26   EDWARD SINCLAIR (Defendants) hereby move the Court for an order in limine precluding any

27   _____
     [1] For purposes of judicial convenience and reference, the State Defendants' Motions in Limine
28   are identified pursuant to the numbering and designation set forth in the Court's Final Pretrial
     Order (ECF 83), at 4-5.                           1

Defendants Motion in Limine to Exclude and Prevent Testimony By Plaintiff's Non-Retained Witnesses Due to
Plaintiff's Failure to Comply With Fed. R. Civ. P. 26; Memorandum of Points and Authorities; Declaration of
Supervising Deputy Attorney General Norman D. Morrison IV [STATE MIL #3] (1:20-CV-01793-KJM-SKO)

1   testimony by or from, or any opinions by or from, any of Plaintiff's non-retained experts in this

2   case due to Plaintiff's failure to comply with the requirements of Fed. R. Civ. P. 26.

3          This motion is based upon this notice of motion, the attached memorandum of points and

4   authorities, the attached declaration of Supervising Deputy Attorney General Norman D.

5   Morrison IV, all pleadings and records on file in this action, and on such further authority,

6   evidence, or argument as may be presented at or before the time of any hearing on this motion.

7          **Statement of Compliance:**

8          This Motion is made in response to this Court's July 24, 2025, ruling (ECF 83), as well as

9   the discussions on the record about the issue during the final pretrial conference held in this

10  matter.

11  Dated: October 27, 2025                          Respectfully submitted,

12                                                   ROB BONTA
                                                     Attorney General of California
13

14

15                                                   NORMAN D. MORRISON
                                                     Supervising Deputy Attorney General
16                                                   *Attorneys for Defendants Neil Compston,*
                                                     *John Silveira and Edward Sinclair (BI)*
17

18  FR2021301267
    95662883

19

20

21

22

23

24

25

26

27

28                                            2

Defendants Motion in Limine to Exclude and Prevent Testimony By Plaintiff's Non-Retained Witnesses Due to
Plaintiff's Failure to Comply With Fed. R. Civ. P. 26; Memorandum of Points and Authorities; Declaration of
Supervising Deputy Attorney General Norman D. Morrison IV [STATE MIL #3] (1:20-CV-01793-KJM-SKO)

**INTRODUCTION**

This lawsuit arises out of a shooting that occurred during the early morning hours on June 18, 2019, on a road next to State Route 43 near Hanford, California. Prior to this incident, Plaintiff Fredie Quair, Jr. had been under surveillance for multiple months as part of a joint Federal, State and local task force known as "Operation Red Reaper" that was investigating the Nuestra Familia criminal organization and the Norteño street gangs in the Kings and Tulare County region. As one of the targets of Operation Red Reaper, Plaintiff was the subject of a combination of video, audio, and electronic surveillance over a period of months performed by the Defendants. This included wiretaps of phone numbers used by Plaintiff and his criminal associates, including Jose Quintero. The months long surveillance captured evidence of Plaintiff engaging in the trafficking of illegal firearms with other criminals, the sales of narcotics, and the discussion of various criminal activities relating to the Norteños and Nuestra Familia.

During the early morning hours of June 18, 2019, Plaintiff and two accomplices, Jose Quintero and David Hernandez, engaged in an armed home invasion robbery of a residence located in Corcoran, California. During the home invasion robbery, Plaintiff's accomplice, David Hernandez, was shot in the stomach. Plaintiff fled the scene on foot, and Hernandez was transported to the hospital by Quintero; the firearm used during the armed home invasion robbery was also in the vehicle used by Quintero.

Plaintiff fled the scene on foot after the shooting, and eventually borrowed a cellular phone from a third-party to call Quintero. During this phone call, which was monitored by the Defendants as part of the court authorized wiretap, they heard Plaintiff and Quintero discussing the armed home invasion robbery, the shooting, the firearm used during the armed home invasion robbery, and Plaintiff's instructions to Quintero to come pick him up from the side of the highway. Plaintiff gave Quintero specific information about his address.

Based upon the phone call, and their knowledge of the armed home invasion robbery that Plaintiff had just committed, and due to the existence of an arrest warrant issued for the Plaintiff by a court, the Defendants began surveillance of the Plaintiff using other vehicles as well as a plane. Plaintiff was subsequently stopped by law enforcement officers in a field alongside the

1    highway. In light of the facts known to them, including Plaintiff's involvement in an armed home

2    invasion robbery where someone had just been shot, as well as Plaintiff's prior history involving

3    firearms, the Defendants performed a "felony traffic stop."

