Rob Bonta, State Bar No. 202668
Attorney General of California
Norman D. Morrison, State Bar No. 212090
Supervising Deputy Attorney General
  2550 Mariposa Mall, Room 5090
  Fresno, CA  93721-2271
  Telephone: (559) 705-2304
  Fax: (559) 445-5106
  E-mail: Norman.Morrison@doj.ca.gov
*Attorneys for Defendants Neil Compston,
John Silveira and Edward Sinclair*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| FREDDIE QUAIR,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | Case No. 1:20-CV-01793-KJM-SKO<br><br>**DEFENDANTS MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO PRIOR ACTS AND INVOLVEMENT BY ANY DEFENDANT IN A PRIOR USE OF FORCE INCIDENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[STATE MIL NO. 6][1]<br><br>Trial Date:  November 10, 2025<br>Action Filed:  December 21, 2020 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE THAT Defendants NEIL COMPSTON, JOHN SILVEIRA and EDWARD SINCLAIR (Defendants) hereby move the Court for an order in limine precluding Plaintiff's from seeking to introduce any testimony or evidence relating to any prior acts or events involving any of the Defendants, including Kings County Sheriff's Sergeant Taylor Lopes, at trial and ordering Plaintiff to instruct his witnesses, experts, and those under his control or

---

[1] For purposes of judicial convenience and reference, the State Defendants' Motions in Limine are identified pursuant to the numbering and designation set forth in the Court's Final Pretrial Order (ECF 83), at 4-5.

1

Defendants Motion in Limine to Exclude Evidence Relating to Prior Acts and
Involvement by Any Defendant in a Prior Use of Force Incident; Memorandum of Points and Authorities
[STATE MIL #6] (1:20-CV-01793-KJM-SKO)

direction from seeking to introduce any such testimony.

This motion is based upon this notice of motion, the attached memorandum of points and authorities, the attached declaration of Supervising Deputy Attorney General Norman D. Morrison IV, all pleadings and records on file in this action, and on such further authority, evidence, or argument as may be presented at or before the time of any hearing on this motion.

**Statement of Compliance:**

This Motion is made in response to this Court's July 24, 2025, ruling (ECF 83), as well as the discussions on the record about the issue during the final pretrial conference held in this matter.

Dated:  October 27, 2025                                   Respectfully submitted,

ROB BONTA
Attorney General of California

NORMAN D. MORRISON
Supervising Deputy Attorney General
*Attorneys for Defendants Neil Compston, John Silveira and Edward Sinclair (BI)*

FR2021301267
95662883

2

**INTRODUCTION**

This lawsuit arises out of a shooting that occurred during the early morning hours on June 18, 2019, on a road next to State Route 43 near Hanford, California. Prior to this incident, Plaintiff Fredie Quair, Jr. had been under surveillance for multiple months as part of a joint Federal, State and local task force known as "Operation Red Reaper" that was investigating the Nuestra Familia criminal organization and the Norteño street gangs in the Kings and Tulare County region. As one of the targets of Operation Red Reaper, Plaintiff was the subject of a combination of video, audio, and electronic surveillance over a period of months performed by the Defendants. This included wiretaps of phone numbers used by Plaintiff and his criminal associates, including Jose Quintero. The months long surveillance captured evidence of Plaintiff engaging in the trafficking of illegal firearms with other criminals, the sales of narcotics, and the discussion of various criminal activities relating to the Norteños and Nuestra Familia.

During the early morning hours of June 18, 2019, Plaintiff and two accomplices, Jose Quintero and David Hernandez, engaged in an armed home invasion robbery of a residence located in Corcoran, California. During the home invasion robbery, Plaintiff's accomplice, David Hernandez, was shot in the stomach. Plaintiff fled the scene on foot, and Hernandez was transported to the hospital by Quintero; the firearm used during the armed home invasion robbery was also in the vehicle used by Quintero.

