ROB BONTA, State Bar No. 202668
Attorney General of California
NORMAN D. MORRISON, State Bar No. 212090
Supervising Deputy Attorney General
 2550 Mariposa Mall, Room 5090
 Fresno, CA  93721-2271
 Telephone:  (559) 705-2304
 Fax: (559) 445-5106
 E-mail:  Norman.Morrison@doj.ca.gov
*Attorneys for Defendants Neil Compston,
John Silveira and Edward Sinclair*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **FREDDIE QUAIR,**<br><br>Plaintiff,<br><br>v.<br><br>**COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,**<br><br>Defendants. | Case No.: 1:20-CV-01793-KJM-SKO<br><br>**DEFENDANTS MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO PRIOR SETTLEMENTS BETWEEN THE COUNTY OF KINGS AND THIRD PARTIES**<br><br>**[STATE MIL NO. 12]**[1]<br><br>Trial Date:   November 10, 2025<br>Action Filed:  December 21, 2020 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE THAT Defendants NEIL COMPSTON, JOHN SILVEIRA and EDWARD SINCLAIR (State Defendants) hereby move the Court for an order in limine precluding Plaintiff's from seeking to introduce any testimony or evidence relating to any prior settlements of use of force claims and/or lawsuits between co-Defendant County of Kings involving any of the Defendants, including Kings County Sheriff's Sergeant Taylor Lopes, at trial

---

[1] For purposes of judicial convenience and reference, the State Defendants' Motions in Limine are identified pursuant to the numbering and designation set forth in the Court's Final Pretrial Order (ECF 83), at 4-5

1

1  and ordering Plaintiff to instruct his witnesses, experts, and those under his control or direction
2  from seeking to introduce any such testimony.

3  State Defendants bring this motion on the ground that such evidence is improper, and
4  constitutes improper character, habit and prior acts evidence that is prohibited in a Fourth
5  Amendment use of force trial (Fed. R. Evid. 404, 406); constitutes inadmissible evidence of
6  settlement agreements (Fed. R. Evid. 408); and to the extent such evidence is relevant, would be
7  unduly prejudicial to the parties (including the State Defendants, who are not a party to any such
8  prior agreements and such agreements have no relationship or connection to the State
9  Defendants), confusing the issues, misleading the jury, undue delay, and wasting time. Among
10 other things, presentation of such evidence would necessitate a "mini-trial" within the current trial
11 as to each of the alleged prior instances and would result in the jury being presented with and
12 inevitably considering information that is properly excluded from a Fourth Amendment use of
13 force/excessive force trial. To the extent the Court deems such materials relevant and admissible,
14 Defendants request that the Court bifurcate the trial into two phases, with the first phase
15 addressing the Fourth Amendment use of force claims, and the second phase addressing the
16 *Monell* claims against the County of Kings. Any such second phase would only occur should the
17 jury determine excessive force was used by Sergeant Lopes against the Plaintiff. Such a
18 bifurcation would mitigate and reduce many of the issues that would otherwise be created.

19 This motion is based upon this notice of motion, the attached memorandum of points and
20 authorities, the attached declaration of Supervising Deputy Attorney General Norman D.
21 Morrison IV, all pleadings and records on file in this action, and on such further authority,
22 evidence, or argument as may be presented at or before the time of any hearing on this motion.

23 **STATEMENT OF COMPLIANCE**

24 This Motion is made in response to this Court's July 24, 2025, ruling (ECF 83), as well as
25 the discussions on the record about the issue during the final pretrial conference held in this
26 matter.

27 / / /
28 / / /

2

Dated: October 27, 2025

Respectfully submitted,

Rob Bonta
Attorney General of California

Norman D. Morrison
Supervising Deputy Attorney General
*Attorneys for Defendants Neil Compston,
John Silveira and Edward Sinclair*

FR2021301267

3

Defendants Motion in Limine to Exclude Evidence Relating to Prior Settlements Between the County of Kings and Third Parties [STATE MIL #12] (1:20-CV-01793-KJM-SKO)

**INTRODUCTION**

This lawsuit arises out of a shooting that occurred during the early morning hours on June 18, 2019, on a road next to State Route 43 near Hanford, California. Prior to this incident, Plaintiff Fredie Quair, Jr. had been under surveillance for multiple months as part of a joint Federal, State and local task force known as "Operation Red Reaper" that was investigating the Nuestra Familia criminal organization and the Norteño street gangs in the Kings and Tulare County region. As one of the targets of Operation Red Reaper, Plaintiff was the subject of a combination of video, audio, and electronic surveillance over a period of months performed by the Defendants. This included wiretaps of phone numbers used by Plaintiff and his criminal associates, including Jose Quintero. The months long surveillance captured evidence of Plaintiff engaging in the trafficking of illegal firearms with other criminals, the sales of narcotics, and the discussion of various criminal activities relating to the Norteños and Nuestra Familia.

