1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  NORMAN D. MORRISON, State Bar No. 212090
   Supervising Deputy Attorney General
3   2550 Mariposa Mall, Room 5090
   Fresno, CA  93721-2271
4   Telephone:  (559) 705-2304
   Fax:  (559) 445-5106
5   E-mail:  Norman.Morrison@doj.ca.gov
   *Attorneys for Defendants Neil Compston,*
6  *John Silveira and Edward Sinclair*

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10                        CIVIL DIVISION

11

12  **FREDDIE QUAIR,**                      Case No. 1:20-CV-01793-KJM-SKO

13                          Plaintiff,     **DEFENDANTS' MOTION IN LIMINE
                                           TO EXCLUDE EVIDENCE DEMANDED
14      v.                                 BUT NOT PRODUCED BY PLAINTIFF
                                           DURING DISCOVERY**
15
                                           **[STATE MIL NO. 14]**
16  **COUNTY OF KINGS; TAYLOR LOPES;
    NEIL COMPSTON; JOHN SILVERIA;**        Trial Date:      November 10, 2025
17  **EDWARD SINCLAIR; and DOES 1          Action Filed:   December 21, 2020
    THROUGH 10, inclusive,**
18
                          Defendants.
19

20      TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

21  PLEASE TAKE NOTICE THAT Defendants NEIL COMPSTON, JOHN SILVEIRA and

22  EDWARD SINCLAIR (State Defendants) hereby move the Court for an order in limine

23  precluding Plaintiff and/or his counsel of record from introducing at trial any evidence demanded,

24  but not produced, in response to a discovery demand or at deposition in connection with this case.

25      The State Defendants further move for an in limine order directing Plaintiff's counsel to

26  instruct Plaintiff, Plaintiff's witnesses, and other persons under Plaintiff's control, that no mention

27  or display be made in the presence of jurors or prospective jurors of the matter that is the subject

28
                                      1

1    of this motion, and that Plaintiff refrain from attempting to invoke or lay the foundation for such

2    arguments during voir dire of the jury.

3         This motion is based upon this notice of motion, the attached memorandum of points and

4    authorities, the attached declaration of Supervising Deputy Attorney General Norman D.

5    Morrison IV, all pleadings and records on file in this action, and on such further authority,

6    evidence, or argument as may be presented at or before the time of any hearing on this motion.

7         **Statement of Compliance:**

8         This Motion is made in response to this Court's July 24, 2025, ruling (ECF 83), as well as

9    the discussions on the record about the issue during the final pretrial conference held in this

10   matter.

11   Dated:  October 27, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California

NORMAN D. MORRISON
Supervising Deputy Attorney General
*Attorneys for Defendants Neil Compston,*
*John Silveira and Edward Sinclair*

**INTRODUCTION**

This lawsuit arises out of a shooting that occurred during the early morning hours on June 18, 2019, on a road next to State Route 43 near Hanford, California. Prior to this incident, Plaintiff Fredie Quair, Jr. had been under surveillance for multiple months as part of a joint Federal, State and local task force known as "Operation Red Reaper" that was investigating the Nuestra Familia criminal organization and the Norteño street gangs in the Kings and Tulare County region. As one of the targets of Operation Red Reaper, Plaintiff was the subject of a combination of video, audio, and electronic surveillance over a period of months performed by the Defendants. This included wiretaps of phone numbers used by Plaintiff and his criminal associates, including Jose Quintero. The months long surveillance captured evidence of Plaintiff engaging in the trafficking of illegal firearms with other criminals, the sales of narcotics, and the discussion of various criminal activities relating to the Norteños and Nuestra Familia.

During the early morning hours of June 18, 2019, Plaintiff and two accomplices, Jose Quintero and David Hernandez, engaged in an armed home invasion robbery of a residence located in Corcoran, California. During the home invasion robbery, Plaintiff's accomplice, David Hernandez, was shot in the stomach. Plaintiff fled the scene on foot, and Hernandez was transported to the hospital by Quintero; the firearm used during the armed home invasion robbery was also in the vehicle used by Quintero.

Plaintiff fled the scene on foot after the shooting, and eventually borrowed a cellular phone from a third-party to call Quintero. During this phone call, which was monitored by the Defendants as part of the court authorized wiretap, they heard Plaintiff and Quintero discussing the armed home invasion robbery, the shooting, the firearm used during the armed home invasion robbery, and Plaintiff's instructions to Quintero to come pick him up from the side of the highway. Plaintiff gave Quintero specific information about his address.

Based upon the phone call, and their knowledge of the armed home invasion robbery that Plaintiff had just committed, and due to the existence of an arrest warrant issued for the Plaintiff by a court, the Defendants began surveillance of the Plaintiff using other vehicles as well as a

3

plane. Plaintiff was subsequently stopped by law enforcement officers in a field alongside the highway. In light of the facts known to them, including Plaintiff's involvement in an armed home invasion robbery where someone had just been shot, as well as Plaintiff's prior history involving firearms, the Defendants performed a "felony traffic stop."

After Plaintiff and his accomplice stopped their vehicle, they refused to follow instructions and directions made by Kings County Sheriff's Sergeant Taylor Lopes. Instead, Plaintiff flung open the front passenger side door of his vehicle and immediately assumed an isosceles shooting stance, holding both hands together and extended in front of him consistent with someone holding and intending to use a handgun, pointing towards the Defendants. Plaintiff then suddenly moved his hands upward in a motion consistent with experiencing the physical recoil of a firearm being shot. Knowing Plaintiff had a history of being armed with illegal firearms, having just been involved in an armed home invasion robbery where another individual was shot, seeing Plaintiff assume what was recognized as a shooting stance and displaying a physical reaction consistent with firing a handgun while simultaneously hearing gunfire, Defendants reasonably and logically believed the Plaintiff was shooting at them and discharged their firearms at the Plaintiff and the vehicle he had just exited in self-defense. After being shot, Plaintiff continued to resist arrest by refusing to comply with orders, before he was ultimately taken into custody and treated by emergency medical personnel.

Defendants now move for an order barring Plaintiff, his counsel, witnesses, experts, and any others under Plaintiff's control or direction from introducing, testifying about, referencing, or using any evidence or documents that were the subject of discovery requests propounded to the Plaintiff but not produced in connection with discovery.

## ARGUMENT

I.     **The Court Has the Power to Grant this Motion in Limine Based Upon Its Inherent Power to Manage the Course of Trials**

A motion in limine is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Motions in limine

1  are recognized as a proper pretrial request, both in practice and by case law. *See, Ohler v. United*

2  *States,* 529 U.S. 753, 758 (2000), *United States v. Cook,* 608 F.2d 1175, 1186 (9th Cir. 1979).

3  Authority for these motions is also derived from the Court's inherent power to manage the course

4  of trials. *Luce v. United States,* 469 U.S. 38, 41, n.4 (1984). Pursuant to the arguments set forth

5  below, defendants request that this Court grant their motion and exclude the evidence at issue.

6

7  **II.          The Court Should Enter an Order Barring Plaintiff, and Those Under His Control or Direction, from Introducing, Referencing, Discussing, or Utilizing at Trial Any Evidence that Was the Subject of a Discovery Request to the Plaintiff but Not Produced.**

8

9

10  Defendants anticipate that Plaintiff will seek to introduce evidence at trial that Defendants

11  sought to obtain through written discovery and depositions in connection with this case. Such

12  records include, but are not limited to, evidence relating to Plaintiff's alleged special damages

13  (including claimed medical expenses and damages, loss of income damages, and related

14  categories), as well as evidence relating to his medical treatment and care, his involvement in the

15  armed home invasion robbery preceding the incident forming the basis of his complaint, and other

16  related matters. Defendants request that the Court exclude any such evidence to the extent it was

17  sought during discovery in this case, but not produced by Plaintiff. This includes situations where

18  Plaintiff refused to produce evidence sought through discovery demands and asserted objections

19  or claims of privilege in connection with the refusal to provide and produce the evidence.

20  Plaintiff's counsel additionally refused to produce additional medical records relating to

21  Plaintiff's medical care and treatment.

22  Where a party has refused to produce evidence during discovery, the party opposing

23  production at trial can move to exclude the withheld evidence through a motion in limine. See

24  *Viasphere International, Inc. v. Vardanyan*, No. 5:12-cv-01536, 2014 WL 12709000, at *1 (N.D.

25  Cal. February 24, 2014); *OTR Wheel Engineering, Inc. v. West Worldwide Service, Inc.*, No. CV-

26  14-085, 201 WL 3626368, at *3 (E.D. Wash. April 1, 2016) (granting motion in limine and

27  precluding admission of documents not disclosed in discovery.) Federal Rules of Civil Procedure,

28  rule 37(c)(1) states that, "[i]f a party fails to provide information or identify a witness as required

5

1    by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence

2    on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

3    Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th

4    Cir. 2001). "The burden of establishing that a failure to disclose was substantially justified or

5    harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824

6    (11th Cir. 2009) (quoting *Leathers v. Pfizer,Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006)); *Duran v.*

7    *City of Porterville*, No. 1:13-cv-370, 2015 WL 5598933, at *1 (E.D. Cal. Sept. 22, 2015).

8                                          **CONCLUSION**

9           Accordingly, Defendant requests that the Court grant the motion in limine barring Plaintiff

10   and/or his counsel from introducing or relying upon any evidence that was sought, but not

11   produced by, Plaintiff in connection with formal discovery and depositions in this case.

12

13   Dated:  October 27, 2025                           Respectfully submitted,

14                                                      ROB BONTA
                                                        Attorney General of California
15

16

17                                                      NORMAN D. MORRISON
                                                        Supervising Deputy Attorney General
18                                                      *Attorneys for Defendants Neil Compston,*
                                                        *John Silveira and Edward Sinclair*
19   FR2021301267

20

21

22

23

24

25

26

27

28

1

**DECLARATION OF SUPERVISING DEPUTY ATTORNEY GENERAL NORMAN D.
MORRISON IV IN SUPPORT OF MOTION IN LIMINETO EXCLUDE EVIDENCE
DEMANDED BUT NOT PRODUCED BY PLAINTIFF DURING DISCOVERY
[STATE MIL NO. 14]**

2

3    I, Norman D. Morrison IV, do hereby declare as follow:

4          1.      I am employed by the State of California Department of Justice, Office of the

5    Attorney General, as a Supervising Deputy Attorney General. I am counsel of record for

6    Defendants Neil Compston, John Silveira and Edward Sinclair in this case. I am aware of the

7    facts identified herein, and if called to testify I could and would testify accurate to them. This

8    Declaration is made in support of the Defendants'

9          2.      This lawsuit arises out of a shooting that occurred during the early morning hours

10   on June 18, 2019, on a road next to State Route 43 near Hanford, California. Prior to this incident,

11   Plaintiff Freddie Quair, Jr. had been under surveillance for multiple months as part of a joint

12   Federal, State and local task force known as "Operation Red Reaper" that was investigating the

13   Nuestra Familia criminal organization and the Norteño street gangs in the Kings and Tulare

14   County region. As one of the targets of Operation Red Reaper, Plaintiff was the subject of a

15   combination of video, audio, and electronic surveillance over a period of months performed by

16   the Defendants. This included wiretaps of phone numbers used by Plaintiff and his criminal

17   associates, including Jose Quintero. The months-long surveillance captured evidence of Plaintiff

18   engaging in the trafficking of illegal firearms with other criminals, the sales of narcotics, and the

19   discussion of various criminal activities relating to the Norteños and Nuestra Familia.

