**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

LAW OFFICE OF DARRELL J. YORK
Darrell J. York (SBN 145601)
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: (661) 362-0828
Fax:      (877) 221-3306
Email:  djylaw@gmail.com

*Attorneys for Plaintiff, Freddie Quair*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE QUAIR,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,<br><br>　　　　　Defendants | CASE No.: **1:20−CV−01793−KJM−SKO**<br><br>[*Honorable Kimberly J. Mueller.*]<br><br>**PLAINTIFF'S NOTICE OF OBJECTIONS TO STATE AND COUNTY JURY INSTRUCTIONS**<br><br>Jury Trial: 11/10/25<br>Time: 9:00am<br>Courtroom: Three |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

     **PLEASE TAKE NOTICE** that the Plaintiff hereby submits his objections to Defendants' proposed jury instructions (ECF No. 108) for the Court's consideration.

Dated: November 3, 2025        **LAW OFFICES OF DALE GALIPO**
                                            By: /s/ *Cooper Alison-Mayne*
                                            Dale K. Galipo
                                            Cooper Alison-Mayne
                                            Attorneys for Plaintiff

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS (ECF No. 108)**

Defendants submitted an 79-page packet of jury instructions. Unfortunately, they decided not to (1) cross-reference their proposals with the instructions the court already provided; (2) include numbers for their proposed instructions; or (3) provide authority for their proposed instructions. Plaintiff identifies Defendants' instructions by page number and attempts to reconstruct the authority they are basing their instructions on.

The following proposed instructions are duplicative of the Court's existing Preliminary and Final Instructions and should be rejected in favor of the Court's versions:

- **Page 3 - Burden of Proof—Preponderance of the Evidence -** Court already has instruction on this topic. See Final Instructions, page 16 (Final Instruction on burden of proof/preponderance of evidence).

- **Page 4 - Evidence for Limited Purpose -** Court already has instruction on this topic. See Final Instructions, page 10 (Final Instruction on evidence admitted for limited purpose).

- **Page 5 - Ruling on Objections -** Court already has instruction on this topic. See Preliminary Instructions, page 4 (regarding objections and evidentiary rulings).

- **Page 6 - No Transcript Available to Jury -** Court already has instruction on this topic. See Preliminary Instructions, page 10 and Final Instructions, page 20 (instructions about no transcript and relying on memory).

- **Page 7 - Taking Notes -** Court already has instruction on this topic. See Preliminary Instructions, page 11 and Final Instructions, page 20 (instructions on note-taking).

- **Pages 9-10 -** Cautionary Instructions - Court already has instruction on this topic. See Preliminary Instructions, pages 12-13 (juror conduct, not

1   discussing case, avoiding outside information). Also Final Instructions,
2   page 22 (reminder not to be exposed to outside information).

- **Page 14 - Impeachment Evidence—Witness -** Court already has instruction on this topic. See Preliminary Instructions, page 8 (impeachment/discrediting witnesses).

- **Pages 17-19 - Expert Opinion (Rothschiller, Fonzi, Chapman) -** Court already has instructions on this topic. See Final Instructions, page 11 (expert opinion testimony).

- **Page 26 - Return of Verdict -** Court already has instruction on this topic. See Final Instructions, page 23 (verdict form and procedures).

- **Page 68 - Damages—Proof -** Court already has instruction on this topic. See Final Instructions, pages 18-19 (damages instruction covering proof requirements).

- **Pages 69-70 - Measures of Types of Damages** - Court already has instructions on this topic. See Final Instructions, pages 18-19 (listing types of damages to consider).

- **Pages 73-74 - Punitive Damages** - Court already has instruction on this topic. See Final Instructions, page 19 (Final Instruction on punitive damages).

**INSTRUCTION REQUIRING SUBSTANTIVE RESPONSES**

| Page | Instruction Title | Objections |
|---|---|---|
| 8 | Questions to Witnesses by Jurors During Trial | Unnecessary, the Court's instructions are sufficient. |
| 11 | Stipulated Testimony | There is no stipulated testimony in this case. |
| 12 | Deposition in Lieu of Live Testimony | No objection to 9th Cir. Model Civ. Jury Instr. 2.4 Deposition in Lieu of Live Testimony *if* the |

| Page | Instruction Title | Objections |
|---|---|---|
| | | evidence presented at trial warrants its use. |
| 13 | Transcript of Recording in English | No objection to 9th Cir. Model Civ. Jury Instr. 2.5 Transcript of Recording in English *if* the evidence presented at trial warrants its use. |
| 15 | Use of Interrogatories | No objection to 9th Cir. Model Civ. Jury Instr. 2.11 Use of Interrogatories *if* the evidence presented at trial warrants its use. |
| 16 | Use of Requests for Admission | No objection to 9th Cir. Model Civ. Jury Instr. 2.12 Use of Requests for Admission *if* the evidence presented at trial warrants its use. |
| 20 | Charts and Summaries Not Received in Evidence | No objection to 9th Cir. Model Civ. Jury Instr. 9th Cir. 2.14 Charts and Summaries Not Received in Evidence *if* the evidence presented at trial warrants its use. |
| 21 | Charts and Summaries Received in Evidence | No objection to 9th Cir. Model Civ. Jury Instr. 2.15 Charts and Summaries Received in Evidence *if* the evidence presented at trial warrants its use. |
| 22-24 | Evidence in Electronic Format | No objection. *See* Plaintiffs Proposed Instruction No. 1. |
| 25 | Readback or Playback | No object to 9th Cir. Model Civ. Jury Instr. 3.4 Readback or Playback if the evidence presented at trial warrants its use. |
| 27 | Additional Instructions of Law | Unnecessary, the Court's instructions are sufficient. |
| 28 | Deadlocked Jury | Unnecessary, the Court's instructions are sufficient. |
| 29 | Continuing Deliberations After Juror is Discharged | Unnecessary, the Court's instructions are sufficient. |
| 30 | Post-Discharge Instruction | Unnecessary, the Court's instructions are sufficient. |
| 31 | Section 1983 Claim— Introductory Instruction | No objection to 9th Cir. Model Civ. Jury Instr. 9.1. *See* Plaintiff's Proposed Instruction No. 2. |
| 32-35 | Section 1983 Claim Against Defendants (Compston, Silveira, Sinclair, Lopes)— Elements and Burden of | **Note:** These four instructions are repetitive— identical except for defendant names. Plaintiff objects because reading the same instruction four times is unnecessarily duplicative and |

