**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

**LAW OFFICE OF DARRELL J. YORK**
Darrell J. York (SBN 145601)
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: (661) 362-0828
Fax:     (877) 221-3306
Email:  djylaw@gmail.com

*Attorneys for Plaintiff, Freddie Quair*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE QUAIR,<br><br>              Plaintiff,<br><br>        vs.<br><br>COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,<br><br>              Defendants | CASE No.: **1:20−CV−01793−KJM−SKO**<br><br>[*Honorable Kimberly J. Mueller.*]<br><br>**PLAINTIFF'S OPPOSITION TO COUNTY DEFENDANTS' MOTION IN LIMINE NO. 2 & NO. 6 AND STATE DEFENDANTS' MOTION IN LIMINE NO. 2 & NO. 8 TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT CURTIS ROTHSCHILLER**<br><br>Jury Trial: 11/10/25<br>Time: 9:00am<br>Courtroom: Three |

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff opposes County Defendants' Motions in Limine No. 2 and No. 6, and State Defendants' Motions in Limine No. 2 and No. 8, collectively in this brief because all four motions seek to exclude or limit the testimony of Plaintiff's use-of-

force expert, Curtis Rothschiller. Because these motions all challenge the admissibility of the same expert's opinions, judicial economy favors addressing them together in a consolidated opposition. For the reasons set forth below, all four motions should be denied.

**ARGUMENT**

**I. ROTHSCHILLER'S OPINIONS DO NOT INVOKE THE "PROVOCATION RULE"**

State Defendants claim that Rothschiller's opinions constitute "the exact type of 'provocation rule' evidence" rejected by the Supreme Court. ECF No. 119 at 13. This argument fundamentally misunderstands the provocation rule.

The Ninth Circuit's now-rejected "provocation rule" deemed an officer's use of force unreasonable if the officer intentionally or recklessly provoked a violent response through an independent Fourth Amendment violation. *County of Los Angeles v. Mendez*, 581 U.S. 420, 426 (2017). The Supreme Court rejected this rule because it improperly allowed liability based on a separate constitutional violation—not based on the reasonableness of the force itself. Id. at 426-27. As the Court explained, "once a use of force is deemed reasonable under *Graham*, it may not be found unreasonable by reference to some separate constitutional violation." Id. at 429 n.2.

But *Mendez* did not hold that pre-shooting conduct is irrelevant to the Graham analysis itself. To the contrary, the Supreme Court explicitly declined to address whether "unreasonable police conduct prior to the use of force that foreseeably created the need to use it" could be considered under the "totality of the circumstances" in *Graham*. Id. The Court emphasized: "All we hold today is that once a use of force is deemed reasonable under Graham, it may not be found unreasonable by reference to some separate constitutional violation." Id.

1  Rothschiller's opinions identify no independent Fourth Amendment violation.
2  He critiques the officers' approach, coordination, positioning, and failure to use
3  available resources and de-escalation techniques—but nothing in his testimony
4  suggests Defendants committed a separate constitutional violation. State Defendants'
5  invocation of the provocation rule is therefore inapposite.

## II. ROTHSCHILLER'S TESTIMONY ABOUT PRE-SHOOTING TACTICS IS ADMISSIBLE UNDER THE FOURTH AMENDMENT

Defendants argue that because "[t]he Fourth Amendment is narrower and places less emphasis on pre[-]shooting conduct," *Hart v. City of Redwood City*, 99 F.4th 543, 554 (9th Cir. 2024), Rothschiller cannot testify about the officers' tactical decisions. ECF No. 119 at 13; ECF No. 118 at 5. But *Hart* does not support such a sweeping exclusion.

