LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

LAW OFFICE OF DARRELL J. YORK
Darrell J. York (SBN 145601)
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: (661) 362-0828
Fax:   (877) 221-3306
Email:  djylaw@gmail.com

*Attorneys for Plaintiff, Freddie Quair*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE QUAIR,<br><br>                    Plaintiff,<br><br>vs.<br><br>COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,<br><br>                    Defendants | CASE No.: **1:20−CV−01793−KJM−SKO**<br><br>[*Honorable Kimberly J. Mueller.*]<br><br>**PLAINTIFF'S OPPOSITION TO COUNTY DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE ANY TESTIMONY REGARDING SUBJECTS IN WHICH WITNESSES PREVIOUSLY INVOLVED THE FIFTH AMENDMENT**<br><br>Jury Trial: 11/10/25<br>Time: 9:00am<br>Courtroom: Three |

The County requests an adverse inference instruction based on Plaintiff's invocation of the Fifth Amendment during discovery. ECF No. 118 at 2.

The Court already addressed this issue in its September 12, 2025 Order—which the County fails to mention. ECF No. 88 at 5–7. There, the Court declined to grant State Defendants' request for adverse inferences, holding that defendants had not linked their requests to specific questions, had not demonstrated relevance, and

had not provided independent factual support. The Court explained that adverse inferences must be evaluated on a question-by-question basis and must be "tethered to the question being asked and the information sought by that particular question." ECF No. 88 at 5–6.

Critically, the Court stated it would "address objections based on relevance and prejudice grounds during trial." ECF No. 88 at 7. The Court made clear this issue should be resolved in context, not through a blanket pretrial ruling. The County has presented no new arguments or evidence warranting a different approach now.

Moreover, much of the information the County seeks relates to matters unknown to the officers at the time of the shooting and is therefore irrelevant under this Court's prior rulings. ECF No. 66 at 16–17; ECF No. 111. The County cannot use adverse inferences to smuggle in inadmissible evidence about information the officers did not possess when they shot Plaintiff.

The County Defendants Motion in Limine No. 1 (ECF No. 118 at 2) should be denied.

Dated: November 3, 2025

**LAW OFFICES OF DALE GALIPO**
By: /s/ *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
Attorneys for Plaintiff