**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

LAW OFFICE OF DARRELL J. YORK
Darrell J. York (SBN 145601)
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: (661) 362-0828
Fax:    (877) 221-3306
Email: djylaw@gmail.com

*Attorneys for Plaintiff, Freddie Quair*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE QUAIR,<br><br>              Plaintiff,<br><br>     vs.<br><br>COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,<br><br>              Defendants | CASE No.: **1:20−CV−01793−KJM−SKO**<br><br>[*Honorable Kimberly J. Mueller.*]<br><br>**PLAINTIFF'S OPPOSITION TO COUNTY DEFENDANTS' MOTION IN LIMINE NO. 9 AND STATE DEFENDANTS' MOTION IN LIMINE NO. 12 TO EXCLUDE EVIDENCE RELATING TO PRIOR SETTLEMENTS**<br><br>Jury Trial: 11/10/25<br>Time: 9:00am<br>Courtroom: Three |

Plaintiff opposes State Defendants' Motion in Limine 12 (ECF No. 115) and County Defendants' Motion in Limine 9 (ECF No. 118 at 19), which seek to exclude evidence of prior settlements involving Sergeant Lopes and Kings County. The County's motion substantially overlaps with its Motion in Limine 4 regarding Rule 404(b) evidence, which Plaintiff has addressed in his opposition to that motion. This opposition focuses on the additional arguments raised regarding Federal Rule of Evidence 408.

Defendants mischaracterize Plaintiff's purpose in seeking to introduce evidence of prior settlements. Plaintiff does not seek to prove the "validity or amount" of those prior claims. Fed. R. Evid. 408(a). Rather, Plaintiff seeks to introduce this evidence to demonstrate that the County was on notice of Sergeant Lopes' pattern of conduct and his need for retraining—a critical element of Plaintiff's Monell failure-to-train claim.

Courts in this Circuit have recognized that evidence of prior settlements may be admitted in Monell cases to establish municipal notice of officer misconduct. In *McClellan v. City of Sacramento*, the court held that "[e]vidence of a city's settlement in an earlier police brutality action may be admitted to show the city is aware of wrongful conduct by its officers." No. 220CV00560TLNKJN, 2021 WL 1164487, at *3 (E.D. Cal. Mar. 26, 2021). Moreover, prior cases in which defendants "agreed to pay a substantial monetary sum to resolve excessive use of force claims" may demonstrate "manifestations of the same policy or custom," or that the "policy or custom was the moving force" behind a plaintiff's injuries. *Est. of Osuna v. Cty. of Stanislaus*, 392 F. Supp. 3d 1162, 1173 (E.D. Cal. 2019).

Here, Plaintiff seeks to show that the County's repeated settlements involving Sergeant Lopes put it on notice of his propensity for excessive force and its failure to retrain him. This is precisely the type of evidence contemplated by Rule

408(b)(2), which permits settlement evidence for purposes other than proving liability on the settled claim.

As this Court recognized in its Order on Defendants' Motion for Summary Judgment, a reasonable jury could find the County maintained an unlawful policy of sanctioning police shootings. ECF No. 66 at 27. The Court noted that it is undisputed the County has not sanctioned a police officer in the five years preceding this incident for being involved in a police shooting, and that Lopes had been involved in multiple other police shootings, including in Berbereia, which resulted in a $375,000 settlement, without any discipline or retraining. Id. The fact that Lopes participated in multiple shootings that resulted in settlements without any discipline or retraining is direct evidence supporting Plaintiff's Monell claim that the County maintains a unofficial policy and custom of ignoring or ratifying their officers unreasonable use of lethal force.

Defendants' Rule 403 arguments are overstated. The probative value of this evidence is substantial: it demonstrates the County's knowledge of Lopes' conduct and its deliberate indifference to constitutional violations. Any concern about "mini-trials" can be addressed through limiting instructions and efficient presentation of evidence. Furthermore, bifurcation is unnecessary and would inefficiently fragment the trial. Plaintiff is entitled to present a cohesive case to the jury.

For the foregoing reasons, the Court should deny State Defendants' Motion in Limine 12 (ECF No. 115) and County Defendants' Motion in Limine 9 (ECF No. 118 at 19).

Dated: November 3, 2025

**LAW OFFICES OF DALE GALIPO**
By: /s/ *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
Attorneys for Plaintiff