4         After Plaintiff and his accomplice stopped their vehicle, they refused to follow

5    instructions and directions made by Kings County Sheriff's Sergeant Taylor Lopes. Instead,

6    Plaintiff flung open the front passenger side door of his vehicle and immediately assumed an

7    isosceles shooting stance, holding both hands together and extended in front of him consistent

8    with someone holding and intending to use a handgun, pointing towards the Defendants. Plaintiff

9    then suddenly moved his hands upward in a motion consistent with experiencing the physical

10   recoil of a firearm being shot. Knowing Plaintiff had a history of being armed with illegal

11   firearms, having just been involved in an armed home invasion robbery where another individual

12   was shot, seeing Plaintiff assume what was recognized as a shooting stance and displaying a

13   physical reaction consistent with firing a handgun while simultaneously hearing gunfire,

14   Defendants reasonably and logically believed the Plaintiff was shooting at them and discharged

15   their firearms at the Plaintiff and the vehicle he had just exited in self-defense. After being shot,

16   Plaintiff continued to resist arrest by refusing to comply with orders, before he was ultimately

17   taken into custody and treated by emergency medical personnel.

18        On July 25, 2022, Plaintiff served his Initial Expert Designations pursuant to Federal

19   Rules of Civil Procedure Rule 26. Plaintiff's designations identified a single retained expert, as

20   well as seven (7) "non-retained" experts. (Declaration of Supervising Deputy Attorney General

21   Norman D. Morrison IV (Decl. Morrison), ¶ 3.) Plaintiff's July 25, 2022, designation is fatally

22   deficient as to these seven "non-retained" experts, as the designation fails to even begin to

23   comport with, and satisfy, the requirements specifically outlined in Federal Rules of Civil

24   Procedure Rule 26, and Plaintiff has made no effort in the more than three years since to update,

25   supplement, or correct his defective designation. (Decl. Morrison, ¶ 4, 5, 6.)

26        Accordingly, Defendants now move pursuant to Federal Rules of Civil Procedure 26 and

27   37 to exclude these experts from testifying at trial in this case.

28   / / /

Defendants Motion in Limine to Exclude and Prevent Testimony By Plaintiff's Non-Retained Witnesses Due to
Plaintiff's Failure to Comply With Fed. R. Civ. P. 26; Memorandum of Points and Authorities; Declaration of
Supervising Deputy Attorney General Norman D. Morrison IV [STATE MIL #3] (1:20-CV-01793-KJM-SKO)

1

## ARGUMENT

2    **I.    THE COURT HAS THE POWER TO GRANT THIS MOTION IN LIMINE
3           BASED UPON ITS INHERENT POWER TO MANAGE THECOURSE OF
           TRIALS**

4         A motion in limine is "a procedural mechanism to limit in advance testimony or evidence

5    in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Motions in limine

6    are recognized as a proper pretrial request, both in practice and by case law. *See, Ohler v. United

7    States,* 529 U.S. 753, 758 (2000), *United States v. Cook,* 608 F.2d 1175, 1186 (9th Cir. 1979).

8    Authority for these motions is also derived from the Court's inherent power to manage the course

9    of trials. *Luce v. United States,* 469 U.S. 38, 41, n.4 (1984). Pursuant to the arguments set forth

10   below, defendants request that this Court grant their motion and exclude the evidence at issue.

11
     **II.   PLAINTIFF'S JULY 25, 2022, EXPERT DESIGNATION FAILS TO COMPLY
12          WITH AND SATISFY THE REQUIREMENTS OF FEDERAL RULES OF
            CIVIL PROCEDURE 26 AS TO EACH OF THE NON-RETAINED EXPERTS
13          IDENTIFIED THEREIN .**

14        The disclosure of expert witnesses is governed by Rule 26(a) of the Federal Rules of

15   Procedure. *Gonzalez v. City of McFarland*, No. 1:13-CV-00086-JLT, 2014 WL 5781010, at *9

16   (E.D. Cal., Nov. 5, 2014). Pursuant to Federal Rules of Civil Procedure, parties must disclose the

17   identify of any expert witness they may use at trial, along with the other specific information

18   identified in the Federal Rules. The parties must make these disclosures at the time and in the

19   sequence that the court orders, and must supplement any prior disclosures in a timely manner if it

20   learns that the initial disclosures were incomplete or incorrect, or as ordered by the court. Fed. R.

21   Civ. P. 26(a)(2)(A), (B), (D), (E). If a party fails to comply with the requirements of Rule 26(a) or

22   (e), such party "is not allowed to use that information or witness to supply evidence on a motion,

23   at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ.

24   P. 37(c)(1); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir.

25   2001) (explaining Rule 37(c)(1) "gives teeth" to the requirements of Rule 26).

26        In 2010, Rule 26 was amended to address situations where a party seeks to provide the

27   testimony of a non-retained percipient expert, such as Plaintiff seeks to do here. As this Court has

28   previously noted, following the 2010 amendments, the Rule now requires that:

Defendants Motion in Limine to Exclude and Prevent Testimony By Plaintiff's Non-Retained Witnesses Due to
Plaintiff's Failure to Comply With Fed. R. Civ. P. 26; Memorandum of Points and Authorities; Declaration of
Supervising Deputy Attorney General Norman D. Morrison IV [STATE MIL #3] (1:20-CV-01793-KJM-SKO)

…if the witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected testify. *Gonzalez*, 2014 WL 5781010, at *9 (citing Fed. R. Civ. P. 26(a)(2)(C)).