Plaintiff fled the scene on foot after the shooting, and eventually borrowed a cellular phone from a third-party to call Quintero. During this phone call, which was monitored by the Defendants as part of the court authorized wiretap, they heard Plaintiff and Quintero discussing the armed home invasion robbery, the shooting, the firearm used during the armed home invasion robbery, and Plaintiff's instructions to Quintero to come pick him up from the side of the highway. Plaintiff gave Quintero specific information about his address.

Based upon the phone call, and their knowledge of the armed home invasion robbery that Plaintiff had just committed, and due to the existence of an arrest warrant issued for the Plaintiff by a court, the Defendants began surveillance of the Plaintiff using other vehicles as well as a

1

Defendants Motion in Limine to Exclude Evidence Relating to Prior Acts and Involvement by Any Defendant in a Prior Use of Force Incident; Memorandum of Points and Authorities [STATE MIL #6] (1:20-CV-01793-KJM-SKO)

plane. Plaintiff was subsequently stopped by law enforcement officers in a field alongside the highway. In light of the facts known to them, including Plaintiff's involvement in an armed home invasion robbery where someone had just been shot, as well as Plaintiff's prior history involving firearms, the Defendants performed a "felony traffic stop."

After Plaintiff and his accomplice stopped their vehicle, they refused to follow instructions and directions made by Kings County Sheriff's Sergeant Taylor Lopes. Instead, Plaintiff flung open the front passenger side door of his vehicle and immediately assumed an isosceles shooting stance, holding both hands together and extended in front of him consistent with someone holding and intending to use a handgun, pointing towards the Defendants. Plaintiff then suddenly moved his hands upward in a motion consistent with experiencing the physical recoil of a firearm being shot. Knowing Plaintiff had a history of being armed with illegal firearms, having just been involved in an armed home invasion robbery where another individual was shot, seeing Plaintiff assume what was recognized as a shooting stance and displaying a physical reaction consistent with firing a handgun while simultaneously hearing gunfire, Defendants reasonably and logically believed the Plaintiff was shooting at them and discharged their firearms at the Plaintiff and the vehicle he had just exited in self-defense. After being shot, Plaintiff continued to resist arrest by refusing to comply with orders, before he was ultimately taken into custody and treated by emergency medical personnel.

Plaintiff's trial witness and exhibit lists make it clear that Plaintiff seeks to introduce evidence relating to prior acts of the Defendants, specifically including prior incidents involving the use of force by Kings County Sheriff's Department Sergeant Taylor Lopes. Accordingly, Defendants now move pursuant to Federal Rules Evidence 403, 404 and 406 to exclude these evidence at trial. Defendants contend that introduction of such evidence, albeit against a co-Defendant, nevertheless is highly prejudicial and will lead to juror confusion in this situation.

///

///

///

# ARGUMENT

## I. Plaintiff's Pre-Trial Documents Demonstrate That Plaintiff Seeks To Use The Alleged Prior Incident as Improper Character Evidence, In Violation of the Federal Rules of Evidence.

Defendants anticipate that Plaintiff intends to attempt to utilize unrelated prior incidents involving one of the Defendants, Kings County Sheriff's Sergeant Taylor Lopes, in an attempt to argue that Defendant Lopes acted in a specific manner in this incident, thereby seeking to have the jury find him 'guilty' based not upon the facts of this case but upon the prior incident. This conclusion is specifically supported, and highlighted, by Plaintiff's own expert's report and opinions, where he relies specifically upon four prior use of force incidents involving Sergeant Lopes to support his conclusion that Sergeant Lopes' actions in this instance were excessive. (Rothschiller Report, ¶¶ 99, 100, 101, 111.)[2] This is exactly the type of evidence that Fed. R. Evid. 404 and 406 prohibits.

Character evidence is generally not admissible when offered "to prove that on a particular occasion the person acted in accordance with the character or trait." *United States v. Gyamfi*, 805 F.3d 668, 674-675 (6th Cir. 2015); *United States v. Wright*, 363 F.3d 237, 246-247 (3rd Cir. 2004); *United States v. Lynch*, 437 F.3d 902, 913 (9th Cir. 2006). Character evidence, or evidence of prior wrongful acts, may not be admitted merely to show a defendant's propensity to commit the act in question, which is exactly what Plaintiffs seek to do. *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2nd Cir. 1991).