During the early morning hours of June 18, 2019, Plaintiff and two accomplices, Jose Quintero and David Hernandez, engaged in an armed home invasion robbery of a residence located in Corcoran, California. During the home invasion robbery, Plaintiff's accomplice, David Hernandez, was shot in the stomach. Plaintiff fled the scene on foot, and Hernandez was transported to the hospital by Quintero; the firearm used during the armed home invasion robbery was also in the vehicle used by Quintero.

Plaintiff fled the scene on foot after the shooting, and eventually borrowed a cellular phone from a third-party to call Quintero. During this phone call, which was monitored by the Defendants as part of the court authorized wiretap, they heard Plaintiff and Quintero discussing the armed home invasion robbery, the shooting, the firearm used during the armed home invasion robbery, and Plaintiff's instructions to Quintero to come pick him up from the side of the highway. Plaintiff gave Quintero specific information about his address.

Based upon the phone call, and their knowledge of the armed home invasion robbery that Plaintiff had just committed, and due to the existence of an arrest warrant issued for the Plaintiff by a court, the Defendants began surveillance of the Plaintiff using other vehicles as well as a plane. Plaintiff was subsequently stopped by law enforcement officers in a field alongside the

4

Defendants Motion in Limine to Exclude Evidence Relating to Prior Settlements Between the County of Kings and Third Parties [STATE MIL #12] (1:20-CV-01793-KJM-SKO)

1 | highway. In light of the facts known to them, including Plaintiff's involvement in an armed home
2 | invasion robbery where someone had just been shot, as well as Plaintiff's prior history involving
3 | firearms, the Defendants performed a "felony traffic stop."
4 |     After Plaintiff and his accomplice stopped their vehicle, they refused to follow
5 | instructions and directions made by Kings County Sheriff's Sergeant Taylor Lopes. Instead,
6 | Plaintiff flung open the front passenger side door of his vehicle and immediately assumed an
7 | isosceles shooting stance, holding both hands together and extended in front of him consistent
8 | with someone holding and intending to use a handgun, pointing towards the Defendants. Plaintiff
9 | then suddenly moved his hands upward in a motion consistent with experiencing the physical
10 | recoil of a firearm being shot. Knowing Plaintiff had a history of being armed with illegal
11 | firearms, having just been involved in an armed home invasion robbery where another individual
12 | was shot, seeing Plaintiff assume what was recognized as a shooting stance and displaying a
13 | physical reaction consistent with firing a handgun while simultaneously hearing gunfire,
14 | Defendants reasonably and logically believed the Plaintiff was shooting at them and discharged
15 | their firearms at the Plaintiff and the vehicle he had just exited in self-defense. After being shot,
16 | Plaintiff continued to resist arrest by refusing to comply with orders, before he was ultimately
17 | taken into custody and treated by emergency medical personnel.
18 |     Plaintiff's trial witness and exhibit lists make it clear that Plaintiff seeks to introduce
19 | evidence relating to testimony or evidence relating to any prior settlements of use of force claims
20 | and/or lawsuits between co-Defendant County of Kings involving any of the Defendants,
21 | including Kings County Sheriff's Sergeant Taylor Lopes, at trial. The State Defendants
22 | accordingly now move for an order in limine precluding Plaintiff's from seeking to introduce any
23 | testimony or evidence at trial and ordering Plaintiff to instruct his witnesses, experts, and those
24 | under his control or direction from seeking to introduce any such testimony.
25 | / / /
26 | / / /
27 | / / /
28 | / / /

5

Defendants Motion in Limine to Exclude Evidence Relating to Prior Settlements Between the County of Kings and Third Parties [STATE MIL #12] (1:20-CV-01793-KJM-SKO)

# ARGUMENT

### I. EVIDENCE OF PRIOR SETTLEMENTS BY THE COUNTY OF KINGS, OR ANY OTHER PARTY, IS INADMISSIBLE AND BARRED BY FEDERAL RULES OF EVIDENCE 408.