20         3.      Defendants propounded written discovery to the Plaintiff in connection with this

21   case. In response, Plaintiff asserted objections and claimed privileges, and refused to produce

22   many of the documents demanded. Plaintiff additionally asserted objections and claims of

23   privileges to many of the other discovery demands made to him. Attached hereto as Exhibit "A"

24   are true and correct copies of Defendants' discovery demands to the Plaintiff, as well as

25   Plaintiff's response.

26         4.      Additionally, co-Defendant County of Kings also propounded written discovery to

27   the Plaintiff. Plaintiff similarly asserted objections and privileges, and refused to produce

28

7

1    documents and discovery in response to many of the discovery propounded upon him.

2        5.      In connection with discovery in this case, Plaintiff's expert, Curtis Rothschiller,

3    admitted to having responsive documents but refused to produce them as part of the discovery

4    demanded. Rothschiller additionally declined to produce the documents he relied upon in

5    connection with his review of the case, or any other materials he relied upon in forming his

6    opinions and resulting testimony.

7        6.      Although the Federal Rules of Civil Procedure impose a continuing obligation on

8    Plaintiff to update prior discovery responses in response to any additional information or

9    documents obtained or identified after the initial responses, Plaintiff has not produced any such

10   information or documents.

11       I hereby declare under penalty of perjury that the foregoing is true and correct. Executed

12   this 27th day of October, 2025, in Fresno, California.

13

14   _____

15   Norman D. Morrison IV

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit

# A

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118
dalekgalipo@yahoo.com

LAW OFFICE OF DARRELL J. YORK
Darrell J. York (SBN 145601)
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: (661) 362-0828
Fax:   (877) 221-3306
Email: djylaw@gmail.com

*Attorneys for Plaintiff, Freddie Quair*

## UNITED STATES DISTICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE QUAIR,<br><br>                    Plaintiff,<br><br>    vs.<br><br>COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,<br><br><br><br>                    Defendants | Case No.  1:20-cv-01793-NONE (SKO)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT COUNTY OF KINGS INTERROGATORIES, SET NO. 1** |

RESPONDING PARTY:        Plaintiff, Freddie Quair

PROUNDING PARTY:        Defendant, County of Kings

SET NO.:                One

## INTERROGATORY NO. 1:

If you have been employed in the last ten years, for each employer, identify the name of the business, including the address and phone number, dates of employment, and job duties.

///

**RESPONSE:**

2018-2019, Xfinity, 250 S. 12th Street, Hanford, CA (inside Walmart) sales representative; 2015-2017, Castle Rock Concrete, 1150 W. Edison Court, Hanford, CA, (559) 309-1266, construction worker; 2015-2016, Marshall's, unknown address in San Jose, CA, retail clerk; 2015 Target, unknown address in San Jose, CA, overnight stocker.

**INTERROGATORY NO. 2:**

Describe your educational background ("DESCRIBE" is defined herein as the name and address of each school or other academic or vocational institution you have attended beginning with high school; the dates you attended; the highest grade level you have completed; the degrees received).

RESPONSE:

Hanford West High School, 2010-2011;

Sierra Pacific High School, 2011-2014, HS diploma;

San Francisco State University-2015, completed freshman year;

De Anza Junior College, 2016 Cupertino.

**INTERROGATORY NO. 3:**

Describe in detail any physical, mental or emotional injuries or conditions you attribute to the incident as alleged in the Complaint, providing the area of the body affected, and any complaints related to the injury.

**RESPONSE:**

 Gun shot wound to left leg, right leg, pelvis, admoninal, left hand and palm and right wrist. I cannot move my right thumb and I have pain in all parts of my body including but not limited to my left knee and back.

**INTERROGATORY NO. 4:**

For each physical, mental or emotional injuries or condition identified in Interrogatory No. 3, if you received any consultation, examination, or treatment from a health care provider, state the name and address of each provider, type of consultation, examination, or treatment provided; and the dates you received such

consultation, examination or treatment.

**RESPONSE:**

Kawaeh Delta Hospital, 400 W. Mineral King Ave, Visalia, CA 9329, June 18, 2019-July 12, 2019. I was treated for multiple gunshot wounds at Kawaeh Delta.

Fresno Regional Medical Center, 6069 N. First Street, Fresno, CA 93710, unknown date, I had surgery to my right wrist.

**INTERROGATORY NO. 5:**

Identify all health care providers with whom you consulted, or from whom you received treatment in the five years immediate prior to the incident as alleged in the Complaint.

**RESPONSE:**

Fresno Regional Medical Center, 2015

**INTERROGATORY NO. 6:**

Identify all mental health care providers with whom you consulted, or from whom you received treatment in the five years immediate prior to the incident as alleged in the Complaint.

**RESPONSE:**

None.

**INTERROGATORY NO. 7:**

Describe ("DESCRIBE" is defined herein as name and dosage of the medication; if prescribed, the person who prescribed or furnished it; the date prescribed or furnished; and the dates you began and stopped taking it) any medications, prescribed or otherwise, you have taken as a result of the injuries you attribute to the incident as alleged in the Complaint.

**RESPONSE:**

I have taken numerous medications and these medications are listed in the medical records that are being produced pursuant to the Request for Production of Documents, Exhibit No. 1.

///

1    **INTERROGATORY NO. 8:**

2    If immediately before the incident as alleged in the Complaint you had any physical,

3    mental, and/or emotional disabilities, state the nature and extent of each such

4    physical, mental and/or emotional disability.

5    **RESPONSE:**

6    None.

7    **INTERROGATORY NO. 9:**

8    If you have suffered any economic loss that you attribute to the incident as alleged in

9    the Complaint, state the basis for that loss.

10   **RESPONSE:**

     Medical expenses.

11   **INTERROGATORY NO. 10:**

12   If you have any other damages not otherwise identified in these interrogatories that

13   you attribute to the incident as alleged in the Complaint, state the basis for those

14   damages (the nature of the damages; the date(s) the damages occurred; the amount of

15   damages; and how the amount was calculated).

16   **RESPONSE:**

17   Medical expenses incurred as a result of the medical treatment and hospitalization are

18   approximately $42,000. However, Plaintiff does not know the amount of medical

19   expenses from Fresno Regional Medical Center.

20   **INTERROGATORY NO. 11:**

21   If you allege there are recreational or daily living activities that you are no longer

22   able to do as a result of the incident as alleged in the Complaint, please identify those

23   activities.

24   **RESPONSE:**

25   I can no longer to do simple tasks without pain due the injuries I sustained. I can't

26   move my right thumb.

     **INTERROGATORY NO. 12:**

27   Identify each of your constitutional right(s) you claim was violated by Defendant

28

1 County of Kings.

2 **RESPONSE:**

3 The defendant's employee, Sgt. Lopes used unreasonable and excessive force in

4 violation of my 4th Amendment right when he shot me numerous times.

5 **INTERROGATORY NO. 13:**

6 For each constitutional right identified above in response to Interrogatory No. 12,

7 state all facts supporting your contention that particular right(s) was violated by

8 Defendant County of Kings.

9 **RESPONSE:**

10 The defendant's employee, Sgt Lopes, shot me numerous times when I was unarmed.

11 **INTERROGATORY NO. 14:**

12 Identify any Kings County Sheriff's Office officer involved shootings that were

13 determined in court to be unconstitutional as alleged at Page 15, lines 9 to 14 of your

complaint.

14 **RESPONSE:**

15 Sergeant Taylor Lopes.

16 **INTERROGATORY NO. 15:**

17 State all facts upon which you base your allegation that Defendant County of Kings

18 encouraged, accommodated, or facilitated, a "blue code of silence," "blue wall,"

19 "blue curtain," "blue veil," or code of silence with respect to deputies' errors,

20 misconduct or crimes, as alleged at Page 15, lines 15 to 22 of your complaint.

21 **RESPONSE:**

22 I have not had an opportunity to review any discovery regarding Defendant Lopes

23 past disciplinary proceedings but I believe Defendant Lopes was involved in a prior

24 lawsuit wherein it alleged he used excessive force and he is still employed with the

25 Kings County Sheriff's Office.

26 **INTERROGATORY NO. 16:**

27 State all facts upon which you base your allegation that Defendant County of Kings

28 maintained a policy of inaction and an attitude of indifference towards soaring

numbers of police shootings and other uses of force, including by failing to discipline, retrain, investigate, terminate, and recommend deputies for criminal prosecution who participate in shootings of unarmed people, as alleged at Page 15, lines 23 to 27 of your complaint.

**RESPONSE:**

I have not had an opportunity to review any discovery regarding Defendant Lopes past disciplinary proceedings but I believe Defendant Lopes was involved in a prior lawsuit wherein it alleged he used excessive force and he is still employed with the Kings County Sheriff's Office.

**INTERROGATORY NO. 17:**

For each Request for Admission served concurrently with these interrogatories that is not an unqualified admission state the following: (1) the number of the request; (2) all facts upon which you base your response; (3) the names, addresses, and telephone numbers of all persons who have knowledge of those facts; and (4) identify all documents and other tangible things that support your response and state the name, address, and telephone number of the person who has each document or thing.

Request for Admission No. 18-I did not see any individuals wearing law enforcement uniforms-I don't know the names of persons with knowledge of these facts, and I don't know of any documents that support my response.

Request for Admission No. 19- I did not see any individuals pointing firearms in my direction before I exited the vehicle- I don't know the names of persons with knowledge of these facts, and I don't know of any documents that support my response.

Request for Admission No. 21-I did not hear any say "Sheriff's Office, show me your hands", however, I admit at least one of the individuals announced "come out with your hands up."- I don't know the names of persons with knowledge of these facts, and I don't know of any documents that support my response.

Request for Admission No. 22-I don't remember Jose Quintero say something to the effect of, "they have guns, put your hands up."- I don't know the names of persons

PLAINTIFF'S RESPONSES TO DEFENDANT COUNTY OF KINGS INTERROGATORIES

1  with knowledge of these facts, and I don't know of any documents that support my

2  response.

3  Request for Admission No. 23-I do not remember saying to Jose Quintero I was

4  going to run- I don't know the names of persons with knowledge of these facts, and I

5  don't know of any documents that support my response.

6  Request for Admission No. 24- Plaintiff admits that I exited the passenger side of the

7  car and raised my arms and hands.  Plaintiff denies placing his hands in a shooting

8  stance and objects to the term "shooting stance" as vague and ambiguios-- I don't

9  know the names of persons with knowledge of these facts, and I don't know of any

10  documents that support my response.

11  Request for Admission No. 26- I can neither admit or deny this request because I was

12  shot numerous times and was in extreme pain and do not remember what was said by

13  the officers--- I don't know the names of persons with knowledge of these facts, and I

    don't know of any documents that support my response.

14  Request for Admission No. 27- I can neither admit or deny this request because I was

15  shot numerous times and was in extreme pain and do not remember what was said by

16  the officers---- I don't know the names of persons with knowledge of these facts, and

17  I don't know of any documents that support my response.

18  Request for Admission No. 30-I was not under the influence of cocaine- I don't know

19  the names of persons with knowledge of these facts, and I don't know of any

20  documents that support my response.

21  Request for Admission No. 31- Plaintiff admits that the video footage shows plaintiff

22  exited the passenger side of the red Nissan with his arms and hands raised.  Plaintiff

23  denies placing his hands in a shooting stance and objects to the term "shooting

24  stance" as vague and ambiguous-the video will show the events that took place prior

25  to, during and after the shooting.