| Page | Instruction Title | Objections |
|---|---|---|
| | Proof | wastes the Court's and jury's time. A single instruction combined with a verdict form containing separate lines for each defendant adequately addresses Defendants' concern that the jury consider each officer's conduct individually, as required by law. |
| 36-43 | Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Generally (Compston, Silveira, Sinclair, Lopes) | No objection to 9th Cir. Model Civ. Jury Instr. 9.3. *See* Plaintiff's Proposed Instruction No. 4. **Note:** These four instructions are repetitive - identical except for defendant names. Plaintiff objects for same reasons discussed above. Incorrect instruction in an excessive force case; 9.25 is the appropriate instruction in a use-of-force case. **Note:** These four instructions are repetitive—identical except for defendant names. Plaintiff objects for same reasons discussed above. |
| 44-51 | Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Excessive Force (Compston, Silveira, Sinclair, Lopes) | Further, 9th Cir. Model Civ. Jury Instr. 9.25 should be modified to account for the law specific to the use of deadly force. Specifically, factor two should include language indicating that the threat must be an immediate threat of death or severe bodily injury. *See* Plaintiff's Proposed Instruction No. 5. **Note:** These four instructions are repetitive - identical except for defendant names. Plaintiff objects for same reasons discussed above. |
| 52-55 | Officer's Subjective Motives or Intent Irrelevant - Excessive Force (Compston, Silveira, Sinclair, Lopes) | This custom instruction is unnecessary. 9th Cir. Model Civ. Jury Instr. 9.25 already adequately instructs the jury that "an officer's subjective intent or motive is not relevant to your inquiry." If both parties propose custom instructions emphasizing the aspects of law favorable to their position, the jury will be overwhelmed with excessive and duplicative instructions. The |

| Page | Instruction Title | Objections |
|---|---|---|
| | | Court and jury are best served by adhering to the model instructions wherever possible. |
| | | **Note:** These four instructions are repetitive - identical except for defendant names. Plaintiff objects for same reasons discussed above. |
| 56-63 | Officer's Alleged Negligence or Negligent Tactics Irrelevant - Excessive Force (Compston, Silveira, Sinclair, Lopes) | This custom instruction is unnecessary. 9th Cir. Model Civ. Jury Instr. 9.25, along with the introductory instructions provide ample instruction for the jury. A custom instruction about negligence, which is not even a claim here, is confusing and unnecessary. Plaintiff will not be arguing that defendants' conduct was negligent. **Note:** These four instructions are repetitive - identical except for defendant names. Plaintiff objects for same reasons discussed above. |
| 64-67 | Causation – Section 1983 (Compston, Silveira, Sinclair, Lopes) | Plaintiff would be agreeable to this instruction being given alongside Plaintiff's Proposed Instruction Number 6, but standing alone, it is inadequate and potentially misleading. When multiple officers simultaneously use deadly force against a plaintiff and the plaintiff cannot prove which officer fired the specific shot that caused a particular injury, the officers cannot benefit from that evidentiary uncertainty. An alternative causation instruction based on well-established principles exemplified in *Summers v. Tice*, 33 Cal. 2d 80, 84 (1948), is necessary to address this situation. See CACI No. 434 (2024 Edition); Plaintiff's Proposed Instruction Number 6. |
| 71 | Mitigation of Damages | Defendants have developed no evidence that would entitle them to such instruction. If such evidence were presented, Plaintiff is not opposed to a model instruction on mitigation of damages. |
| 72 | Damages Arising in the | Unnecessary, the Court's instructions are |

| Page | Instruction Title | Objections |
|---|---|---|
|  | Future—Discount to Present Cash Value | sufficient. |
| 75-76 | Section 1983 Claim Against County of Kings Based on Unlawful Official Policy, Practice, or Custom—Elements and Burden of Proof | There are typographical errors and typos that should be fixed. But Plaintiff does not have substantive objections.<br><br>Plaintiff is confident that the parties can come to an agreement on these instructions. |
| 77-78 | Section 1983 Claim Against County of Kings Based on Failure to Train—Elements and Burden of Proof | There are typographical errors and typos that should be fixed. But Plaintiff does not have substantive objections.<br><br>Plaintiff is confident that the parties can come to an agreement on these instructions. |