"While a Fourth Amendment violation cannot be established 'based merely on bad tactics that result in a deadly confrontation that could have been avoided,' the events leading up to the shooting, including the officers tactics, are encompassed in the facts and circumstances for the reasonableness analysis." *Vos v. City of Newport Beach*, 892 F.3d 1024, 1034 (9th Cir. 2018) (internal citations omitted). While the Defendants' tactics may not alone serve for a basis of liability, they are a necessary consideration under the totality of the circumstances to be considered under Quiar's excessive force claims. *See Nehad v. Browder*, 929 F.3d 1125, 1138 (9th Cir. 2019) ("[P]olice are required to consider what other tactics if any were available, and if there were clear, reasonable, and less intrusive alternatives to the force employed that militate against finding the use of force reasonable." (internal quotations omitted).

Rothschiller's opinions contextualize the reasonableness of the force used—including whether officers had time to assess the threat, whether alternatives were available, and whether continuing to fire at Quair after he fell was justified. This

**PLAINTIFF'S OPPOSITION TO COUNTY DEFENDANTS' MOTIONS IN LIMINE 2 AND 6, AND STATE DEFENDANTS' MOTIONS IN LIMINE 2 AND 8**

testimony helps the jury understand whether the force was objectively reasonable under *Graham v. Connor*, 490 U.S. 386 (1989). Rothschiller will offer no testimony implying that a constitutional violation can be found based merely on the deficient tactics of the officers.

Moreover, the jury will be instructed to consider "the availability of alternative methods to take [Freddie Quair] into custody." Model Ninth Circuit Jury Instruction 9.25. Rothschiller's testimony provides context for that inquiry based on his expertise in law enforcement practices.

## III. ROTHSCHILLER MAY TESTIFY ABOUT VIOLATIONS OF POLICE STANDARDS

Defendants seek to exclude Rothschiller's opinions about whether officers violated police policies, claiming these are "ultimate issues of law." ECF No. 119 at 10, 14. Plaintiff agrees that no witness should offer the ultimate legal conclusion— whether Defendants' actions were unreasonable under the Fourth Amendment. However, Defendants overreach by seeking to exclude testimony about violations of standard policies and training, because that is precisely Rothschiller's expertise and he should be permitted to testify that the officers' conduct fell short of such standards.

State Defendants seek to exclude testimony that they failed to comply with Kings County policies. ECF No. 119 at 20–21. Rothschiller will testify about *generally accepted police practices*, informed by POST guidelines and policies from departments nationwide. He may properly opine whether Defendants' conduct fell outside those generally accepted standards. Whether State Defendants were bound by Kings County policies as a formal matter is a separate question; Rothschiller's testimony concerns whether their actions comported with nationally recognized standards that define reasonable police conduct.

Whether officers complied with POST standards, widespread departmental policies, and generally accepted police practices falls squarely within Rothschiller's expertise. Such testimony is not an impermissible legal conclusion; it provides the jury with context to evaluate the reasonableness of Defendants' conduct.[1]

## IV. ROTHSCHILLER MAY TESTIFY ABOUT AVAILABLE RESOURCES AND FEASIBILITY OF USING LESSER FORCE IF FOUNDATION IS LAID

Defendants seek to exclude Rothschiller's testimony about additional resources available to officers, claiming lack of factual foundation. ECF No. 119 at 15–16. Plaintiff will lay the necessary foundation through other witnesses at trial. If that foundation is not established, Plaintiff will not elicit such testimony from Rothschiller. But if the record supports that additional resources were available, Rothschiller should be permitted to explain how those resources could have been deployed consistent with generally accepted police practices. The Ninth Circuit Model Instruction includes language about the availability of alternative methods, making testimony in this area directly relevant to the issues before the jury.

## V. THE FACT THAT QUAIR WAS UNARMED IS HIGHLY RELEVANT AND MUST BE ADMITTED

Defendants argue that because officers did not know Quair was unarmed until after the shooting, that fact should be excluded as "information unknown to the officers." ECF No. 119 at 19–20. This argument turns the Fourth Amendment on its head.