The *Gonzalez* Court continued by explaining that these disclosure requirements were added "to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions." *Id.* (also see Adv. Comm. Notes to 2010 Amendments). The *Gonzalez* Court further specifically noted that "[t]reating physicians are primary examples of who must be identified under Rule 26(a)(2)(A) and provide disclosures pursuant to Rule 26(a)(2)(C) as they may testify as both a fact and expert witness." *Id.* As another court recently explained:

The purpose of the Rule 26(a)(2)(C) requirement is to allow the party in receipt of the disclosure to be able to read the disclosure and immediately be able to identify... what, if any, adverse opinions are being proffered and make an informed decision as to whether it is necessary to take a deposition and whether a responding expert is needed. *Stewart v. United States*, 2025 WL 2093112, at *4 (C.D. Cal. June 24, 2025)

Plaintiff's July 25, 2022, expert disclosure identifies seven different medical providers, but provides absolutely no detail as to the subject matter on which <u>any</u> of these witnesses is expected to testify, nor does it provide a summary of the facts and opinions to which the witness is expected to testify – as specifically required by Federal Rules of Civil Procedure, Rule 26 (a)(2)(C). (Decl. Morrison, ¶ 4.) Instead, as to five of the non-retained experts, the only information provided is the name of the doctor and a hospital address, and a vague, six word parenthetical – "surgeon who performed surgery on Mr. Quair." (Decl. Morrison, ¶ 5.) No further information whatsoever is provided – including the date of the surgery, the provider's involvement in the surgery, what opinions the surgeon is expected to offer at trial or the facts supporting those opinions. (*Id.*) Nor did the disclosure identify where information relating to these experts, their treatment of the Plaintiff, and the opinions and facts they were expected to testify to could be located, including the identification of any particular medical records, dates of treatment, or surgical procedures involved. (*Id.*)

As to the two remaining non-retained experts, the information is even more cryptic and

1    vague. One of the providers is identified only as "Mr. Quair's primary care physician", and the

2    other is identified as "Mr. Quair's nurse practitioner." (Decl. Morrison, ¶ 6.) No other information

3    whatsoever is provided. (*Id.*) Not only does Plaintiff's disclosure fail to meet the minimal

4    standards required by Fed. R. Civ. P. 26, but it fails to provide any information relating to when

5    any treatment was provided by these individuals; what treatment was provided; what opinions the

6    providers were expected to offer at trial or the facts supporting those opinions; or any particular

7    medical records or treatment these providers were expected to testify to. (*Id.*)

8            Defendants were accordingly left unable to ascertain whether these providers are even

9    appropriately identified as non-retained medical providers, in light of the fact that Mr. Quair has

10   remained in custody of the Kings County Sheriff's Department and/or the California Department

11   of Corrections and Rehabilitation continuously since the incident, and therefore any information

12   that these providers have relating to the underlying incident and Mr. Quair's medical care would

13   be based upon information regarding Mr. Quair's medical condition that was obtained from

14   others; in such a situation, neither provider is a "non-retained" provider due to their reliance upon

15   information provided by other medical providers in order to testify, and such providers are

16   correctly identified as "retained" medical providers, which would require a full and complete

17   Rule 26 disclosure report.

18           In *Gonzalez*, as here, the plaintiff failed to provide a summary of the facts and opinions

19   from which the medical providers were expected to testify, and the Court noted that – again, as is

20   the case here – there was no way to determine what the opinions are that the doctors would

21   express or the facts upon which they would rely to develop those opinions. *Gonzalez*, 2014 WL

22   5781010, at *9. Federal Courts have recognized that the failure to disclose the scope of expected

23   expert testimony may prejudice an opposing party in its ability to properly depose that witness,

24   select a rebuttal expert witness, and prepare for trial. *Id.* at *10; *BP West Coast Products, LLC v.*

25   *Shalabi*, No. C11–1341 MJP, 2013 WL 1694660, at *2 (W.D. Wash. April 18, 2013).

26           In *Stewart v United States*, No. 2:22-cv-01276-FWS-MAR, 2025 WL 2093111 (C.D. Cal.

27   July 10, 2025), the Central District recently examined a similar situation and excluded the

28   plaintiff's medical experts due to the plaintiff's failure to comply with the disclosure requirements

Defendants Motion in Limine to Exclude and Prevent Testimony By Plaintiff's Non-Retained Witnesses Due to
Plaintiff's Failure to Comply With Fed. R. Civ. P. 26; Memorandum of Points and Authorities; Declaration of
Supervising Deputy Attorney General Norman D. Morrison IV [STATE MIL #3] (1:20-CV-01793-KJM-SKO)

1    imposed by Rule 26. The *Stewart* Court noted that:

2    > Plaintiff's disclosures concerning the Medical Providers did not satisfy Federal
3    > Rule of Civil Procedure 26(a)(2)(C), which "requires expert disclosures for non-
     > retained experts, such as treating physicians, to state: '(i) the subject matter on
4    > which the witness is expected to present evidence under Federal Rule of Evidence
     > 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness
5    > is expected to testify.' " *Stewart*, 2025 WL 2093111 at *2.