Pursuant to Fed. R. Evid. 404, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." (Fed. R. Evid. 404(a)). Similarly, Fed. R. Evid. 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Evidence of other crimes, wrongs or acts under Fed. R. Evid. 404 is not looked upon with favor by the courts. *United States v. Herrera-Medina*, 609 F.2d 376, 379 (9th Cir. 1979); *United States v. Aims Back*,

---

[2] A copy of Plaintiff's Fed. R. Civ.P. 26 designation, including the report of Rothschiller, is attached as an exhibit to the State Defendants' Motion in Limine Nos. 2 and 3.

3

Defendants Motion in Limine to Exclude Evidence Relating to Prior Acts and Involvement by Any Defendant in a Prior Use of Force Incident; Memorandum of Points and Authorities [STATE MIL #6] (1:20-CV-01793-KJM-SKO)

588 F.2d 1283, 1287 (9th Cir. 1979).

### A. Evidence of Unrelated Prior Incidents Is Not Admissible In Civil Rights Cases Involving An Officer's Use of Force.

The admissibility of evidence of other crimes, wrongs, or acts, other than those at issue in the complaint, must be decided on the facts and circumstances in each particular case. *Aims Back*, 588 F.2d at 1287. To be admissible, evidence of other acts and wrongs must: (1) be relevant and not unduly prejudicial; (2) it must be sufficiently close in time and manner to the incident at issue, (3) is a matter in issue other than a defendant's propensity to commit the offense at issue; (4) it is clear and convincing; and (5) its probative value is not substantially outweighed by the danger of unfair prejudice. *U.S. v. Prewitt*, 34 F.3d 426, 439 (7th Cir. 1994); *United States v. Hinton*, 31 F.3d 817, 822 (9th Cir. 1994); *United States v. Shedlock*, 62 F.3d 214, 218 (8th Cir. 1995). As another court explained, such evidence is only admissible where:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*United States v. Lennartz*, 948 F.2d 363, 366 (7th Cir. 1991).

In a civil rights case, an "officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force…" *Baker v. County of San Diego*, No. 09-CV-1194-BEN, 2012 WL 1903899, at *2 (S.D. Cal. May 24, 2012); *Graham v. Connor*, 490 U.S. 386, 397 (1989). In *Todd v. Baker*, No. CV 10-127-M-DWM, 2012 WL 1999629, at *8 (D. Montana June 4, 2012), the court excluded evidence of complaints regarding police officers' alleged prior bad acts and complaints against them. Similar to the Plaintiffs' arguments here, in *Todd* the plaintiffs alleged that "other incidents of allegations of excessive use of force[ ] and failure to report use of force accurately have at least a 'tendency' to establish the individual officers' motive, intent, [and] absence of mistake or accident." *Id.* The *Todd* court flatly rejected

4

this argument, holding "…the question for the jury is whether the use of force was reasonable in this particular instance, 'without regard to [the officers'] underlying intent or motivation.' …The jury must only decide whether the officers' judgment was reasonable…." *Id.*; *Leibel v. City of Buckeye*, 556 F.Supp.3d 1042, 1071 (D. Arizona 2021).

In *United States v. Charley*, 1 F.4th 637 (9th Cir. 2021), the Court recognized that generally "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." *Charley*, 1 F.4th at 645. The *Charley* court further recognized:

> Specific instances of prior conduct offered to prove one's character "possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time," so "the rule confines the use of evidence of this kind to cases in which character is, in the strict sense, in issue and hence deserving of a searching inquiry."

*Charley*, 1 F.4th at 647.

In discussing the admissibility of evidence of prior crimes, wrongs, or incidents, the *Charley* Court explained:

> It is well-established that evidence of a prior crime, wrong, or incident "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character….The rule is designed to avoid a danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced that the defendant is a bad man deserving of punishment."

*Charley*, 1 F.4th at 647.