Plaintiff's Exhibit List and Witness List, as well as the Expert Report and deposition testimony by Plaintiff's retained expert, Curtis Rothschiller, make it clear that Plaintiff seeks to introduce evidence relating to prior settlements between the County of Kings and third-parties regarding the actions of Defendant Kings County Sheriff's Sergeant Taylor Lopes. Such evidence is not only inadmissible pursuant to Federal Rules of Evidence 408 as evidence of settlement agreements, but also constitutes an attempted backdoor introduction of inadmissible character evidence and prior acts evidence barred by Federal Rules of Evidence 404 and 406, as well as the decisions of the Ninth Circuit and the Supreme Court regarding the admissibility and appropriateness of evidence of prior acts and character evidence in use of force claims. This evidence consists not only of documents and materials relating to the written settlements between the parties, but also apparently to testimony by attorneys who are believed to have represented the plaintiffs in such cases (including attorney Kevin Little). Such testimony by third parties is not only improper as a violation of Rules 404, 406, and 408, but also constitutes inadmissible hearsay evidence.

### A. Evidence of Prior Settlements Is Inadmissible to Prove Liability, As Plaintiff Seeks to Accomplish Here.

Federal Rules of Evidence Rule 408 provides that:

> Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
> **(1)** furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
> **(2)** conduct or a statement made during compromise negotiations about the claim-- except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

As one district court has explained, "Federal Rule of Evidence 408(a) prohibits the admission of compromises or offers to compromise as evidence "when offered to prove liability

6

Defendants Motion in Limine to Exclude Evidence Relating to Prior Settlements Between the County of Kings and Third Parties [STATE MIL #12] (1:20-CV-01793-KJM-SKO)

for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction." *Big Baboon Corp. v. Dell, Inc.*, No. CV 09-01198SVW, 2010 WL 3955831, at *2 (C.D. Cal., Oct. 8, 2010). Rule 408 bars the admission of settlement negotiations, as well as settlement agreements offered to prove liability. *Millenkamp v. Davisco Foods International, Inc.*, 562 F.3d 971, 980 (9th Cir. 2009); *Brocklesby v. U.S.*, 767 F.2d 1288, 1292 (9th Cir. 1985). This includes not only the settlement agreement itself, but also correspondence and documents relating to settlement offers, negotiations, and discussions. *Id.* The exclusionary rule further extends to such actions and results as consent decrees that are entered into as a result of litigation. *Coach, Inc. v. Citi Trends, Inc.*, No. CV 17-4775 DMG, 2019 WL 6354367, at *1 (C.D. Cal. October 23, 2019). Two principles underlie Rule 408: First, "[t]he evidence [of compromise] is irrelevant, since the offer may be motivated by desire for peace rather than from any concession of weakness of position;" and second, "[a] more consistently impressive ground is promotion of the public policy favoring the compromise and settlement of disputes." *Hudspeth v. C.I.R.*, 914 F.2d 1207, 1213–1214 (9th Cir. 1990).

The exclusionary rule created by Rule 408 applies regardless of whether the party seeking to introduce and rely upon the settlement documents was a party to the underlying agreement, or is an unrelated third party. *Hudspeth v. C.I.R.,* 914 F.2d 1207, 1213 (9th Cir.1990) ("Rule 408 does apply to situations where the party seeking to introduce evidence of a compromise was not involved in the original compromise," citing *United States v. Contra Costa County Water District,* 678 F.2d 90, 92 (9th Cir.1982)); *Green v. Baca,* 226 F.R.D. 624, 640 (C.D.Cal.2005)

**B.    None of the Exceptions In Rule 408 Apply.**

The State Defendants anticipate that Plaintiff will argue that evidence of the settlement agreement is allowed pursuant to the exceptions found in Rule 408(b). As the gravamen of Plaintiff's complaint is one for excessive force, none of these exceptions apply.

Rule 480(b) provides that a district court may admit evidence of a prior settlement agreement "for another purpose", such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution. None of these exceptions apply here, and Plaintiff has offered no proof or evidence to support any

7

Defendants Motion in Limine to Exclude Evidence Relating to Prior Settlements Between the County of Kings and Third Parties [STATE MIL #12] (1:20-CV-01793-KJM-SKO)

of these exceptions.