26  Request for Admission No. 32-I don't remember saying "you're going to make me

27  famous" after I was shot approximately 17 times- I don't know the names of persons

28  with knowledge of these facts, and I don't know of any documents that support my

1  response.

2  Request for Admission No. 33-I don't remember saying "put me you Youtube" after

3  being shot approximately 17 times-- I don't know the names of persons with

4  knowledge of these facts, and I don't know of any documents that support my

5  response.

6  Request for Admission No. 34- I was unarmed when Sgt. Lopes shot me numerous

7  times and I did not pose any immediate threat of death or great bodily harm to him

8  when he shot me-all the officers at the scene knew I was unarmed and the incident

9  reports and video support this contention.

10 Request for Admission No. 35-I recall laying on the ground for quite some time

11 before medical aid was rendered to me-I believe the officers at the scene are aware of

   this and the video supports this contention.

12 Request for Admission No. 36--Plaintiff can neither admit or deny this request as he

13 is not in possession or has seen the training policies.

14 Request for Admission No. 37-Plaintiff can neither admit or deny this request as he

15 is not in possession or has seen the training policies.

16 Request for Admission No. 38- Plaintiff can neither admit or deny this request as he

17 is not in possession or has seen the procedures for reporting, supervising,

18 investigating, reviewing, disciplining and controlling alleged misconduct by deputies

19 employed by the Kings County Sheriff's Office,

20 Request for Admission No 39- Plaintiff can neither admit or deny this request

21 because he is not in possession or has information regarding misconduct involving

22 the use of force, and failure to provide timely and adequate medical care.

23

24 I declare under penalty of perjury under the laws of the United States the foregoing

25 responses are true and correct.

26

27 Dated:_____, 2021  _____

28                                Freddie Quair

PROOF OF SERVICE

1       I, **DARRELL J. YORK**, am employed in the County of Los
Angeles, State of California.  I am over the age of 18 and am not
2 a party to this action.  My business address is 27240 Turnberry
Lane, Suite 200, Valencia, CA 91355.

3
      On September 15, 2021, I served the following document
4 described as: **Plaintiff's Responses to Defendant County of Kings
Interrogatories, Request for Production and Request for Admissions**
5 on all interested parties in this action by placing a true copy
thereof enclosed in a sealed envelope, addressed as follows:

6

| | |
|---|---|
| RON BONTA<br>Attorney General of California<br>PAMELA J. HOLMES<br>NORMAN D. MORRISON<br>2550 Mariposa Mall, Room 5090<br>Fresno, CA 93721 | James J. Arendt<br>Ashley N. Reyes<br>WEAKLEY & ARENDT<br>5200 N. Palm Avenue, Suite 211<br>Fresno, California 93704 |

7

8

9

10

11 xx    **BY MAIL**

12     xx  I placed such envelope for deposit in the U.S. Mail
        for service by the United States Postal Service, with
13         postage thereon fully prepaid.

14         As follows:  I am "readily familiar" with the firm's
        practice of collection and processing correspondence
15         for mailing.  Under that practice it would be
        deposited with U.S. postal service on the same day
16         with postage thereon fully prepaid at Valencia,
        California in the ordinary course of business. I am
17         aware that on motion of the party served, service is
        presumed invalid if postal cancellation date or
18         postage meter date is more than one day after date of
        deposit for mailing in affidavit.

19     **BY PERSONAL SERVICE**

20     __delivered such envelope by hand to_____

21     _____ I caused such envelope to be delivered by hand to the
        offices of the addressee(s).

22

23 _____ **(STATE)**  I declare under penalty of perjury under the laws
            of the State of California that the foregoing is
            true and correct.

24

25  X  **(FEDERAL)**  I declare under penalty of perjury that the
            foregoing is true and correct, and that I am
26             employed in the office of a member of the Bar of
            this Court at whose direction the service was
27             made.

      Executed on September 15, 2021, at Valencia, California.
28

                         Darrell J. York

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118
dalekgalipo@yahoo.com

LAW OFFICE OF DARRELL J. YORK
Darrell J. York (SBN 145601)
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: (661) 362-0828
Fax:   (877) 221-3306
Email: djylaw@gmail.com

*Attorneys for Plaintiff, Freddie Quair*

## UNITED STATES DISTICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE QUAIR,<br><br>                              Plaintiff,<br><br>        vs.<br><br>COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,<br><br><br><br>                              Defendants | **Case No.  1:20-cv-01793-NONE (SKO)**<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT COUNTY OF KINGS REQUEST FOR ADMISSIONS,  SET NO. 1** |

RESPONDING PARTY:        Plaintiff, Freddie Quair

PROUNDING PARTY:         Defendant, County of Kings

SET NO.:                 One

## **REQUEST FOR ADMISSION NO. 1:**

Admit that as of June 18, 2019, you were a member of the Norteno street gang.

## **RESPONSE:**

Plaintiff respectfully asserts the privilege of self-incrimination and can neither admit or deny this request based on that privilege.  California Evidence Code §940 and the

1  | 5th Amendment.

2  | **REQUEST FOR ADMISSION NO. 2:**

3  | Admit that on April 14, 2019, you had a telephone conversation with Michael

4  | Gonzalez wherein you discussed having Janell Lynn Miguel smuggle marijuana in to

5  | the California State Prison in Salinas, where Michael Gonzalez was incarcerated.

6  | **RESPONSE:**

7  | Plaintiff respectfully asserts the privilege of self-incrimination and can neither admit

8  | or deny this request based on that privilege. California Evidence Code §940 and the

   | 5th Amendment

9  | **REQUEST FOR ADMISSION NO. 3:**

10 | Admit that on April 17, 2019, you had a telephone conversation with Selena

11 | Hamilton wherein you discussed selling cocaine to Ms. Hamilton.

12 | **RESPONSE:**

13 | Plaintiff respectfully asserts the privilege of self-incrimination and can neither admit

14 | or deny this request based on that privilege. California Evidence Code §940 and the

15 | 5th Amendment

16 | **REQUEST FOR ADMISSION NO. 4:**

17 | Admit that on April 29, 2019, you had a telephone conversation with Jose Quintero

18 | wherein the two of you discussed the purchase and sale of cocaine.

19 | **RESPONSE:**

20 | Plaintiff respectfully asserts the privilege of self-incrimination and can neither admit

21 | or deny this request based on that privilege. California Evidence Code §940 and the

22 | 5th Amendment

23 | **REQUEST FOR ADMISSION NO. 5**:

24 | Admit that on May 2, 2019, you had a telephone conversation with Jose Quintero

25 | wherein you discussed obtaining cocaine from Garcia.

26 | **RESPONSE:**

27 | Plaintiff respectfully asserts the privilege of self-incrimination and can neither admit

   | or deny this request based on that privilege. California Evidence Code §940 and the

28 |

1 | 5th Amendment

2 | **REQUEST FOR ADMISSION  NO. 6:**

3 | Admit that on May 17, 2019, you had a telephone conversation with Jose Quintero

4 | wherein you discussed the purchase/sale of a handgun.

5 | **RESPONSE:**

6 | Plaintiff respectfully asserts the privilege of self-incrimination and can neither admit

7 | or deny this request based on that privilege.  California Evidence Code §940 and the

8 | 5th Amendment

9 | **REQUEST FOR ADMISSION  NO. 7:**

10 | Admit that on May 17, 2019, you went with Jose Quintero to sell a handgun to a
Norteno street gang member.

11 | **RESPONSE:**

12 | Plaintiff respectfully asserts the privilege of self-incrimination and can neither admit

13 | or deny this request based on that privilege.  California Evidence Code §940 and the

14 | 5th Amendment

15 | **REQUEST FOR ADMISSION NO. 8:**

16 | Admit that on June 18, 2019, you participated in a home invasion robbery at 1709

17 | Hale Avenue, in the City of Corcoran.

18 | **RESPONSE:**

19 | Plaintiff respectfully asserts the privilege of self-incrimination and can neither admit

20 | or deny this request based on that privilege.  California Evidence Code §940 and the

21 | 5th Amendment

22 | **REQUEST FOR ADMISSION NO. 9**:

23 | Admit that you were in possession of a handgun during your participation in a home

24 | invasion robbery at 1709 Hale Avenue, in the City of Corcoran on June 18, 2019.

25 | **RESPONSE:**

26 | Plaintiff respectfully asserts the privilege of self-incrimination and can neither admit

27 | or deny this request based on that privilege.  California Evidence Code §940 and the
5th Amendment

28 |

**REQUEST FOR ADMISSION NO. 10:**

Admit that while committing a home invasion robbery at 1709 Hale Avenue, in the City of Corcoran on June 18, 2019, the firearm you were holding discharged and struck David Hernandez.

**RESPONSE:**

Plaintiff respectfully asserts the privilege of self-incrimination and can neither admit or deny this request based on that privilege. California Evidence Code §940 and the 5th Amendment

**REQUEST FOR ADMISSION NO. 11:**

Admit that after the Corcoran home invasion robbery on June 18, 2019,  you were walking northbound on Highway 43 outside the City of Corcoran.

**RESPONSE:**

Plaintiff respectfully asserts the privilege of self-incrimination and can neither admit or deny this request based on that privilege. California Evidence Code §940 and the 5th Amendment. However, Plaintiff does admit to walking northbound on Highway 43 outside the City of Corcoran.

**REQUEST FOR ADMISSION NO. 12:**

Admit that on June 18, 2019, Jose Quintero picked you up in a red Nissan while you were on foot in the area of Highway 43 and Nevada Avenue.

**RESPONSE**:

Admit.

**REQUEST FOR ADMISSION NO. 13**:

Admit that after being picked up by Jose Quintero, while traveling northbound on Highway 43 you became aware at some point you were being followed by at least one law enforcement vehicle.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 14**:

Admit that while traveling northbound on Highway 43 with Jose Quintero on June

18, 2019, Jose Quintero pulled off on a dirt road around Highway 43 and 8th Avenue

and traveled approximately 100 to 200 feet west from Highway 43.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION  NO. 15**:

Admit that on June 18, 2019, after Jose Quintero pulled off on a dirt road around

Highway 43 and 8th Avenue, several vehicles turned off on the dirt road and stopped

50 to 100 feet behind Jose Quintero's car.

**RESPONSE**:

Plaintiff does not have information to admit or deny this request because he was not

in a possession to see the distance of the other vehicles.

**REQUEST FOR ADMISSION  NO. 16:**

Admit you knew at the time that it occurred that the vehicles referenced in Request

for Admission No. 14 were driven by law enforcement officers.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION  NO. 17**:

With respect to the vehicles referenced in Request for Admission No. 14, admit you

saw that one or more of the vehicles that stopped behind the Nissan you were in had

red and blue flashing emergency lights.

**RESPONSE**:

Admit.

**REQUEST FOR ADMISSION  NO. 18:**

With respect to the vehicles referenced in Request for Admission No. 14, admit you

saw that one or more of the individuals that exited the vehicles were wearing law

enforcement uniforms/clothing.

**RESPONSE:**

Deny.

///

**REQUEST FOR ADMISSION NO. 19:**

Admit that before you exited the Nissan, you saw one or more of the individuals that exited the vehicles referenced in Request for Admission No. 14 pointing firearms in your general direction.

**RESPONSE:**

Deny.