The Supreme Court has made clear that when a suspect "appear[s] to be unarmed, though [the officer] could not be certain that was the case," the officer has

---

[1] Rothschiller never uses the word "negligent" in his report or deposition—contrary to State Defendants' assertion, ECF No. 119 at 12—and his testimony will (footnote continued)

"no articulable basis to think [the suspect] was armed" under the Fourth Amendment. *Tennessee v. Garner*, 471 U.S. 1, 20 (1985). In its ruling on Defendants motion for summary judgment, this Court noted that the officers did not appear to have specific information indicating Quair was armed. ECF No. 66 at 17.

Countless Ninth Circuit cases consider whether a suspect was actually armed when evaluating excessive force claims—even where officers claimed to believe the suspect was armed. *See Espinosa v. City & County of San Francisco*, 598 F.3d 528, 538, 543 (9th Cir. 2010) (finding force could be determined unreasonable because "despite what the officers claimed, the suspect was unarmed and posed no threat," even though officers testified they thought they saw something in suspect's hands and believed he was going to shoot, and noting "[n]o firearm or other weapon was found on or near the suspect's body"); *A.K.H. ex rel. Landeros v. City of Tustin*, 837 F.3d 1005, 1009, 1013 (9th Cir. 2016) (denying qualified immunity and holding officer violated clearly established law where officer shot suspect who kept hand in sweatshirt pocket and did not comply with commands, emphasizing that "[t]he suspect was confirmed after the incident to have been unarmed," despite officer's testimony that he believed suspect had a weapon).

Defendants' position would improperly limit the jury to considering only the officers' subjective fears, rather than conducting the *objective* inquiry required by *Graham*. Whether Quair was in fact armed is very relevant to the question of whether the officers reasonably believed him to be armed.

## VI. EVIDENCE THAT LESSER FORCE WOULD HAVE CONTROLLED PLAINTIFF IS RELEVANT

State Defendants Motion in Limine No. 8 (ECF No. 114) and County Defendants Motion in Limine 6 (ECF No. 18 at 15) both request that the Court

---

not conflate negligence standards with Fourth Amendment reasonableness.

exclude evidence, including Rothschiller's expert option, that a lesser amount of force could have been used to arrest Quair.

The defendants argue that Rothschiller lacks foundation regarding what resources were actually available and therefore he cannot testify about whether lesser force options would have been appropriate given his expertise on police practices.

Plaintiff does not intend to elicit speculative testimony from Rothschiller about hypothetical resources that may or may not have existed. Rather, Plaintiff will establish through other witnesses what resources were actually available during the incident. Once those facts are admitted, Rothschiller can properly opine on whether objectively reasonable officers would have utilized those resources before resorting to immediate deadly force against an unarmed man who had just exited a vehicle with his hands raised.

The law is clear that while officers need not employ "the least intrusive means," *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010), the availability of reasonable alternatives remains relevant factor in assessing whether force was excessive. *Glenn v. Washington County*, 673 F.3d 864, 872 (9th Cir. 2011). Rothschiller's testimony that trained officers should have considered alternatives before shooting falls squarely within permissible expert opinion on law enforcement standards and practices and is directly relevant to a factor the jury will be instructed to consider.

Plaintiff will lay proper foundation at trial for what resources were available and will confine Rothschiller's testimony to the facts established in evidence.

**CONCLUSION**

For all the reasons above, the Court should deny:

- County Defendants' Motion in Limine No. 2 (ECF No. 119);
- County Defendants' Motion in Limine No. 6 (ECF No. 114);

-7-   Case No. 1:20-CV-01793-KJM-SKO

**PLAINTIFF'S OPPOSITION TO COUNTY DEFENDANTS' MOTIONS IN LIMINE 2 AND 6, AND STATE DEFENDANTS' MOTIONS IN LIMINE 2 AND 8**

- State Defendants' Motion in Limine No. 2 (ECF No. 118 at 5); and
- State Defendants' Motion in Limine No. 8 (ECF No. 118 at 15).

Dated: November 3, 2025

**LAW OFFICES OF DALE GALIPO**
By: /s/ *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
Attorneys for Plaintiff