6        It is significant to note in *Stewart* the Court specifically found the plaintiff's designation

7    was insufficient and further noted that it was "clear that Plaintiff intentionally made disclosures

8    designed to give as little information as possible despite the requirements of Rule 26(a)(2)(C)."

9    *Stewart*, 2025 WL 2093111 at *2. This finding is significant here, as in *Stewart* the plaintiff's

10   designation language, while vague and generic, nevertheless was more descriptive and

11   informative than the language used by Plaintiff here in his July 25, 2022, disclosure.

12       In *Krause v. Hawaiian Airlines, Inc.*, No. 2:18-cv-00928 JAM AC, 2019 WL 2598770

13   (E.D. Cal. June 25, 2019), this Court excluded the plaintiff's non-retained medical experts due to

14   a failure to comply with the specific disclosure requirements of Rule 26. The *Krause* Court noted

15   that although the plaintiff provided a thorough summary of the subject matter upon which the

16   expert was expected to testify, the plaintiff "failed to provide any indication of the actual "facts

17   and opinions" to which Dr. Maskowitz, or any of her other non-retained experts, would testify."

18   *Id.* at *5. The *Krause* Court specifically noted that the disclosures in that case, much like

19   Plaintiff's disclosures here, "provide not even a hint as to what "facts and opinions" their

20   testimony will convey." *Id.*i

21       The *Krause* Court found the disclosure to be insufficient, because:

22   > An opposing party should be able (and entitled) to read an expert disclosure,
     > determine what, if any, adverse opinions are being proffered and make an
23   > informed decision as to whether it is necessary to take a deposition and whether a
     > responding expert is needed." Burreson, 2014 WL 4195588, at *5, 2014 U.S. Dist.
24   > LEXIS 117590. Taking the Maskowitz disclosure as an example, the provided
     > summary does not reveal what plaintiff's diagnoses or treatments actually were,
25   > what care she received, why Dr. Maskowitz believes the incident caused her
     > injuries, or what his interpretation of the imaging studies actually is. As written, it
26   > is impossible for defendant to tell what next steps might be beneficial in preparing
     > for trial. These disclosures do not satisfy either the letter of Rule 26(a)(2)(C), or its
27   > underlying policy.

28       Similarly, in *Pineda v. City and County of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal.

Defendants Motion in Limine to Exclude and Prevent Testimony By Plaintiff's Non-Retained Witnesses Due to
Plaintiff's Failure to Comply With Fed. R. Civ. P. 26; Memorandum of Points and Authorities; Declaration of
Supervising Deputy Attorney General Norman D. Morrison IV [STATE MIL #3] (1:20-CV-01793-KJM-SKO)

2012), the court found an expert disclosure to be insufficient to satisfy the requirements of Rule

26 where the disclosure stated that the non-retained treating physicians would "present factual

and opinion testimony on causation, diagnosis, prognosis, [and] extent of [plaintiff's] disability"

based on a review of plaintiff's medical records." In *Christenson v. Goodman Distribution, Inc.*,

No. 2:18–cv–2776–MCE–KJN, 2021 WL 71799 (E.D. Cal. Jan. 8 2021), this Court similarly

excluded testimony by non-retained medical providers. In *Christenson*, the plaintiff initially

provided a one-to-two-sentence generic summary for each of the witnesses, and then

subsequently provided amended disclosures containing slightly more information. However, the

*Christenson* Court concluded that the amended disclosures still failed to comply with the

requirements of Rule 26(a)(2)(C) because "they [did] not include a "summary of the facts and

opinions" to which each witness is expected to testify." *Id.* at *3. The *Christenson* Court

specifically noted that a "highly generalized statement" did not qualify as a summary of the

opinions for purposes of Rule 26(a)(2)(C), because it did not provide the defendant with

information regarding the specific nature and scope of the opinions that would be provided at

trial. *Id.* at *3, 5.