The *Charley* Court then proceeded to hold evidence of the defendant's prior acts to be inadmissible. The Court explained that "an intent to assault is not transferrable across dissimilar and unique sets of circumstances." *Charley*, 1 F.4th at 648; *also see United States v. Bettencourt*, 614 F.2d 214, 217 (9th Cir. 1980) ("A showing of intent to assault on an earlier occasion proves little, if anything, about an intent to assault at some later time."). The *Charley* Court proceeded to note the dissimilarities between the two events at issue, including the fact they involved different parties, they involved different relationships between the defendant and the victims, the prior incidents involved different victims, and there is no evidence that the defendant asserted a similar

defense in the prior events. *Charley*, 1 F.4th at 649-650. Even where evidence of prior acts is admissible, it is impermissible for the party seeking its admission to argue that such evidence reflects a defendant's character. *Id.* at 651-652; *United States v. Derington*, 229 D.3d 1243, 1247 (9th Cir. 2000).

Significantly, the *Charley* Court held that the erroneous admission of the prior acts evidence was not harmless error, admonishing that "[b]ecause character evidence "is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge," the erroneous admission of this evidence was not harmless." *Charley*, 1 F.4th at 652; *Michelson v. United States*, 335 U.S. 469, 476 (1948).

In *United States v. Berckmann*, 971 F.3d 999 (9th Cir. 2020), the court noted that evidence of prior acts is admissible where it is introduced to help the jury understand the relationship between the defendant and a particular victim, and not to characterize the defendant as someone who has a propensity to be violent. *Id*. at 1004. In *Berckmann*, the court admitted evidence of the prior acts because it related to prior acts of violence by the defendant against the *same victim*. *Id.* at 1002. As the court noted, "[o]ther acts of domestic violence involving the same victim are textbook examples of evidence admissible under Rule 404(b)". *Id.* The *Berckmann* Court then distinguished situations involving prior acts involving the same victim from those involving other victims, finding that in cases involving other victims the evidence was dissimilar and not admissible. *Id.* at 1003-1004; *United States v. Bettencourt*, 614 F.2d 214, 215 (9th Cir. 1980)(holding evidence of defendant's prior wrongful act of interfering with different local officials at a different time was inadmissible in case alleging interference with a Secret Service Agent in the performance of his official duties was inadmissible in later case as it shed very little light on the defendant's mindset, "smacked of classic propensity: there was "no rational connection between the two occurrences," and the testimony was only "slightly probative" of defendant's intent at the time of the alleged crime."); *United States v. San Martin*, 971 F.3d 999, 920-923 (holding evidence of defendant's prior wrongful acts of resisting arrest, opposing a

6

Defendants Motion in Limine to Exclude Evidence Relating to Prior Acts and
Involvement by Any Defendant in a Prior Use of Force Incident; Memorandum of Points and Authorities
[STATE MIL #6] (1:20-CV-01793-KJM-SKO)

public officer and for assault and battery were inadmissible in later case of assaulting a Federal Bureau of Investigations agent who was attempting to arrest him; the prior acts were remote in time, involved completely different victims, and did not help the jury determine the defendant's mindset towards the FBI agent, other than to suggest that the defendant had the "disposition or character" to assault agents and therefore constituted classic prohibited character evidence.)

Similarly, in *Baker*, the court held evidence of alleged prior bad acts by the defendant peace officers was inadmissible as it amounted "to [e]vidence of a crime, wrong, or other act [that the Plaintiff is trying to use] to prove [the deputies'] character in order to show that on [this] particular occasion [they] acted in accordance with the character." *Baker*, 2012 WL 1903899, at *2. As the *Baker* Court further held:

> Evidence of the deputies' motive, however, is irrelevant as to whether the deputies' actions were objectively reasonable for purposes of the § 1983 excessive force claim. Therefore, because evidence of these "bad acts" cannot be introduced to prove an element of the charged offense, they may not be admitted under Rule 404(b)(2).

*Baker,* 2012 WL 1903899, at *2.