To the extent that Plaintiff argues that evidence of the settlement agreement is admissible for purposes of its *Monell* claim, such an argument not only lacks merit, but runs squarely into the bar imposed by Rule 408(a). In order to potentially support a *Monell* claim, or even to demonstrate that the County had settled these prior claims, Plaintiff is necessarily attempting to introduce the evidence to demonstrate *liability* by the County on these prior claims. As to the State Defendants, this results in a situation where such information, albeit relating to a co-Defendant, is nevertheless heard and considered by the jury as a part of its ultimate decisionmaking and therefore can be imputed to the State Defendants.

## II. ANY EVIDENCE OF PRIOR SETTLEMENTS AND SETTLEMENT AGREEMENTS SHOULD BE EXCLUDED PURSUANT TO FEDERAL RULES OF EVIDENCE 403.

Evidence of civil settlement agreements is also subject to exclusion under Federal Rules of Evidence 403. *Park*, 2008 WL 2338298 at *1. Under Rule 403, even relevant evidence is subject to exclusion "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The evidence of prior settlement agreements between the County of Kings and third-parties is exactly the type of evidence that is properly excluded under Rule 403. Even if Plaintiff was able to identify an acceptable ground for introduction of the evidence, doing so would require the court to impose a limiting instruction that would likely lead to jury questions or confusion, a concern noted by the *Park* Court. More significantly, allowing the introduction of such evidence will result in the need to conduct not one, not two, but *four* separate "mini-trials" within this case, as each of these prior settlement agreements would need to be independently analyzed, and evidence and testimony relating to these prior agreements introduced and considered.

In *Southwest Nurseries, LLC v. Florists Mutual Insurance, Incorporated*, 266 F.Supp.2d 1253, 1259 (D. Colo. 2003), the court rejected a party's attempt to introduce evidence of prior settlement offers. The *Southwest Nurseries* Court explained that:

At trial, a party's settlement offer could not be considered in a vacuum, but rather would

8

Defendants Motion in Limine to Exclude Evidence Relating to Prior Settlements Between the County of Kings and Third Parties [STATE MIL #12] (1:20-CV-01793-KJM-SKO)

have to be evaluated in the full context of settlement negotiations. That would necessarily involve testimony explaining negotiation strategies and the thought processes of the settlement participants. The parties might well feel compelled to offer testimony from their respective counsel to explain their settlement strategies and the rationale for any offers or counter-offers. Jury confusion seems inevitable

Other district courts have reached similar conclusions and have excluded evidence of prior settlement agreements. In *Diamond Resorts U.S. Collection Development, LLC v. Pandora Marketing LLC*, CV 20-5486 DSF, 2023 WL 9659943, at *13 (C.D. Cal. July 26, 2023), where the district court concluded that evidence of prior settlements was excluded at trial because admitting such evidence would result in undue delay, juror confusion, and a waste of time as it would require a "mini trial" of the prior settlements, and explaining:

> The Court will not allow Defendants to waste the Court's and the jury's time with a parade of evidence of other lawsuits. Doing so would result in a substantial waste of time, cause undue delay, and confuse jurors. Evidence of timeshare owners' lawsuits against Diamond may be relevant to the extent the lawsuits involve the owners at issue in this case or if Diamond "opens the door."

District Courts have further recognized evidence of prior settlements is properly subject to exclusion due to the risk of undue prejudice. As a district court recently explained, evidence relating to prior settlements was properly excluded pursuant to Rule 403 due to the risk of undue prejudice "because a jury could be tempted to find liability based upon the SEC complaints and subsequent settlements," in addition to the risk of confusing he issues and undue delay *In re Tesla, Inc. v. Securities Litigation*, No. 18-cv-04865-EMC, 2022 WL 17582008, at *18 (N.D. Cal. Dec. 7, 2022). As the *Tesla* Court further noted, introduction of the prior settlement agreements would create a "mini-trial in which Defendants would have to defend" against both the Plaintiff's claims, as well as the claims in each of the prior settlement cases. *Also see Grace v. Apple, Inc.,* No. 17-cv-00551-LHK, 2020 WL 227404, at *2 (N.D. Cal. Jan. 15, 2020) (excluding evidence of prior litigations to avoid "time-consuming tangents" and a "side trial," among other Rule 403 considerations).