**REQUEST FOR ADMISSION NO. 20:**

Admit that at least one of the individuals stopped behind the Nissan you occupied ordered Quintero out of the driver's side of his car.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that at least one of the individuals stopped behind the Nissan announced something to the effect of, "Sheriff's Office, show me your hands." on more than one occasion.

**RESPONSE:**

Deny. I admit at least one of the individuals announced "come out with your hands up."

**REQUEST FOR ADMISSION NO. 22:**

Admit that while still inside the Nissan, Jose Quintero told you something to the effect of, "they have guns, put your hands up".

**RESPONSE:**

I can neither admit or deny this request because I do not remember if Jose Quintero told me that.

**REQUEST FOR ADMISSION NO. 23:**

Admit that while you were still in the Nissan, you told Jose Quintero that you were going to run.

**RESPONSE:**

I can neither admit or deny this request because I do not remember if I said that I was

1 going to run.

2 **REQUEST FOR ADMISSION NO. 24:**

3 Admit that approximately one minute after Jose Quintero was ordered to get out the
4 car you quickly exited the passenger side of the car, raised your arms to shoulder
5 height with your hands together in a shooting stance pointing in the general direction
6 of the individuals stopped behind you.

7 **RESPONSE:**

8 Plaintiff admits that he exited the passenger side of the car and raised his arms and
9 hands.  Plaintiff denies placing his hands in a shooting stance and objects to the term
10 "shooting stance" as vague and ambiguous.

**REQUEST FOR ADMISSION NO. 25:**

11
12  Admit that when you took the shooting stance described in Request for Admission
No. 23, you knew the individuals behind you were law enforcement officers.

13 **RESPONSE:**

14 Objection, this request assumes Plaintiff admitted to taking a shooting stance.
15 *Diedrich v. Department of Army* (SD NY 1990) 132 FRD 614, 619. See Response to
16 Request No. 24.   Plaintiff does admit that he knew the individuals behind him were
17 law enforcement officers.

18 **REQUEST FOR ADMISSION NO. 26:**

19 Admit that after being shot, while laying on the ground you were given commands by
20 one or more of the individuals present to put your hands out in front of you.

21 **RESPONSE:**

22 I can neither admit or deny this request because I was shot numerous times and was
23 in extreme pain and do not remember what was said by the officers.

24 **REQUEST FOR ADMISSION NO. 27:**

25 Admit that you refused to comply with these commands.

**RESPONSE:**
26
27 I can neither admit or deny this request because I was shot numerous times and was
in extreme pain and do not remember what was said by the officers.

28

1

2 **REQUEST FOR ADMISSION NO. 28:**

3 Admit that when you took the shooting stance described in Request for Admission

4 No. 23, you were fired upon by multiple officers and were struck more than once.

5 **RESPONSE:**

6 Objection, this request assumes Plaintiff admitted to taking a shooting stance.

7 *Diedrich v. Department of Army* (SD NY 1990) 132 FRD 614, 619.   See Response to

8 Request No. 24.  Plaintiff does admit that he was shot more than once.

9 **REQUEST FOR ADMISSION NO. 29:**

10 Admit that you took the shooting stance described in Request for Admission No. 23, with the intent on getting one or more officers to shoot at you.

11 **RESPONSE:**

12 Objection, this request assumes Plaintiff admitted to taking a shooting stance.

13 *Diedrich v. Department of Army* (SD NY 1990) 132 FRD 614, 619.  See Response to

14 Request No. 24.

15 **REQUEST FOR ADMISSION NO. 30:**

16 Admit that you were under the influence of cocaine at the time of the events

17 discussed above in Requests for Admission Nos. 7 to 28.

18 **RESPONSE:**

19 Plaintiff respectfully asserts the privilege of self-incrimination and can neither admit

20 or deny this request based on that privilege.  California Evidence Code §940 and the

21 5th Amendment.

22

23 **REQUEST FOR ADMISSION NO. 31:**

24 Admit that video footage recorded from a CHP aircraft over the scene of the events

25 described in the complaint shows you exited the passenger side of the red Nissan,

26 with your arms raised shoulder height and your hands together in a shooting stance

27 pointing in the general direction of the individuals stopped behind you.

**RESPONSE:**

28

1  Plaintiff admits that the video footage shows plaintiff exited the passenger side of the

2  red Nissan with his arms and hands raised.  Plaintiff denies placing his hands in a

3  shooting stance and objects to the term "shooting stance" as vague and ambiguous.

4  **REQUEST FOR ADMISSION NO. 32:**

5  Admit that while on the ground after being shot, you yelled something to the effect

6  of, "you're just going to make me famous".

7  **RESPONSE:**

8  I can neither admit or deny this request because I was shot numerous times and was

9  in extreme pain and do not remember what I said.

10  **REQUEST FOR ADMISSION NO. 33:**

11  Admit that while on the ground after being shot, you yelled something to the effect

   of, "put me you Youtube".

12  **RESPONSE:**

13  I can neither admit or deny this request because I was shot numerous times and was

14  in extreme pain and do not remember what was I said.

15  **REQUEST FOR ADMISSION NO. 34:**

16  Admit it was objectively reasonable under the totality of circumstances for Sergeant

17  Lopes to use deadly force against you.

18  **RESPONSE:**

19  Deny.

20  **REQUEST FOR ADMISSION  NO. 35:**

21  Admit that after being shot timely medical care was rendered to you.

22  **RESPONSE:**

23  Deny.

24  **REQUEST FOR ADMISSION NO. 36:**

25   Admit that Defendant County of Kings's training policies were adequate to train its

26  deputies to handle the usual and recurring situations with which they must deal,

   including training policies with respect to the use of deadly force.

27  ///

28

**RESPONSE:**

Plaintiff can neither admit or deny this request as he is not in possession or has seen the training policies.

**REQUEST FOR ADMISSION NO. 37:**

Admit that Defendant County of Kings's training policies were adequate to train its deputies to handle the usual and recurring situations with which they must deal, including training policies with respect to providing prompt and necessary medical care.

**RESPONSE:**

Plaintiff can neither admit or deny this request as he is not in possession or has seen the training policies

**REQUEST FOR ADMISSION NO. 38:**

Admit that Defendant County of Kings' procedures for reporting, supervising, investigating, reviewing, disciplining and controlling alleged misconduct by deputies employed by the Kings County Sheriff's Office, were in compliance with reasonable and accepted standards in the State of California.

**RESPONSE:**

Plaintiff can neither admit or deny this request as he is not in possession or has seen the procedures for reporting, supervising, investigating, reviewing, disciplining and controlling alleged misconduct by deputies employed by the Kings County Sheriff's Office,

**REQUEST FOR ADMISSION NO. 39:**

Admit that Defendant County of Kings reasonably disciplined deputies for alleged misconduct involving the use of force, and failure to provide timely and adequate medical care in compliance with reasonable and accepted standards in the State of California.

**RESPONSE:**

Plaintiff can neither admit or deny this request because he is not in possession or has information regarding misconduct involving the use of force, and failure to provide

1 | timely and adequate medical care.

2

3 | Dated:  September 15, 2021

By: _____
Darrell J. York
Attorney for Plaintiff

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S RESPONSE TO DEFENDANT COUNTY OF KINGS REQUEST FOR ADMISSIONS

1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (Bar No. 144074)
2  21800 Burbank Boulevard, Suite 310
   Woodland Hills, California 91367
3  Tel:   (818) 347-3333
   Fax:   (818) 347-4118
4  dalekgalipo@yahoo.com

5  LAW OFFICE OF DARRELL J. YORK
   Darrell J. York (SBN 145601)
6  27240 Turnberry Lane, Suite 200
   Valencia, CA 91355
7  Telephone: (661) 362-0828
   Fax:   (877) 221-3306
8  Email: djylaw@gmail.com

9  *Attorneys for Plaintiff, Freddie Quair*

10

                **UNITED STATES DISTICT COURT**
11
                **EASTERN DISTRICT OF CALIFORNIA**
12

   FREDDIE QUAIR,                      | Case No.  **1:20-cv-01793-NONE (SKO)**
13
                           Plaintiff,
14                                       **PLAINTIFF'S RESPONSE TO**
        vs.                              **DEFENDANT COUNTY OF KINGS**
15                                       **REQUEST FOR PRODUCTION OF**
   COUNTY OF KINGS; TAYLOR              **DOCUMENTS, SET NO. 1**
16 LOPES; NEIL COMPSTON; JOHN
   SILVERIA; EDWARD SINCLAIR;
17 and DOES 1 THROUGH 10, inclusive,

18

19
                           Defendants
20

21 RESPONDING PARTY:        Plaintiff, Freddie Quair

22 PROUNDING PARTY:         Defendant, County of Kings

23 SET NO.:                 One

24 REQUEST FOR PRODUCTION NO. 1:

25      All documents identified in Plaintiff's FRCP Rule 26 Initial Disclosures.

26 RESPONSE:

27      Medical records and bills from Kawaeh Delta Hospital are in the CD attached

28 hereto as Exhibit 1.

1  Photographs of Nissan Sentra (vehicle at scene) are in the CD attached hereto
2 as Exhibit 2;

3  Aerial video of shooting incident is on the CD attached hereto as Exhibit 3;

4  Audio recordings and the transcripts of the statements of Defendant Taylor
5 Lopes; Neil Compston; John Silveria; Edward Sinclair; Special Agent Chase
6 Dobbins; John Scomona are on the CD attached hereto as Exhibit 4.

7  Plaintiff is currently not in possession of medical records and bills from
8 Fresno Regional Medical Center. Plaintiff has requested these bills and records from
9 these providers and will supplement this response upon receipt of these bills and
10 records.

11

12 REQUEST FOR PRODUCTION NO. 2:

13  All documents identified in response to Defendant County of Kings'
14 Interrogatories, Set One, served concurrently herewith.
15 RESPONSE:

16  The medical records in Exhibit 1 contain the list of all medications Plaintiff
17 was prescribed as a result of this incident. (Interrogatory No. 7).

18

19 REQUEST FOR PRODUCTION NO. 3:

20  All documents from health care providers identified in your responses to
21 Defendant County of Kings' Interrogatories, Set One, served concurrently herewith.
   RESPONSE:
22
23  Medical records and bills from Kawaeh Delta Hospital are in the CD attached
   hereto as Exhibit 1. Plaintiff is currently not in possession of medical records and
24 bills from Fresno Regional Medical Center. Plaintiff has requested these bills and
25 records from these providers and will supplement this response upon receipt of these
26 bills and records.

27

28

REQUEST FOR PRODUCTION NO. 4:

All medical bills, including, but not limited to, prescription and non-prescription medications, incurred due to the injuries you are claiming as a result of the events alleged in your complaint.

RESPONSE:

The medications are among the medical records produced herein as Exhibit 1. Plaintiff is currently not in possession of medical bills from Fresno Regional Medical Center. Plaintiff has requested these bills from these providers and will supplement this response upon receipt of these bills.

REQUEST FOR PRODUCTION NO. 5:

All documents relating to economic damages you allege to have suffered as a result of the events alleged in your complaint.

RESPONSE:

Plaintiff is not in possession of documents responsive to this request.

REQUEST FOR PRODUCTION NO. 6:

All documents reflecting any and all expenses incurred by you as a result of the events alleged in your complaint.

RESPONSE:

Plaintiff is currently not in possession of medical bills from Fresno Regional Medical Center. Plaintiff has requested these bills from these providers and will supplement this response upon receipt of these bills.