In *Robinson v. HD Supply, Inc.*, 2013 WL 5817555, at *2 (E.D. Cal. Oct. 29, 2013), this

Court explained that while the plaintiff was not required to file a detailed, written report under

Rule 26(a)(2)(B) for his treating healthcare providers, "to the extent he seeks to elicit expert

opinion testimony from these individuals, he was required to disclose the expected "subject

matter" of that testimony and "a summary of the facts and opinions to which the witness[es][are]

expected to testify." A mere statement that the witnesses were medical providers and have

knowledge of the Plaintiff's medical diagnosis and/or treatment was recognized as being

insufficient to satisfy the requirements of Rule 26. *Id.*

It is accordingly well established that, in order to satisfy the requirements of Rule 26 and

seek to introduce and rely upon expert testimony at trial from non-retained medical providers,

Plaintiff was required to not only identify the provider, but also to specifically disclose the

expected subject matter of the testimony <u>and</u> a summary of the facts and opinions upon which

each of the seven witnesses was expected to testify. Plaintiff's disclosure fails to remotely begin

1  to satisfy these requirements, as the only information provided is the name of the witness, a

2  hospital (or other) address, and a generic, single sentence statement that the witness was one of

3  the Plaintiff's medical providers at some previous point in time. These witnesses accordingly

4  must be barred and excluded from testifying or offering opinions at trial. Fed. R. Civ. P. 37.

### III. FEDERAL RULES OF CIVIL PROCEDURE RULE 37 MANDATE EXCLUSION OF EXPERT TESTIMONY WHERE A PARTY FAILS TO COMPLY WITH RULE 26, AS PLAINTIFF DID HERE.

8        Pursuant to Federal Rules of Civil Procedure Rule 37(c)(1), if a party fails to properly

9  disclose an expert, "the party is not allowed to use that information or witness to supply evidence

10  on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

11  *Gonzalez*, 2014 WL 5781010, at *10. "Rule 37(c)(1) gives teeth to these requirements by

12  forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not

13  properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th

14  Cir.2001); *Rhodes v. Sutter Health*, 949 F.Supp.2d 997, 1010 (E.D. Cal. 2013). "The Advisory

15  Committee Notes describe [Rule 37(c)(1) ] as a "self-executing," "automatic" sanction to

16  "provide[ ] a strong inducement for disclosure of material." *Yeti by Molly, Ltd.*, 259 F.3d at 1106.

17  (quoting Fed. R. Civ. P. 37(c) advisory committee's notes (1993)).

18        In order to avoid the mandatory exclusion bar imposed by Rule 37, Plaintiff must show

19  that his failure to comply with the disclosure requirement was either substantially justified or

20  harmless. *Yeti by Molly, Ltd.*, 259 F.3d at 1107. Plaintiff is unable to satisfy this requirement.

21        Federal Courts have recognized that the failure to disclose the scope of expected expert

22  testimony can prejudice an opposing party's ability to properly depose that witness, select a

23  rebuttal expert witness, and prepare for trial. *Gonzalez*, 2015 WL 5781010, at * 10 (citing *BP*

24  *West Coast Products*, 2013 WL 1694660, at *2 [excluding witness as experts where the non-

25  moving party failed "to provide more than a one sentence description" of expected expert

26  testimony, leaving the moving party "no way of preparing to oppose the witnesses"]).

27        In *Stewart v. United States*, the Central District recently highlighted the prejudice to a

28  party that arises and persists when an opposing party fails to comply with the specific disclosure

1   requirements imposed by Rule 26. As the *Stewart* Court explained:

2
> As written, it is impossible for defendant to tell what next steps might be beneficial
> in preparing for trial. These disclosures do not satisfy either the letter of Rule
3   > 26(a)(2)(C), or its underlying policy." *Krause*, 2019 WL 2598770, at *5; *see also*
> *Alfaro v. D. Las Vegas, Inc.*, 2016 WL 4473421, at *14 (D. Nev. Aug. 24, 2016),
4   > *aff'd*, 2017 WL 3172539 (D. Nev. July 26, 2017), and *aff'd sub nom. Torrez v. D.
> Las Vegas, Inc.*, 773 F. App'x 950 (9th Cir. 2019) ("A party that fails to timely
5   > comply with its Rule 26(a) and (e) disclosure requirements unfairly interferes with
> opposing counsel's ability to properly prepare the case for deposition and trial. It
6   > also thwarts opposing counsel's ability to determine whether its own experts are
> required, unnecessarily prolongs litigation, and interferes with the court's
7   > management of its docket."). In other words, because of the inadequate
> disclosures, Defendant did not have an opportunity to depose the Medical
8   > Providers or find a rebuttal witness tailored to the Medical Providers' opinions,
> which Defendant would have been able to do with sufficient disclosures. *See*
9   > *Cooke*, 2013 WL 551508, at *4; *Krause*, 2019 WL 2598770, at *5. *Stewart*, 2025
> WL 2093112, at *4.

10

11       Similarly, more than a decade ago, this Court recognized that the failure to comply with

12   the disclosure requirements creates prejudice to an opposing litigant, as it impairs that party's

13   ability to properly depose that witness, select a rebuttal expert witness, and prepare for trial.