The Ninth Circuit has held that evidence of prior use of force by a defendant law enforcement officer should be excluded where: (1) the officer was exonerated on the majority of the allegations, and (2) the proffered evidence regarding the prior use of force did not "cast light on [the officers] intent, or absence of mistake, in this case." *Sibrian v. City of Los Angeles*, 2008 WL 2951223 (9th Cir. 2008). The Ninth Circuit has similarly held that in civil rights cases, "courts are reluctant to admit evidence of prior excessive force complaints against a police officer if the complaints are unsubstantiated." *United States v. Bailey*, 696 F.3d 794, 800, fn. 6 (9th Cir. 2012). The *Berkovich* Court similarly held that where a peace office is exonerated on nearly all of the prior complaints regarding use of force, exclusion of evidence relating to prior complaints regarding use of force were properly excluded because the exoneration lessened the probative value of the evidence and any remaining slight probative value was substantially outweighed by its potential for unfair prejudice. *Berkovich*, 922 F.2d at 1023.

///

      **B.**    **Evidence Of Any Prior Incidents Is Highly Prejudicial, Lacks Probative Value, And Admission Will Result in Significant Expenditure of Court Resources, Confusion of the Jury, and Require a "Trial within a Trial" Regarding the Alleged Former Incidents.**

Even where a court finds that evidence of a defendant's prior acts or character is admissible under Fed. R. Evid. 404(b), the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Fed. R. Evid. Rule 403. *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002). "The determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other facts appropriate for making decision[s] of this kind under Rule 403." *Castro v. County of Los Angeles*, No. 2:13-cv-06631-CAS, 2015 WL 4694070, at *3 (C.D. Cal. August 3, 2015). Evidence that simply puts a party in a 'bad light' and has limited probative value may be excluded under Fed. R. Evid. 403. *United States v. Hedgepeth* (4th Cir. 2005) 418 F3d 411, 419-421; *United States v. Corsmeier* (6th Cir. 2010) 617 F3d 417, 421-422. Similarly, evidence intended to play upon the jurors' sympathies should be excluded because it is only of marginal relevance, and could lead the jury to deciding the case based upon an improper basis. *United States v. Gonzalez-Flores* (9th Cir. 2005) 418 F3d 1093, 1098-1099. This includes evidence of racist or similar motives in use of force cases. *Davis v. White* (8th Cir. 2017) 858 F3d 1155, 1160.

Because evidence of a defendant's character and prior acts can be highly prejudicial, it should be excluded where its probative value is substantially outweighed by its potential for unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay. As one court recognized in a civil rights use of force case, "[t]he introduction of several old, unrelated misconduct complaints against a single officer risked creating a sideshow and sending the trial off track." *Duran v. Town of Cicero, Ill.*, 653 F.3d 632, 645 (7th Cir. 2011).

In *Duran v. City of Maywood*, 221 F.3d 1127, 1132-1133 (9th Cir. 2000), the Ninth Circuit upheld the trial court's decision to exclude evidence relating to a different shooting that one of the defendant police officers had been involved in several days prior to the underlying

8

Defendants Motion in Limine to Exclude Evidence Relating to Prior Acts and
Involvement by Any Defendant in a Prior Use of Force Incident; Memorandum of Points and Authorities
[STATE MIL #6] (1:20-CV-01793-KJM-SKO)

1  incident. The trial court had concluded that the "marginally probative value" of the evidence of
2  the defendant's prior actions was: (1) substantially outweighed by the danger of unfair prejudice,
3  and (2) in order to admit the evidence of the prior acts the court would have had to have a "full
4  blown trial" regarding the earlier incident, which would lead to the danger of confusion of the
5  issues, misleading the jury, undue delay, and a waste of time. *Id.*