As this Court has ordered that this case be completed within a 9-day trial period, there is insufficient time to conduct such "mini-trials." Accordingly, this Court should enter an order excluding evidence of prior settlement agreements.

9

Defendants Motion in Limine to Exclude Evidence Relating to Prior Settlements Between the County of Kings and Third Parties [STATE MIL #12] (1:20-CV-01793-KJM-SKO)

### III. EVIDENCE OF PRIOR SETTLEMENT AGREEMENTS IS ALSO BARRED BY THE HEARSAY RULE.

A review of Plaintiff's trial witness list identifies numerous personal injury plaintiff's attorneys, including attorney Kevin Little. None of these attorneys appear to have had any involvement in this litigation, and therefore their inclusion in the witness list can only be presumed to relate to Plaintiff's desire and intent to introduce evidence and testimony regarding the prior settlement discussions, negotiations, facts, and related information as lay witnesses.[2] Such testimony is facially improper, and constitutes inadmissible hearsay evidence in violation of Federal Rules of Civil Procedure 401 and 402. Further, allowing the introduction of such testimony will result in the exact type of "mini trial" that district courts have repeatedly rejected, and will result in juror confusion, undue delay and waste of time, and prejudice.

### IV. SHOULD THE COURT CONCLUDE ANY EVIDENCE IS ADMISSIBLE FOR THE *MONELL* CLAIM AGAINST THE COUNTY DEFENDANTS OR FOR ANY OTHER PURPOSE, THE COURT SHOULD BIFURCATE THE TRIAL AND ALLOW SUCH TESTIMONY ONLY IN A SECOND PHASE.

Evidence of prior acts, as well as character evidence, is inadmissible for purposes of Fourth Amendment liability, and therefore none of the prior settlements is admissible or relevant to the excessive force claims brought against the individual defendants. Introduction of evidence relating to prior incidents will result in jury confusion, undue delay, and unfair prejudice to each of the individual Defendants in this case. Should this Court conclude that evidence of the prior settlement agreements is admissible for some limited purpose, then Defendants request that the Court issue an order bifurcating the trial into a first phase consisting of the trial of the Fourth Amendment/Excessive Force claims against the individual Defendants. Should Plaintiff prevail in such a claim against the individual Defendants, then the trial can proceed to a second phase relating to the *Monell* claims, and the potential introduction of evidence relating to the prior settlement offers. Such a step would streamline the proceeding and eliminate juror confusion, bias and unfair prejudice to the State Defendants, who Plaintiff does not identify or allege had any

---

[2] None of these proposed witnesses have ever been identified by Plaintiff as retained, or non-retained, experts and no disclosure has been produced for these witnesses.

10

Defendants Motion in Limine to Exclude Evidence Relating to Prior Settlements Between the County of Kings and Third Parties [STATE MIL #12] (1:20-CV-01793-KJM-SKO)

1  involvement in the events underlying the prior settlement offers and agreements Plaintiff now
2  seeks to introduce. Accordingly, any such second phase would be limited to Plaintiff and the
3  County of Kings, and would allow the issues to be narrowly presented in a more streamlined,
4  timely manner while avoiding prejudice and juror confusion.

## CONCLUSION

Defendants accordingly request that this Court grant this motion in limine barring Plaintiff from providing, introducing, or eliciting any testimony, evidence, opinions or facts relating to any prior settlement agreements between the County of Kings and third parties. To the extent the Court concludes that such evidence is admissible for a purpose other than the Fourth Amendment excessive force claim, the Defendants request that the Court issue an order bifurcating the trial into two phases, a Fourth Amendment excessive force phase involving the individual Defendants where such evidence is excluded and a second phase relating to any issues where such evidence is admissible (and where the State Defendants are not a party to that trial phase.)

Dated:  October 27, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California

NORMAN D. MORRISON
Supervising Deputy Attorney General
*Attorneys for Defendants Neil Compston, John Silveira and Edward Sinclair (BI)*

11

Defendants Motion in Limine to Exclude Evidence Relating to Prior Settlements Between the County of Kings and Third Parties [STATE MIL #12] (1:20-CV-01793-KJM-SKO)