REQUEST FOR PRODUCTION  NO. 7:

Copies of any and all news coverage (print, audio and video), press releases, and media statements made by you that relate to the events alleged in your complaint.

1  RESPONSE:

2        Plaintiff is not in possession of documents responsive to this request and does

3  not know if any such document(s) exist.

4

5  REQUEST FOR PRODUCTION NO. 8:

6        All documents evidencing any collateral source payment (as defined in Cal.

7  Gov. Code § 985(c)) related to the events alleged in your complaint.

8  RESPONSE:

9        Plaintiff is not in possession of documents responsive to this request.

10

11  REQUEST FOR PRODUCTION NO. 9:

12        All statements, written or taped, taken by you, or anyone acting on your behalf,

    of any witness or any person with knowledge relating to the events alleged in your

13  complaint.

14  RESPONSE:

15        Plaintiff is not in possession of documents responsive to this request.

16

17  REQUEST FOR PRODUCTION NO. 10:

18        All reports or writings related to the events alleged in your complaint.

19  RESPONSE:

20        Photographs of Nissan Sentra (vehicle at scene) are in the CD attached hereto

21  as Exhibit 2;

22        Aerial video of shooting incident is on the CD attached hereto as Exhibit 3;

23        Audio recordings and the transcripts of the statements of Defendant Taylor

24  Lopes; Neil Compston; John Silveria; Edward Sinclair; Special Agent Chase

25  Dobbins; John Scomona are on the CD attached hereto as Exhibit 4.

26        Photographs of all vehicles that were at the scene are on a CD attached hereto

27  as Exhibit 5.

28

PLAINTIFF'S RESPONSE TO DEFENDANT COUNTY OF KINGS REQUEST FOR PRODUCTION

1  REQUEST FOR PRODUCTION NO. 14:

2      All writings by you relating to the events alleged in your complaint, including

3  but not limited to documents from diaries or journals.

4  RESPONSE:

5      Plaintiff is not in possession of documents responsive to this request and

6  Plaintiff has never possessed such documents.

7

8  REQUEST FOR PRODUCTION NO. 15:

9      All documents (defined as Profile Contact Information; News Feed; Status

10  Update History; Shares; Likes; Apps; Notes; Gifts - Public and Private; Wall Postings

11  to and from you; Messenger messages to and from you; Friend Listings; photographs)

12  from January 1, 2016, to the present that in any way refer or relate to the events

13  alleged in the First Amended Complaint, from each and everyone of your social

14  networking accounts, including but not limited to My Space, Facebook, Instagram,

15  Google +, Twitter, LinkedIn, Pinterest, Tumblr, Vine, Snapchat, Foursquare or

16  YouTube.

RESPONSE:

17      Plaintiff is not in possession of documents responsive to this request and

18  Plaintiff has never possessed such documents.

19

20  Dated:  September 15, 2021           By: _____

21                                    Darrell J. York
                                      Attorney for Plaintiff

22

23

24

25

26

27

28

EXHIBITS 1-7

RECEIVED
ATTORNEY GENERAL

2021 SEP 17  PM 2: 14

DEPARTMENT OF JUSTICE
FRESNO OFFICE

1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (Bar No. 144074)
2  21800 Burbank Boulevard, Suite 310
   Woodland Hills, California 91367
3  Tel:   (818) 347-3333
   Fax:   (818) 347-4118
4  dalekgalipo@yahoo.com

5  LAW OFFICE OF DARRELL J. YORK
   Darrell J. York (SBN 145601)
6  27240 Turnberry Lane, Suite 200
   Valencia, CA 91355
7  Telephone: (661) 362-0828
   Fax:    (877) 221-3306
8  Email: djylaw@gmail.com

9  *Attorneys for Plaintiff, Freddie Quair*

10                    **UNITED STATES DISTICT COURT**

11                    **EASTERN DISTRICT OF CALIFORNIA**

12

| FREDDIE QUAIR, | **Case No.  1:20-cv-01793-NONE (SKO)** |
|---|---|
| Plaintiff, | |
| vs. | **PLAINTIFF'S RESPONSE TO DEFENDANT COMPTON'S INTERROGATORIES, SET NO. 1** |
| COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive, | |
| Defendants | |

21  RESPONDING PARTY:      Plaintiff, Freddie Quair

22  PROUNDING PARTY:      Defendant, Neil Compston

23  SET NO.:           One

24                  **PRELIMINARY STATEMENT**

25      Plaintiff has not fully completed an investigation of the facts relating to this

26  case, has not fully completed discovery in this action and has not completed trial

27  preparation. All of the answers contained herein are based only upon such

28  information and documents which are presently available to, and specifically

                              - 1 -

1  known to this responding party and disclose only those contentions which presently
2  occur to such responding party.

3  It is anticipated that further discovery, independent investigation, legal
4  research and analysis will supply additional facts, add meaning to the known facts,
5  as well as establish entirely new factual conclusions and legal contentions, all of
6  which may lead to substantial additions to, changes in, and variations from the
7  contentions herein set forth. The following interrogatory responses are given
8  without prejudice to responding party's right to produce evidence of any
9  subsequently discovered fact or facts which this responding party may later recall.
10  Plaintiff accordingly reserves the right to change any and all answers herein as
11  additional facts are ascertained, analyses are made, legal research is completed, and
12  contentions are fashioned. The answers contained herein are made in a good faith
13  effort to supply as much factual information and as much specification of legal
14  contentions as is presently known by this responding party and should in no way be
15  construed so as to preclude, or foreclose further discovery, research or analysis by
   said party.

16  The following general objections are made to each and every interrogatory
17  and are deemed to be incorporated into the specific objection and response provided
18  to each interrogatory:

19  1. Plaintiff objects on the grounds that he has not completed his factual
20  investigation. These responses are made in good faith and after diligent inquiry
21  into the facts and information now known to Plaintiff as well as his present analysis
22  of the case. However, information that may be responsive to the Interrogatories
23  may not yet have been discovered. Accordingly, without asserting an obligation to
24  do so, and without waiving the objections asserted herein, Plaintiff reserves the
25  right to amend and/or supplement his responses as and when additional information
26  is discovered. Additionally, because Plaintiff's responses are based upon
27  information that he recalls and has identified to date, it does not preclude Plaintiff
28  from relying on facts or documents recalled, discovered or generated pursuant to

PLAINTIFF'S RESPONSES TO DEFENDANT COMPTON'S INTERROGATORIES

1  subsequent investigation and discovery.

2      2. Plaintiff objects to the Interrogatories to the extent that they seek
3  irrelevant information and information that is not reasonably calculated to lead to
4  the discovery of admissible evidence.

5      3. Plaintiff objects to the Interrogatories to the extent that they are
6  overbroad, vague, ambiguous, and unduly burdensome.

7      4. Plaintiff objects to the Interrogatories to the extent that they are vague
8  and ambiguous and phrased so as to require Plaintiff to speculate concerning the
9  meaning intended by Defendant.

10     5. Plaintiff objects to the Interrogatories to the extent that they call for
11 information protected from discovery by the attorney-client privilege, the attorney
   work-product doctrine and/or other applicable privileges and protections.
12
13     6. Inadvertent disclosure of such information shall not constitute a waiver
   of any privilege or ground for objecting to disclosing such information and shall not
14 waive Plaintiff's right to object to the use of such information.

15     7. Plaintiff objects to the Interrogatories to the extent that they seek
16 information that infringes upon the privacy rights of Plaintiff or third parties.

17     8. Plaintiff objects to the Interrogatories to the extent that they seek
18 information already known by, or reasonably accessible to Defendants, or facts that
19 are solely within the knowledge and control of Defendants.

20     Plaintiff's objections to the disclosure of any information requested in the
21 Interrogatories are not and shall not be construed as an admission that any such
22 information exists

23 **INTERROGATORY NO. 1**:

24 Describe in detail any physical, mental, emotional, or other injuries or conditions you
25 attribute to the incident identified in YOUR complaint, including identifying the area
26 of the body YOU claim to have been injured, any complaints YOU attribute to the
27 injury, and any medical diagnosis of any injury YOU attribute to the incident
   identified in YOUR complaint.
28

**RESPONSE NO. 1:**

Physical Injuries:  Multiple gunshot wounds to left leg, right leg, pelvis, abdominal, left hand and palm and right wrist.  I cannot move my right thumb and I have pain in all parts of my body including but not limited to my left knee and back.  I suffered 2-3 gunshot wounds in my left shoulder and there is a bullet still lodged in my shoulder blade.  I have limited rotation in my right wrist and limited strength in my right arm from my wrist to my elbow. Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 2:**

Identify any drugs, legal or illegal, including any prescribed medication(s) YOU consumed during the 24 hours prior to the incident identified in YOUR complaint.

**RESPONSE NO. 2:**

Plaintiff respectfully asserts the privilege against self-incrimination and will not provide a response to this interrogatory based on that privilege.  California Evidence Code §940 and the 5th Amendment.

**INTERROGATORY NO. 3:**

Identify each of your constitutional right(s) you claim was violated by Defendant Neil Compston.

**RESPONSE NO. 3:**

Defendant Compston used unreasonable and excessive force in violation of my 4th Amendment right when he shot me numerous times and for denial of medical care.

**INTERROGATORY NO. 4:**

For each of the constitutional rights YOU identified in YOUR response to Interrogatory No. 3, describe in detail all facts supporting YOUR contention that each such right was violated by Defendant Neil Compston.

**RESPONSE NO. 4:**

He shot me numerous times when I was unarmed. I complied with officers' requests to get out of the car, and I got out of the car with my hands up to show there was nothing in my hands. There was no warning issued prior to the shooting that they were to going to shoot and I got shot while going to the ground and while on the

ground. After I was first shot, instead of summoning medical assistance, officers continued to shoot even after I was on the ground. Even after the shooting stopped, officers failed to timely summon medical assistance and allowed me to lay bleeding on the ground for an unjustifiably extended period of time.

**INTERROGATORY NO. 5:**

For each of the constitutional rights YOU identified in YOUR response to Interrogatory No. 3, identify each and every person YOU contend has knowledge of the facts supporting YOUR contention.

**RESPONSE NO. 5:**

All of the named defendants and other officers that were at the scene when the shooting occurred.

**INTERROGATORY NO. 6:**

Identify each of your constitutional right(s) you claim was violated by Defendant John Silveira.

**RESPONSE NO. 6:**

Defendant Compston used unreasonable and excessive force in violation of my 4th Amendment right when he shot me numerous times and denied me medical care.

**INTERROGATORY NO. 7:**

For each of the constitutional rights YOU identified in YOUR response to Interrogatory No. 6, describe in detail all facts supporting YOUR contention that each such right was violated by Defendant John Silveira.

**RESPONSE NO. 7:**

He shot me numerous times when I was unarmed. I complied with officers' requests to get out of the car, and I got out of the car with my hands up to show there was nothing in my hands. There was no warning issued prior to the shooting that they were to going to shoot and I got shot while going to the ground and while on the ground. For the denial of medical care. After I was first shot, instead of summoning medical assistance, officers continued to shoot even after I was on the ground. Even after the shooting stopped, officers failed to timely summon medical assistance and

1 allowed me to lay bleeding on the ground for an unjustifiably extended period of
2 time.

3 **INTERROGATORY NO. 8:**

4 For each of the constitutional rights YOU identified in YOUR response to
5 Interrogatory No. 6, identify each and every person YOU contend has knowledge of
6 the facts supporting YOUR contention.