14   *Robinson*, 2013 WL 5817555, at *3. Additionally, as the Northern District has recognized,

15   defective and deficient expert disclosures create prejudice because:

16
> Without information as to the opinions Plaintiffs' non-retained expert witnesses are
> expected to testify to and the main facts on which these opinions are based,
17   > Defendant's ability to meaningfully depose or cross-examine these witnesses is
> undermined. Further, absent disclosure of the information required under Rule
18   > 26(a)(2)(C), Defendant cannot make an informed decision on which, if any, of the
> twelve treating physicians it should depose. Indeed, as Defendant points out, given
19   > the inadequate disclosure, Defendant is relegated to deposing all thirteen non-
> retained experts in order to determine what these experts will testify to at trial.
20   > *Pineda v. City and County of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal.
> 2012)

21

22       Defendants anticipate that Plaintiff will argue that, because the July 25, 2022, disclosure

23   identifies the medical providers, that Defendants could have taken their deposition to obtain their

24   opinions. Such an argument was unequivocally rejected by the *Stewart* Court*, which explained

25   that:

26
> …accepting Plaintiff's "argument would virtually gut the intent and purpose of
> Rule 26(a)(2)(C), by placing the burden on defendant to sift through all the
> medical records to try to figure out what opinions [the Medical Providers] may
27   > have included therein." Christensen, 2021 WL 71799, at *4. **If, under these
> facts, the Court were to consider [Plaintiff's] failure to properly disclose these
28   > opinions and facts harmless"** and thereby "allow this kind of 'find the Easter

Defendants Motion in Limine to Exclude and Prevent Testimony By Plaintiff's Non-Retained Witnesses Due to
Plaintiff's Failure to Comply With Fed. R. Civ. P. 26; Memorandum of Points and Authorities; Declaration of
Supervising Deputy Attorney General Norman D. Morrison IV [STATE MIL #3] (1:20-CV-01793-KJM-SKO)

Egg' approach," "**this would virtually gut the intent and purpose of Rule 26(a)(2)(C)**" and "**allow litigants to manipulate the expert disclosure rule in a way that would materially increase the cost of litigation**." *Stewart,* 2025 WL 2093112, at *4 (emphasis original).

The *Christensen* Court likewise rejected similar arguments. In *Christensen,* the Plaintiff argued that "[w]ith the above disclosure and all the medical records already obtained," defendant "has more than sufficient information for preparing for and completing the depositions" of plaintiff's experts." *Christensen,* 2021 WL 71799, at *4. The *Christensen* Court flatly and unequivocally rejected such an argument, holding:

> This argument is totally unavailing. Accepting that argument would "virtually gut the intent and purpose of Rule 26(a)(2)(C)," *Cooke,* 2013 WL 551508, at *5, by placing the burden on defendant to sift through all the medical records to try to figure out what opinions Dr. McAndrew may have included therein, see *Brown v. Providence Med. Ctr.*, 2011 WL 4498824, at *1 (D. Neb. Sept. 27, 2011). Moreover, medical records are often open to multiple interpretations when it comes to providers' opinions about the causation of a patient's condition or symptoms. Furthermore, it would require defendant to depose Dr. McAndrew to learn what are his opinions – precisely what Rule 26 was designed to eliminate. Instead, Rule 26(a)(2)(C)'s requirement of a summary of what the provider's opinion actually is provides much needed clarity in this regard.

Stated succinctly, Plaintiff cannot demonstrate any facts showing that his actions and failure to comply with the well-established requirements of Rule 26 were either substantially justified or failed to create prejudice. Not only did Plaintiff fail to serve disclosures compliant with the well-established requirements of Rule 26, but Plaintiff failed to make <u>any</u> attempt to cure or mitigate his failure by serving amended disclosures, or providing any further information regarding the specific scope, facts, and opinions Plaintiff seeks to have these witnesses testify to. (Morrison Decl., ¶ 7.) As the parties are now less than a month from trial, the prejudice cannot be avoided, minimized, or eliminated as there is insufficient time for Rule-compliant disclosures to be provided, discovery conducted, rebuttal experts obtained, and trial preparations completed.

Accordingly, this Court must bar each of Plaintiff's non-retained witnesses from testifying at trial in any form, including offering opinions or testifying as to facts.

/ / /

/ / /

/ / /

10

**<u>CONCLUSION</u>**

Defendants accordingly request that this Court grant this motion in limine barring Plaintiff from providing any opinions or facts derived from the non-retained experts, as well as barring the non-retained witnesses from testifying at trial as to the facts, opinions, conclusions, or any other subject matter.