6        The danger of confusion of the issues, misleading the jury, and substantial waste of time is
7  illustrated by virtue of the fact that should Plaintiff introduce evidence of the prior events,
8  Sergeant Lopes will then need to respond by introducing evidence regarding his actions, the
9  factual circumstances of the prior events, the differences between the factual scenario of the prior
10 event and the underlying event, the reasons for his actions, and whether such actions were legally
11 appropriate under the circumstances. This will require a delay in the trial proceedings, as these
12 individuals, including any individuals who have been incarcerated as a result of the prior
13 incidents, will need to be located and subpoenaed to appear for trial. Sergeant Lopes will also
14 need to present rebuttal testimony consisting of the testimony of himself, his supervisors and
15 fellow officers regarding not only his prior actions, but also his relevant character and actions to
16 date. This will involve testimony by numerous witnesses, including expert witnesses, as well as
17 the introduction of exhibits and other evidence relating to the prior incident. This will require the
18 Court to devote multiple days of trial to an unrelated issue with little to no probative value, in a
19 case that is already severely limited in time pursuant to the Court's prior trial scheduling order.

20       This is especially true where Sergeant Lopes does not appear to have had any involvement
21 in at least one of the cases Plaintiff identifies in their pre-trial documents as seeking to rely upon
22 and introduce evidence of. In *Estate of Stephen E. Crawley, et al. v. Kings County*, Eastern
23 District of California Case No. 1:13-cv-02042, two entirely different, unrelated law enforcement
24 officers are identified as having been involved in the shooting. Sergeant Lopes is not identified in
25 that case as having had any involvement, much less having fired a shot or otherwise used any
26 force. *Berbereia v. County of Kings*, Eastern District of California Case No. 1:16-cv-00363,
27 another of the cases identified by Plaintiff, did involve Sergeant Lopes but consisted of an
28

9

Defendants Motion in Limine to Exclude Evidence Relating to Prior Acts and
Involvement by Any Defendant in a Prior Use of Force Incident; Memorandum of Points and Authorities
[STATE MIL #6] (1:20-CV-01793-KJM-SKO)

entirely distinct factual pattern. In that case, the decedent had been observed trespassing on property owned by a third-party while armed with two rifles. When an employee of the third-party landowner attempted to make contact with the decedent, the decedent brandished one of the firearms at him, resulting in a call to 9-1-1 and the S.W.A.T. team being called out. As a result of the decedent's aggressive actions relating to the firearms (including brandishing them), neighboring landowners were evacuated for their safety and security. During this process, the decedent suddenly aimed one of rifles at the responding law enforcement officers, resulting in multiple officers discharging their firearms in self-defense and the death of the decedent.

Should the Court not exclude these prior acts, this Court will need to conduct not one or two, but at least <u>four</u> mini-trials within this trial regarding the prior incidents and Sergeant Lopes' involvement and actions. This will require testimony from witnesses, and will require hearings regarding the standing and qualifications of some of the witnesses Plaintiff appears to intend to rely upon.[3] Cumulatively, this will require the trial to significantly exceed the amount of time currently allotted, and will cause the trial to exceed the deadline by which this Court has already ordered the trial must be completed by.

Pursuant to the Court's order setting trial in this case, there are only 9 days of trial, with each trial date consisting of approximately five hours. The Court has already specifically ordered that the trial is to conclude by no later than November 21, 2025. As such, there is insufficient time to address the factors and conduct the necessary "trials within a trial" regarding the prior incidents, as well as obtaining the necessary witness testimony and evidence, within the limit of 45-hours allotted to parties to complete the trial of this case. Allowing Plaintiff to attempt to introduce this evidence would similarly be significantly and unavoidably prejudicial to the State Defendants, as it would impair the amount of time they have available to present their case.

Introduction of evidence relating to Sergeant Lopes' prior actions would also result in

---

[3] Plaintiff's witness list identifies a Fresno plaintiff's personal injury attorney, Kevin Little, who was counsel of record in one of the cases. Under the Federal Rules of Evidence, there is little that Mr. Little can testify to, as his testimony would consist of inadmissible hearsay, and any testimony regarding settlements with the County of Kings regarding this case would be barred by Federal Rules of Evidence 408 as evidence relating to settlement discussions. Mr. Little was also not disclosed as a retained or non-retained expert, and he therefore cannot offer any legal or other opinions regarding Sergeant Lopes' conduct, actions, or the use of force.