7 **RESPONSE NO. 8:**

8 All of the named defendants and the other offices that were at the scene when the
9 shooting occurred.

10 **INTERROGATORY NO. 9:**

11 Identify each of your constitutional right(s) you claim was violated by Defendant
12 Edward Sinclair.

12 **RESPONSE NO. 9:**

13 Defendant Sinclair used unreasonable and excessive force in violation of my 4th
14 Amendment right when he shot me numerous times and denial of medical care.

15 **INTERROGATORY NO. 10:**

16 For each of the constitutional rights YOU identified in YOUR response to
17 Interrogatory No. 3, describe in detail all facts supporting YOUR contention that each
18 such right was violated by Defendant Edward Sinclair.

19 **RESPONSE NO. 10:**

20 He shot me numerous times when I was unarmed. I complied with officers' requests
21 to get out of the car, and I got out of the car with my hands up to show there was
22 nothing in my hands. There was no warning issued prior to the shooting that they
23 were to going to shoot and I got shot while going to the ground and while on the
24 ground. For the denial of medical care. After I was first shot, instead of summoning
25 medical assistance, officers continued to shoot even after I was on the ground. Even
26 after the shooting stopped, officers failed to timely summon medical assistance and
27 allowed me to lay bleeding on the ground for an unjustifiably extended period of
28 time.

**INTERROGATORY NO. 11:**

For each of the constitutional rights YOU identified in YOUR response to Interrogatory No. 3, identify each and every person YOU contend has knowledge of the facts supporting YOUR contention.

**RESPONSE NO. 11:**

All of the named defendants and the other offices that were at the scene when the shooting occurred.

**INTERROGATORY NO. 12:**

Describe in detail all facts supporting YOUR contention that the Defendants used excessive force against YOU.

**RESPONSE NO. 12:**

They shot me numerous times when I was unarmed. I complied with officers' requests to get out of the car, and I got out of the car with my hands up to show there was nothing in my hands. There was no warning issued prior to the shooting that they were to going to shoot and I got shot while going to the ground and while on the ground.

**INTERROGATORY NO. 13:**

Describe in detail what less than lethal options YOU contend were available to Defendants, as alleged in paragraph 32 of YOUR Complaint.

**RESPONSE NO. 13:**

Batons, pepper spray, de-escalation tactics, tasers, bean bag rounds, and maintaining position of cover while giving verbal commands,

**INTERROGATORY NO. 14:**

Identify all documents supporting YOUR contention that less than lethal options were available to the Defendants, as alleged in paragraph 32 of YOUR Complaint.

**RESPONSE NO. 14:**

Audio interviews of the defendants and the transcripts of those interviews; investigative reports, video, policies related to less-lethal options.

///

**INTERROGATORY NO. 15:**

Identify all persons with knowledge supporting YOUR contention that less than lethal options were available to the Defendants, as alleged in paragraph 32 of YOUR Complaint.

**RESPONSE NO. 15:**

The defendants and the other officers that were at the scene when the shooting occurred.

**INTERROGATORY NO. 16:**

Describe in detail all facts supporting YOUR contentions the Defendants violates "training and standard police officer training" as alleged in paragraph 36 of YOUR Complaint.

**RESPONSE NO. 16:**

I was unarmed, showed the defendants my hands and did not pose an immediate threat of harm to any of them. They continued to shoot me as I was falling to the ground and while I was on the ground bleeding.

**INTERROGATORY NO. 17:**

Describe in detail all facts supporting YOUR contention that the Defendants "failed to timely summon medical care or permit medical personnel to treat YOU" as alleged in paragraph 42 of YOUR Complaint.

**RESPONSE NO. 17:**

After I was first shot, instead of summoning medical assistance, officers continued to shoot even after I was on the ground. Even after the shooting stopped, officers failed to timely summon medical assistance and allowed me to lay bleeding on the ground for an unjustifiably extended period of time.

**INTERROGATORY NO. 18:**

Identify all documents supporting YOUR contention that the Defendants "failed to timely summon medical care or permit medical personnel to treat YOU" as alleged in paragraph 42 of YOUR Complaint.

///

**RESPONSE NO. 18:**

Medical records, photographs of injuries, medical reports and video.

**INTERROGATORY NO. 19:**

Identify all persons with knowledge supporting YOUR contention the Defendants "failed to timely summon medical care or permit medical personnel to treat YOU" as alleged in paragraph 42 of YOUR Complaint.

**RESPONSE NO. 19:**

The named defendants and the other officers at the scene when the shooting occurred.

**INTERROGATORY NO. 20:**

For each Request for Admission served concurrently with these interrogatories that is not an unqualified admission state the following: (1) the number of the request; (2) all facts upon which you base your response; (3) the names, addresses, and telephone numbers of all persons who have knowledge of those facts; and (4) identify all documents and other tangible things that support your response and state the name, address, and telephone number of the person who has each document or thing.

**RESPONSE NO. 20:**

Request No. 23: I did not see any law enforcement decals or insignia or the cars. The defendant and officers at the scene know whether or not their cars had such decals or insignia affixed to their cars. The video footage does not show whether their cars had such decals or insignia. It was not objectively reasonable to use deadly force upon me because I was unarmed and showed my hands to the officers when I exited the car. The defendants and other officers at the scene saw me exit with nothing in my hands and the video helps support that position.

Request No. 24: I do not remember seeing the officers wearing uniforms or clothing identifying themselves as law enforcement officers. The video footage shows them wearing dark colored clothes and the detectives that investigating the shooting should have documented their clothing.

Request No. 25: I did not see any individuals pointing firearms in my direction before I exited the vehicle- I don't know the names of persons with knowledge of these

facts, and I don't know of any documents that support my response.

Request No. 28:  I do not remember hearing anyone order Quintero out of the driver's door-I don't know the names of persons with knowledge of these facts and I don't know of any documents that support my response.

Request No. 29:  I did not remember hearing them say they were law enforcement officers- I don't know the names of persons with knowledge of these facts and I don't know of any documents that support my response.

Request No. 30: I do not remember hearing Quintero say they have guns and to get my hands up-Quintero may have knowledge of these facts and I don't have any documents that support my response.

Request No. 31: I do not remember saying to Quintero I was going to run- Quintero may have knowledge of these facts and I don't have any documents that support my response.

Request No. 32: Plaintiff admits that he exited the passenger side of the car and raised my arms and hands.  Plaintiff denies placing his hands in an isosceles-style shooting stance and objects to the term "isosceles-style shooting stance" as vague and ambiguous-- I don't know the names of persons with knowledge of these facts, and I don't know of any documents that support my response.

Request No. 34:  I did not point my hands at the officers, I showed the officers my hands with my open palms facing the direction of the officers- I don't know the names of persons with knowledge of these facts, and I don't know of any documents that support my response other than the video footage and that I was shot in the palms of my hand.

Request No. 35:  I placed my hands about chest high and had my palms facing the direction of the officers- I don't know the names of persons with knowledge of these facts, and I don't know of any documents that support my response other than the video footage and that I was shot in the palms of my hand.

Request No. 36:  I exited the car with showing my hands as instructed by the officers-I don't know the names of persons with knowledge of these facts, and I don't know

1  of any documents that support my response other than the video footage and that I
2  was shot in the palms of my hand.

3  Request No. 37: I exited the car with showing my hands as instructed by the officers-
4  I don't know the names of persons with knowledge of these facts, and I don't know
5  of any documents that support my response other than the video footage and that I
6  was shot in the palms of my hand.

7  Request No. 38: I can neither admit or deny this request because I was shot
8  numerous times and was in extreme pain and do not remember what was said by the
9  officers---- I don't know the names of persons with knowledge of these facts, and I
10 don't know of any documents that support my response.

11 Request No. 39: I can neither admit or deny this request because I was shot
12 numerous times and was in extreme pain and do not remember what was said by the
13 officers---- I don't know the names of persons with knowledge of these facts, and I
   don't know of any documents that support my response.

14 Request No. 42: Plaintiff admits that he did not extend his arms above his head but
15 denies he failed to show the law enforcement officers that he did not have anything in
16 his hands-Plaintiff exited the car showing the officers his hands- I don't know the
17 names of persons with knowledge of these facts, and I don't know of any documents
18 that support my response other than the video footage and that I was shot in the palms
19 of my hand.

20 Request No. 43: I laid on the ground for an extended period of time before I received
21 any medical attention-the defendants know how long it took for me to receive
22 medical attention and the video shows how long it took.

23 Request No. 44: I laid on the ground for an extended period of time before I received
24 any medical attention-the defendants know how long it took for me to receive
25 medical attention and the video shows how long it took.

26 Request No. 45: I laid on the ground for an extended period of time before I received
27 any medical attention-the defendants know how long it took for me to receive
28 medical attention and the video shows how long it took.

1  Request No. 48:  Plaintiff denies placing his hands in a shooting stance and objects to
2  the term "shooting stance" as vague and ambiguous-the video shows plaintiff exiting
3  and placing his hands at shoulder height with his palms facing the officers.

4  Request No. 49: The defendants officers shot me approximately 17 times and I was
5  unarmed and did not pose an immediate threat of harm to any of them.  The
6  defendants know this and the video supports this.

7  Request No. 50: I recall it took quite some time for me to receive medical care and
8  the video supports this and the defendants are aware of it.

9  Request No. 51: I can neither admit or deny this request because I was shot
10  numerous times and was in extreme pain and do not remember what was said.

11  Request No. 52: I can neither admit or deny this request because I was shot
12  numerous times and was in extreme pain and do not remember what was said.

13  Request No. 53: The defendant officers shot me approximately 17 times and I was
14  unarmed and did not pose an immediate threat of harm to any of them.  The
   defendants know this and the video supports this.

15  Request No. 54: I remember certain things about the incident other that what was
16  asked in these interrogatories.

17  I declare under penalty of perjury under the laws of the United States that the
18  foregoing is true and correct. Executed on March 16    , 2022, in Kings County,
19  California.

20

21  Freddie Quair

22

23

24

25

26

27

28

1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (Bar No. 144074)
2  21800 Burbank Boulevard, Suite 310
   Woodland Hills, California 91367
3  Tel:   (818) 347-3333
   Fax:   (818) 347-4118
4  dalekgalipo@yahoo.com

5  LAW OFFICE OF DARRELL J. YORK
   Darrell J. York (SBN 145601)
6  27240 Turnberry Lane, Suite 200
   Valencia, CA 91355
7  Telephone: (661) 362-0828
   Fax:     (877) 221-3306
8  Email: djylaw@gmail.com

9  *Attorneys for Plaintiff, Freddie Quair*

10                    **UNITED STATES DISTICT COURT**

11                    **EASTERN DISTRICT OF CALIFORNIA**

12  | | |
    |---|---|
    | FREDDIE QUAIR, | **Case No.  1:20-cv-01793-NONE (SKO)** |
    | Plaintiff, | |
    | vs. | **PLAINTIFF'S RESPONSE TO DEFENDANT COMPSTON'S REQUEST FOR ADMISSIONS,  SET NO. 1** |
    | COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive, | |
    | Defendants | |

21  RESPONDING PARTY:       Plaintiff, Freddie Quair

22  PROUNDING PARTY:        Defendant, Compston

23  SET NO.:                One

24                    **PRELIMINARY STATEMENT**

25      This responding party has not fully completed an investigation of the facts

26  relating to this case, has not fully completed discovery in this action and has not

27  completed trial preparation. All of the answers contained herein are based only upon

28  such information and documents, which are presently available and

                                    - 1 -

specifically known to this responding party. The following responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall. Responding party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are fashioned. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known by this responding party and should in no way be construed so as to preclude, or foreclose further discovery, research or analysis by said party.