Dated: October 27, 2025                                    Respectfully submitted,

ROB BONTA
Attorney General of California


NORMAN D. MORRISON
Supervising Deputy Attorney General
*Attorneys for Defendants Neil Compston,*
*John Silveira and Edward Sinclair (BI)*

11

### DECLARATION OF SUPERVISING DEPUTY ATTORNEY GENERAL

### NORMAN D. MORRISON IV IN SUPPORT OF EX PARTE MOTION

I, Norman D. Morrison IV, do hereby declare as follow:

1.      I am employed by the State of California Department of Justice, Office of the Attorney General, as a Supervising Deputy Attorney General. I am counsel of record for Defendants Neil Compston, John Silveira and Edward Sinclair in this case. I am aware of the facts identified herein, and if called to testify I could and would testify accurate to them. This Declaration is made in support of the Defendants' Motion in Limine to exclude testimony by, and evidence from, Plaintiff's "nonretained" medical experts for failure to comply with Federal Rules of Civil Procedure 26 and 37.

2.      This lawsuit arises out of a shooting that occurred during the early morning hours on June 18, 2019, on a road next to State Route 43 near Hanford, California. Prior to this incident, Plaintiff Freddie Quair, Jr. had been under surveillance for multiple months as part of a joint Federal, State and local task force known as "Operation Red Reaper" that was investigating the Nuestra Familia criminal organization and the Norteño street gangs in the Kings and Tulare County region. As one of the targets of Operation Red Reaper, Plaintiff was the subject of a combination of video, audio, and electronic surveillance over a period of months performed by the Defendants. This included wiretaps of phone numbers used by Plaintiff and his criminal associates, including Jose Quintero. The months-long surveillance captured evidence of Plaintiff engaging in the trafficking of illegal firearms with other criminals, the sales of narcotics, and the discussion of various criminal activities relating to the Norteños and Nuestra Familia.

3.      On July 25, 2022, Plaintiff served his Initial Expert Designations pursuant to Federal Rules of Civil Procedure Rule 26. Plaintiff's designations identified a single retained expert, as well as seven (7) "non-retained" experts. Attached hereto as Exhibit "A" is a true and correct copy of the relevant portion of Plaintiff's July 25, 2022, Rule 26 initial disclosures.

4.      Plaintiff's July 25, 2022, expert disclosure identifies seven different medical providers, but provides absolutely no detail as to the subject matter on which <u>any</u> of these witnesses is expected to testify, nor does it provide a summary of the facts and opinions to which

1  the witness is expected to testify – as specifically required by Federal Rules of Civil Procedure,

2  Rule 26 (a)(2)(C).

3       5.     For each of the five non-retained experts identified by Plaintiff in his Rule 26

4  disclosure, the only information provided is the name of the doctor and a hospital address, and a

5  vague, six word parenthetical – "surgeon who performed surgery on Mr. Quair." No further

6  information whatsoever is provided – including the date of the surgery, the provider's

7  involvement in the surgery, what opinions the surgeon is expected to offer at trial or the facts

8  supporting those opinions. Nor did the disclosure identify where information relating to these

9  experts, their treatment of the Plaintiff, and the opinions and facts they were expected to testify to

10  could be located, including the identification of any particular medical records, dates of treatment,

11  or surgical procedures involved.

12       6.     As to the two remaining non-retained experts, the information is even more cryptic

13  and vague. One of the providers is identified only as "Mr. Quair's primary care physician", and

14  the other is identified as "Mr. Quair's nurse practitioner." No other information whatsoever is

15  provided, including when any treatment was provided by these individuals; what treatment was

16  provided; what opinions the providers were expected to offer at trial or the facts supporting those

17  opinions; or any specific medical records or treatment these providers were expected to testify to.

18       7.     Plaintiff failed to make any attempt to cure or mitigate his failure by serving

19  amended disclosures, or providing any further information regarding the specific scope, facts, and

20  opinions Plaintiff seeks to have these witnesses testify to in the more than three years since his

21  Rule 26 disclosure to update, supplement, or correct his defective designation.

22       I hereby declare under penalty of perjury that the foregoing is true and correct. Executed

23  this 27th day of October, 2025, in Fresno, California.

24

25

26                Norman D. Morrison IV

27

28                   13

Defendants Motion in Limine to Exclude and Prevent Testimony By Plaintiff's Non-Retained Witnesses Due to
Plaintiff's Failure to Comply With Fed. R. Civ. P. 26; Memorandum of Points and Authorities; Declaration of
Supervising Deputy Attorney General Norman D. Morrison IV [STATE MIL #3] (1:20-CV-01793-KJM-SKO)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit

# A

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
*dalekgalipo@yahoo.com*
Eugenia Bagdassarian, Esq. (SBN 334898)
*ebagassarian@galipolaw.com*
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333;  Fax: (818) 347-4118

**LAW OFFICE OF DARRELL J. YORK**
Darrell J. York (SBN 145601)
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: (661) 362-0828; Fax: (877) 221-3306
Email:  djylaw@gmail.com

*Attorneys for Plaintiff Fredie Quair*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE QUAIR, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive, <br><br> Defendants. | CASE No.: 1:20-CV-01793-JLT-SKO <br><br> **PLAINTIFF'S RULE 26 INITIAL EXPERT DESIGNATION** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure, Plaintiff Fredie Quair hereby designates the following retained expert witness who may be called upon to give expert testimony at trial. Plaintiff reserves the right to supplement and/or amend this disclosure.