10

1  confusion of the issues, mislead the jury, and would be improperly and unduly prejudicial to the

2  State Defendants as the Plaintiff will seeking to argue that Sergeant Lopes' actions in this case

3  were improper, and therefore the jury's conclusion regarding excessive use of force will be

4  necessarily imputed and attributed to the State Defendants as a result of their simultaneous

5  involvement in the incident.

**II.  To the Extent Evidence of Sergeant Lopes' Prior Acts Is Somehow Admissible, Such as Regarding Plaintiff's Independent *Monell* Claim Against the County of Kings, The Court Should Bifurcate the Proceedings and Such Evidence Should Only Be Permitted in a Subsequent Proceeding to Protect the State Defendants' Rights.**

The State Defendants anticipate that Plaintiff will likely argue that evidence of the prior incidents is somehow admissible as it relates to their *Monell* claim against the County of Kings. To the extent that any such argument has merit, such evidence would only be admissible for those limited purposes directly relating to the *Monell* claim. It would remain improper, and inadmissible, for other purposes – including Plaintiff's attempts to establish through testimony and evidence (such as that proffered by their expert, Rothschiller) that the use of force in this instance was excessive in light of Lopes' prior involvement in uses of force.

As noted above, the Ninth Circuit has repeatedly established that evidence relating to prior incidents is irrelevant and inadmissible for purposes of establishing whether a law enforcement officer's use of force was reasonable or excessive in a later incident. In light of the well established prohibition on the introduction of character evidence for such purposes, the introduction of such evidence in connection of the excessive force claim is not only improper, but it is facially unduly prejudicial and serves to confuse the issues. Such highly inflammatory evidence, coupled with the expected opinions and testimony by the Plaintiff's attorneys, will serve to irreparably prejudice and taint the jury. This is not a situation nor evidence that a limiting instruction or similar action will effectively moderate or cure. Further, it is expected that the introduction of any such evidence will be unduly prejudicial to the State Defendants, through "guilt by association."

Accordingly, should the Court conclude that the evidence is admissible for some other

11

Defendants Motion in Limine to Exclude Evidence Relating to Prior Acts and Involvement by Any Defendant in a Prior Use of Force Incident; Memorandum of Points and Authorities
[STATE MIL #6] (1:20-CV-01793-KJM-SKO)

purpose – such as relating to Plaintiff's *Monell* theory against the County of Kings – then the Court should issue an order bifurcating the trial into a first phase focusing on the excessive force claims common to all of the individual Defendants for their actions in this incident; in such a phase the evidence of the prior incidents would be excluded. Should Plaintiff prevail on his excessive force claims in such a phase, then the Court can conduct a second phase limited to the County Defendants. Such a procedure is the only effective means of avoiding prejudice to the State Defendants, as well as preventing jury confusion and misleading the jury, and avoiding a situation where the jury is presented with potentially highly inflammatory evidence and claims that have no relationship or connection to the State Defendants.

## CONCLUSION

Defendants accordingly request that this Court grant this motion in limine barring Plaintiff from providing, introducing, or eliciting any testimony, evidence, opinions or facts relating to any prior uses of force by any of the Defendants, their involvement in any prior use of force incidents, and any related evidence. To the extent the Court concludes that such evidence is admissible for a purpose other than the Fourth Amendment excessive force claim, the Defendants request that the Court issue an order bifurcating the trial into two phases, a Fourth Amendment excessive force phase involving the individual Defendants where such evidence is excluded and a second phase relating to any issues where such evidence is admissible.

Dated: October 27, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California

NORMAN D. MORRISON
Supervising Deputy Attorney General
*Attorneys for Defendants Neil Compston,
John Silveira and Edward Sinclair (BI)*

12

Defendants Motion in Limine to Exclude Evidence Relating to Prior Acts and
Involvement by Any Defendant in a Prior Use of Force Incident; Memorandum of Points and Authorities
[STATE MIL #6] (1:20-CV-01793-KJM-SKO)