The following general objections are made to each and every request for admission and are deemed to be incorporated into the specific objection and response provided to each request for admission:

1. Plaintiff objects on the grounds that he has not completed his factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Plaintiff as well as his present analysis of the case. However, information that may be responsive to the Requests may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Plaintiff reserves the right to amend and/or supplement his responses as and when additional information is discovered. Additionally, because Plaintiff's responses are based upon information of the case. However, information that may be responsive to the Interrogatories may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Plaintiff reserves the right to amend and/or supplement his responses as and when additional information is discovered. Additionally, because Plaintiff's responses are based upon information that he recalls and has identified to date, it does not preclude Plaintiff from relying on facts or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

2. Plaintiff objects to the Requests for Admission to the extent that they seek irrelevant information and information that is not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to the Requests for Admission to the extent that they are over-broad and unduly burdensome.

4. Plaintiff objects to the Requests for Admission to the extent that they are vague and ambiguous and phrased so as to require Plaintiff to speculate concerning the meaning intended by Defendant.

5. Plaintiff objects to the Requests for Admission to the extent that they call for information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or other applicable privileges and protections. 6.

6. Inadvertent disclosure of confidential, private or privileged information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Plaintiff's right to object to the use of such information.

7. Plaintiff objects to the Requests for Admission to the extent that they seek information that infringes upon the privacy rights of third parties.

8. Plaintiff objects to the Requests for Admission to the extent that they seek information protected by her right to privacy.

9. Plaintiff objects to the Requests for Admission to the extent that they seek information already in Defendant's possession.

**REQUEST FOR ADMISSION NO. 1:**

Admit that as of June 18, 2019, you were a member of the Norteno street gang.

**RESPONSE:**

Plaintiff respectfully asserts the privilege against self-incrimination and can neither admit or deny this request based on that privilege. California Evidence Code §940 and the 5th Amendment.

**REQUEST FOR ADMISSION NO. 2:**

Admit that on May 17, 2019, you had a telephone conversation with Jose Quintero

1    wherein you discussed the purchase/sale of a handgun.

2    **RESPONSE:**

3    Plaintiff respectfully asserts the privilege against self-incrimination and can neither

4    admit or deny this request based on that privilege.  California Evidence Code §940

5    and the 5th Amendment

6    **REQUEST FOR ADMISSION NO. 3:**

7    Admit that on May 17, 2019, you went with Jose Quintero to sell a handgun to a

8    Norteno street gang member.

9    **RESPONSE:**

10   Plaintiff respectfully asserts the privilege against self-incrimination and can neither

11   admit or deny this request based on that privilege.  California Evidence Code §940

     and the 5th Amendment

12   **REQUEST FOR ADMISSION NO. 4:**

13   Admit that on June 18, 2019, you participated in a home invasion robbery at 1709

14   Hale Avenue, in the City of Corcoran prior to the events identified in your complaint.

15   **RESPONSE:**

16   Plaintiff respectfully asserts the privilege against self-incrimination and can neither

17   admit or deny this request based on that privilege.  California Evidence Code §940

18   and the 5th Amendment

19   **REQUEST FOR ADMISSION NO. 5:**

20   Admit that you were in possession of a handgun during your participation in a home

21   invasion robbery at 1709 Hale Avenue, in the City of Corcoran on June 18, 2019.

22   **RESPONSE:**

23   Plaintiff respectfully asserts the privilege against self-incrimination and can neither

24   admit or deny this request based on that privilege.  California Evidence Code §940

25   and the 5th Amendment

26   **REQUEST FOR ADMISSION  NO. 6:**

27   Admit that the home invasion robbery you participated in on June 18, 2019, at 1709

28   Hale Avenue, in the City of Corcoran, was done for the benefit of a criminal street

1 | gang.

2 | **RESPONSE:**

3 | Objection, assumes facts not in evidence. Plaintiff respectfully asserts the privilege
4 | against self-incrimination and can neither admit or deny this request based on that
5 | privilege.  California Evidence Code §940 and the 5th Amendment

6 | **REQUEST FOR ADMISSION  NO. 7:**

7 | Admit that the home invasion robbery you participated in on June 18, 2019, at 1709
8 | Hale Avenue, in the City of Corcoran, was done pursuant to orders you understood
9 | were issued by the leaders of a criminal street gang.

10 | **RESPONSE:**

11 | Objection, assumes facts not in evidence. Plaintiff respectfully asserts the privilege
12 | against self-incrimination and can neither admit or deny this request based on that
 | privilege.  California Evidence Code §940 and the 5th Amendment

13 | **REQUEST FOR ADMISSION NO. 8:**

14 | Objection, assumes facts not in evidence. Admit that while committing a home
15 | invasion robbery at 1709 Hale Avenue, in the City of Corcoran on June 18, 2019, you
16 | were holding a firearm, pointed the firearm, discharged the firearm, and struck David
17 | Hernandez.

18 | **RESPONSE:**

19 | Plaintiff respectfully asserts the privilege against self-incrimination and can neither
20 | admit or deny this request based on that privilege.  California Evidence Code §940
21 | and the 5th Amendment

22 | **REQUEST FOR ADMISSION NO. 9:**

23 | Admit that after committing a home invasion robbery at 1709 Hale Avenue, in the
24 | City of Corcoran on June 18, 2019, you fled the scene on foot.

25 | **RESPONSE:**

26 | Objection, assumes facts not in evidence. Plaintiff respectfully asserts the privilege
27 | against self-incrimination and can neither admit or deny this request based on that
 | privilege.  California Evidence Code §940 and the 5th Amendment.

28 |

**REQUEST FOR ADMISSION  NO. 10:**

Admit that after committing a home invasion robbery at 1709 Hale Avenue, in the City of Corcoran on June 18, 2019, Jose Quintero transported David Hernandez to the hospital.

**RESPONSE:**

Objection, assumes facts not in evidence. Plaintiff respectfully asserts the privilege against self-incrimination and can neither admit or deny this request based on that privilege.  California Evidence Code §940 and the 5th Amendment

**REQUEST FOR ADMISSION  NO. 11:**

Admit that after committing a home invasion robbery at 1709 Hale Avenue, in the City of Corcoran on June 18, 2019, you telephoned Jose Quintero and discussed David Hernandez's having been shot.

**RESPONSE:**

Objection, assumes facts not in evidence. Plaintiff respectfully asserts the privilege against self-incrimination and can neither admit or deny this request based on that privilege.  California Evidence Code §940 and the 5th Amendment.

**REQUEST FOR ADMISSION  NO. 12:**

Admit that during the telephone call identified in Request for Admission No. 11, you and Jose Quintero discussed concealing of the evidence associated with the home invasion you committed at 1709 Hale Avenue, in the City of Corcoran, on June 18, 2019.

**RESPONSE**:

Objection, assumes facts not in evidence. Plaintiff respectfully asserts the privilege against self-incrimination and can neither admit or deny this request based on that privilege.  California Evidence Code §940 and the 5th Amendment.

**REQUEST FOR ADMISSION  NO. 13**:

Admit that during the telephone call identified in Request for Admission No. 11, you and Jose Quintero discussed destroying the evidence associated with the home invasion you committed at 1709 Hale Avenue, in the City of Corcoran, on June 18,

1  2019.

2  **RESPONSE:**

3  Objection, assumes facts not in evidence. Plaintiff respectfully asserts the privilege

4  against self-incrimination and can neither admit or deny this request based on that

5  privilege.  California Evidence Code §940 and the 5th Amendment.

6  **REQUEST FOR ADMISSION  NO. 14**:

7  Admit that during the telephone call identified in Request for Admission No. 11, you

8  and Jose Quintero discussed disposing of the firearm used during the home invasion

9  you committed at 1709 Hale Avenue, in the City of Corcoran, on June 18, 2019

10  **RESPONSE:**

11  Objection, assumes facts not in evidence. Plaintiff respectfully asserts the privilege

12  against self-incrimination and can neither admit or deny this request based on that

13  privilege.  California Evidence Code §940 and the 5th Amendment.

14  **REQUEST FOR ADMISSION  NO. 15**:

15  Admit that during the telephone call identified in Request for Admission No. 11, you

16  asked Jose Quintero to come and pick you up.

17  **RESPONSE**:

18  Objection, assumes facts not in evidence. Plaintiff respectfully asserts the privilege

19  against self-incrimination and can neither admit or deny this request based on that

20  privilege.  California Evidence Code §940 and the 5th Amendment.

21  **REQUEST FOR ADMISSION  NO. 16:**

22  Admit that after the Corcoran home invasion robbery on June 18, 2019, you were

23  walking northbound on Highway 43 outside the City of Corcoran.

24  **RESPONSE:**

25  Objection, assumes facts not in evidence. Plaintiff respectfully asserts the privilege

26  against self-incrimination and can neither admit or deny this request based on that

27  privilege.  California Evidence Code §940 and the 5th Amendment.

///

///

28

**REQUEST FOR ADMISSION  NO. 17**:

Admit that on June 18, 2019, Jose Quintero picked you up in a red Nissan while you were on foot in the area of Highway 43 and Nevada Avenue.

**RESPONSE**:

Admit.

**REQUEST FOR ADMISSION  NO. 18:**

Admit that after being picked up by Jose Quintero, while traveling northbound on Highway 43 you became aware at some point you were being followed by at least one law enforcement vehicle.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION  NO. 19:**

Admit that while traveling northbound on Highway 43 with Jose Quintero on June 18, 2019, Jose Quintero pulled off on a dirt road around Highway 43 and 8th Avenue and traveled a short distance west from Highway 43.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION  NO. 20:**

Admit that on June 18, 2019, after Jose Quintero pulled off on a dirt road identified in Request for Admission No. 19, several vehicles also turned off on the dirt road and stopped a short distance behind Jose Quintero's car.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION  NO. 21:**

Admit you knew at the time of the events identified in your complaint that the vehicles referenced in Request for Admission No. 20 were occupied by law enforcement officers.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION  NO. 22:**

With respect to the vehicles referenced in Request for Admission No. 20, admit you saw that one or more of the vehicles that stopped behind the Nissan you were in had red and blue flashing emergency lights.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION  NO. 23:**

With respect to the vehicles referenced in Request for Admission No. 20, admit you saw that one or more of the vehicles that stopped behind the Nissan you were in had law enforcement decals and insignia on it.

**RESPONSE:**

Deny.

**REQUEST FOR ADMISSION NO. 24:**

With respect to the vehicles referenced in Request for Admission No. 20, admit you saw that one or more of the individuals that exited the vehicles were wearing law enforcement uniforms/clothing.

**RESPONSE:**

I can neither admit nor deny this request because I did not get a good look at the individuals before I was shot.

**REQUEST FOR ADMISSION NO. 25:**

Admit that before you exited the Nissan, you saw one or more of the individuals who had occupied the vehicles that pulled in behind you pointing firearms in your general direction.

**RESPONSE:**

Deny.

**REQUEST FOR ADMISSION NO. 26:**

Admit that at the time the Nissan stopped on the dirt road, you had a suspicion that the individuals occupying the vehicles that stopped behind you were law enforcement officers.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 27:**

Admit that at the time the Nissan stopped on the dirt road, you understood that the individuals occupying the vehicles that stopped behind you were law enforcement officers.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 28:**

Admit that at least one of the individuals who had occupied the vehicles that stopped behind the Nissan you occupied ordered Quintero out of the driver's side of the Nissan.