/ / /

/ / /

**RETAINED EXPERTS:**

   **1. Curt Rothschiller**

     KJB Consulting, Inc.

     5021 Verdugo Way #187

     Camarillo, CA

     (805) 947-8323

Mr. Rothschiller is a police practices expert.  Mr. Rothschiller's Rule 26 report, C.V., fee schedule, and list of prior sworn testimony are collectively attached hereto as **Exhibit "A."**

**NON-RETAINED EXPERTS:**

   1. **Dr. Ammon Rasmussen** (surgeon who performed surgery on Mr. Quair)

     Kaweah Delta Health Care District

     400 W. Mineral King Ave.

     Visalia, CA 93291

   2. **Dr. Joseph Ford** (surgeon who performed surgery on Mr. Quair)

     Kaweah Delta Health Care District

     400 W. Mineral King Ave.

     Visalia, CA 93291

   3. **Dr. Matthew Campbell** (surgeon who performed surgery on Mr. Quair)

     Kaweah Delta Health Care District

     400 W. Mineral King Ave.

     Visalia, CA 93291

   4. **Dr. Nichole Atherton** (surgeon who performed surgery on Mr. Quair)

     Kaweah Delta Health Care District

     400 W. Mineral King Ave.

     Visalia, CA 93291

5. **Dr. Lindita Coku** (surgeon who performed surgery on Mr. Quair)

   Kaweah Delta Health Care District

   400 W. Mineral King Ave.

   Visalia, CA 93291

6. **Dr. Naeem Siddiqi** (Mr. Quair's primary care physician)

   Visalia Health Care Center

   2611 N. Dinuba Blvd.

   Visalia, CA 93291

7. **Dr. Robynn Weston** (Mr. Quair's nurse practitioner)

   Wellpath

   329 West 8th Street

   Hanford, CA 93230

DATED: July 25, 2022

LAW OFFICES OF DALE K. GALIPO
LAW OFFICES OF DARRELL J. YORK

_____

Dale K. Galipo
Darrell J. York
Eugenia Bagdassarian
*Attorneys for Plaintiff Fredie Quair*

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3    I am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard,

4    Suite 310, Woodland Hills, California 91367.

5    On July 25, 2022, I served the foregoing document described as: **PLAINTIFF'S RULE 26 INITIAL EXPERT DESIGNATION**, on all interested parties, through their respective attorneys of

6    record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list.

7

8    METHOD OF SERVICE

9    ☒    (BY MAIL) I enclosed the documents in a sealed envelope or package and addressed to the

10    parties at the addresses as indicated on the attached service list.

11    ☐    I deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid thereon.

12    ☒    I placed the envelope or package for collection and mailing, following our

13    ordinary business practices. I am readily familiar with the practice of this office for the collection, processing and mailing of documents. On the same day that

14    documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope

15    with postage fully prepaid.

16    ☒    (BY ELECTRONIC SERVICE) I caused the foregoing document(s) to be sent via electronic

17    transmittal to the notification addresses listed below as registered with this court's case management/electronic court filing system.

18

19    ☐    (BY FEDERAL EXPRESS) I enclosed the documents in an envelope or

package provided by an overnight delivery carrier and addressed to the persons at the addresses

20    as indicated on the attached service list. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

21

22    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

23

Executed on July 25, 2022, at Woodland Hills, California.

24

25

26

27    Karen Slyapich

28

4

PLAINTIFF'S RULE 26 INITIAL EXPERT DESIGNATION

1

<u>SERVICE LIST</u>

2

James J. Arendt, Esq.
WEAKLEY & ARENDT

3

5200 N. Palm Avenue, Suite 211
Fresno, CA 93704

4

Tel:    (559) 221-5256
Fax:    (559) 221-5262

5

Email:  james@walaw-fresno.com

6

*Attorney for Defendants County of Kings and Taylor Lopes*

7

Rob Bonta
Attorney General

8

Pamela J. Holmes, State Bar No. 147360
Supervising Deputy Attorney General

9

Norman D. Morrison, State Bar No. 212090
Deputy Attorney General

10

2550 Mariposa Mall, Room 5090
Fresno, CA  93721

11

Telephone:  (559) 705-2304
Fax: (559) 445-5106

12

E-mail:  Norman.Morrison@doj.ca.gov

13

*Attorney for Defendants Neil Compston, John Silveira, and Edward Sinclair*

14

Darrell J. York, Esq. (SBN 145601)
LAW OFFICE OF DARRELL J. YORK

15

1935 East Vine Street, Suite 140
Salt Lake City, Utah 84121

16

Telephone: (661) 478-9640
Email:  djylaw@gmail.com

17

*Attorney for Plaintiff, Freddie Quair*

18

19

20

21

22

23

24

25

26

27

28