**RESPONSE:**

Plaintiff can neither admit or deny this request as plaintiff does not remember hearing anyone order Quintero out of the driver's side of the Nissan.

**REQUEST FOR ADMISSION NO. 29:**

Admit that at least one of the individuals stopped behind the Nissan announced they were law enforcement officers and demanded you show them your hands on more than one occasion.

**RESPONSE:**

Plaintiff admits he heard someone say show me your hands but can neither admit or deny they announced they were law enforcement officers.

**REQUEST FOR ADMISSION NO. 30:**

Admit that while still inside the Nissan, Jose Quintero told you something to the effect of, "they have guns, put your hands up".

**RESPONSE:**

Plaintiff can neither admit or deny this request because he does not remember if Jose Quintero told him that.

///

**REQUEST FOR ADMISSION NO. 31:**

Admit that while you were still in the Nissan, you told Jose Quintero that you were going to run.

**RESPONSE:**

Plaintiff can neither admit or deny this request because he does not remember if he told Quintero he was going to run.

**REQUEST FOR ADMISSION NO. 32:**

Admit that approximately one minute after Jose Quintero was ordered to get out the car you quickly exited the passenger side of the car, raised your arms to shoulder height with your hands together in an isosceles-style shooting stance pointing in the general direction of the individuals stopped behind you.

**RESPONSE:**

Plaintiff admits that he exited the passenger side of the car and raised his arms and hands. Plaintiff denies placing his hands in an isosceles-style shooting stance and objects to the term "isosceles-style shooting stance" as vague and ambiguous.

**REQUEST FOR ADMISSION NO. 33:**

Admit that when you took the isosceles-style shooting stance described in Request for Admission No. 32, you knew the individuals behind you were law enforcement officers.

**RESPONSE:**

Objection, assumes facts not in evidence. This request assumes Plaintiff admitted to taking a shooting stance. *Diedrich v. Department of Army* (SD NY 1990) 132 FRD 614, 619. See Response to Request No. 32. Plaintiff does admit that he knew the individuals behind him were law enforcement officers.

**REQUEST FOR ADMISSION NO. 34:**

Admit that after exiting the vehicle, you pointed your hands towards the officers.

**RESPONSE:**

Deny.

///

**REQUEST FOR ADMISSION NO. 35:**

Admit that after exiting the vehicle and pointing your hands towards the officers, you made a rapid movement with both forearms and hands in a vertical motion.

**RESPONSE:**

Objection, assumes facts not in evidence. This request assumes Plaintiff admitted to pointing his hands towards the officers. *Diedrich v. Department of Army* (SD NY 1990) 132 FRD 614, 619. See Response to Request No. 34.   Plaintiff denies he made a rapid movement with both forearms and hands in a vertical motion.

**REQUEST FOR ADMISSION NO. 36:**

 Admit that you refused to follow the law enforcement officers' instructions to surrender prior to you being shot.

**RESPONSE:**

Deny.

**REQUEST FOR ADMISSION NO. 37:**

Admit that you refused to follow the law enforcement officers' instructions to surrender prior to you being shot.

**RESPONSE NO. 37:**

Deny.

**REQUEST NO. 38:**

Admit that after being shot and while lying on the ground, you were given commands by one or more of the individuals present to put your hands out in front of you.

**RESPONSE:**

I can neither admit or deny this request because I was shot numerous times and was in extreme pain and do not remember what was said by the officers.

**REQUEST FOR ADMISSION NO. 39:**

Admit that you refused to comply with any law enforcement commands.

**RESPONSE:**

I can neither admit or deny this request because I was shot numerous times and was in extreme pain and do not remember what was said by the officers.

PLAINTIFF'S RESPONSE TO DEFENDANT COMPSTON'S REQUEST FOR ADMISSIONS

1  **REQUEST FOR ADMISSION NO. 40:**

2  Admit that when you took the isosceles-style shooting stance described in Request for

3  Admission No. 32, you were fired upon by multiple officers and were struck more

4  than once.

5  **RESPONSE:**

6  Objection, assumes facts not in evidence. This request assumes Plaintiff admitted to

7  taking an isosceles-style shooting stance. *Diedrich v. Department of Army* (SD NY

8  1990) 132 FRD 614, 619.   See Response to Request No. 32.  Plaintiff does admit that

9  he was shot more than once.

10  **REQUEST FOR ADMISSION NO. 41:**

11  Admit that you took the isosceles-style shooting stance described in Request for

   Admission No. 32, with the intent on getting one or more officers to shoot at you.

12  **RESPONSE**

13  Objection, assumes facts not in evidence. This request assumes Plaintiff admitted to

14  taking an isosceles-style shooting stance. *Diedrich v. Department of Army* (SD NY

15  1990) 132 FRD 614, 619.   See Response to Request No. 32.  [Plaintiff denies having

16  the intent to get one or more of the officers to shoot him.]

17  **REQUEST FOR ADMISSION NO. 42:**

18  Admit that when you exited the Nissan, you did not extend your arms above your

19  head and failed to show the law enforcement officers that you did not have anything

20  in your hands.

21  **RESPONSE:**

22  Plaintiff admits that he did not extend his arms above his head but denies he failed to

23  show the law enforcement officers that he did not have anything in his hands.

24  **REQUEST FOR ADMISSION NO. 43:**

25  Admit that you do not have any knowledge to support your claim the Defendants

26  unduly delayed your receiving medical attention.

27  **RESPONSE:**

   Deny.

28

**REQUEST FOR ADMISSION NO. 44:**

Admit that after you were taken into custody and handcuffed, you received prompt medical attention.

**RESPONSE:**

Deny.

**REQUEST FOR ADMISSION NO. 45:**

Admit that after being shot, you were provided timely medical care.

**RESPONSE:**

Deny.

**REQUEST FOR ADMISSION NO. 46:**

Admit that you were under the influence of cocaine at the time of the events that occurred on the dirt road located to the west of Highway 43 on June 18, 2019.

**RESPONSE:**

Plaintiff respectfully asserts the privilege against self-incrimination and can neither admit or deny this request based on that privilege. California Evidence Code §940 and the 5th Amendment.

**REQUEST FOR ADMISSION NO. 47:**

Admit that the video footage recorded from a California Highway Patrol aircraft over the scene of the incident truly and accurately reflects the events alleged in your complaint.

**RESPONSE:**

Plaintiff admits that the video shows some of the events that transpired but denies that the video captured all of the events alleged in the complaint.

**REQUEST FOR ADMISSION NO. 48:**

Admit that video footage recorded from a CHP aircraft over the scene of the events described in the complaint shows you exited the passenger side of the red Nissan, with your arms raised shoulder height, and your hands together in a shooting stance pointing in the general direction of the individuals stopped behind you.

///

**RESPONSE:**

Plaintiff admits that the video footage shows plaintiff exited the passenger side of the red Nissan with his arms and hands raised.  Plaintiff denies that the video shows him placing his hands in a shooting stance pointing in the general direction of the individuals stopped behind me, and objects to the term "shooting stance" as vague and ambiguous.

**REQUEST FOR ADMISSION NO. 49:**

Admit that you do not have any facts to support your claim the Defendants used excessive force on June 18, 2019.

**RESPONSE:**

Deny.

**REQUEST FOR ADMISSION NO. 50:**

Admit that you do not have any facts to support your claim the Defendants unduly or unlawfully delayed you in receiving medical care after you were shot.

**RESPONSE**

Deny.

**REQUEST FOR ADMISSION NO. 51:**

Admit that while on the ground after being shot, you yelled something to the effect of, "you're just going to make me famous".

**RESPONSE:**

I can neither admit or deny this request because I was shot numerous times and was in extreme pain and do not remember what was I said.

**REQUEST FOR ADMISSION NO. 52:**

Admit that while on the ground after being shot, you yelled something to the effect of, "put me on Youtube".

**RESPONSE:**

I can neither admit or deny this request because I was shot numerous times and was in extreme pain and do not remember what was I said.

///

1  **REQUEST FOR ADMISSION NO. 53:**

2  Admit it was objectively reasonable under the totality of circumstances for the

3  Defendants to use deadly force against you.

4  **RESPONSE:**

5  Deny.

6  **REQUEST FOR ADMISSION NO. 54:**

7  Admit that you do not have any recollection of the events beyond those identified in

8  your responses to the interrogatories propounded by Defendants.

9  **RESPONSE:**

Deny.

10

11  Dated:  March 15, 2022                    By: _____

12                                             Darrell J. York

13                                             Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 16 -

PROOF OF SERVICE

1          I, **DARRELL J. YORK**, am employed in the County of Los
Angeles, State of California. I am over the age of 18 and am not
2    a party to this action. My business address is 27240 Turnberry
Lane, Suite 200, Valencia, CA 91355.

3
      On March 17, 2022, I served the following document
4    described as: **Plaintiff's Responses to Defendant Compston's
Interrogatories, and Request for Admissions, Set NO. 1** on all
5    interested parties in this action by placing a true copy thereof
enclosed in a sealed envelope, addressed as follows:

6

| | |
|---|---|
| RON BONTA | James J. Arendt |
| Attorney General of California | Ashley N. Reyes |
| PAMELA J. HOLMES | WEAKLEY & ARENDT |
| NORMAN D. MORRISON | 5200 N. Palm Avenue, Suite 211 |
| 2550 Mariposa Mall, Room 5090 | Fresno, California 93704 |
| Fresno, CA 93721 | |

7

8

9

10

xx    **BY MAIL**

11
    <u>xx</u>  I placed such envelope for deposit in the U.S. Mail
12          for service by the United States Postal Service, with
      postage thereon fully prepaid.
13
      As follows: I am "readily familiar" with the firm's
14          practice of collection and processing correspondence
      for mailing. Under that practice it would be
15          deposited with U.S. postal service on the same day
      with postage thereon fully prepaid at Valencia,
16          California in the ordinary course of business. I am
      aware that on motion of the party served, service is
17          presumed invalid if postal cancellation date or
      postage meter date is more than one day after date of
18          deposit for mailing in affidavit.

19    _____  **BY PERSONAL SERVICE**

20      __delivered such envelope by hand to_____

21      _____ I caused such envelope to be delivered by hand to the
22          offices of the addressee(s).

_____ **(STATE)**  I declare under penalty of perjury under the laws
23          of the State of California that the foregoing is
      true and correct.
24
  X  **(FEDERAL)** I declare under penalty of perjury that the
25          foregoing is true and correct, and that I am
      employed in the office of a member of the Bar of
26          this Court at whose direction the service was
      made.
27
      Executed on March 17, 2022, at Valencia, California.
28

              Darrell J. York

## CERTIFICATE OF SERVICE

Case Name:    **Quair v. County of Kings, et al.**        No.    **1:20-CV-01793-KJM-SKO**

I hereby certify that on <u>October 27, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

1. **DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE DEMANDED BUT NOT PRODUCED BY PLAINTIFF DURING DISCOVERY [STATE MIL NO. 14]**

2. **[PROPOSED] ORDER REGARDING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE DEMANDED BUT NOT PRODUCED BY PLAINTIFF DURING DISCOVERY [STATE MIL NO. 14]**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 27, 2025</u>, at Los Angeles, California.

| J. Sissov | /s/ J. Sissov |
|:---:|:---:|
| Declarant | Signature |

FR2021301267