**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff FREDDIE QUAIR*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE QUAIR,<br><br>               Plaintiff,<br><br>    vs.<br><br>COUTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,<br><br>               Defendants. | 1:20-cv-01793-KJM-SKO<br>[*Honorable Kimberly J. Mueller*]<br><br>**PLAINTIFF'S OPPOSITION TO STATE DEFENDANTS' MIL NO.16 TO BIFURCTE TRIAL INTO SEPARATE PHASES FOR EXCESSIVE FORCE AND MONELL, AND/OR TRIFURCATE AS TO PUNITIVE DAMAGES CLAIMS [DKT. 117]**<br><br>Jury Trial: November 10, 2025<br>Time: 9:00 a.m.<br>Courtroom: Three |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

This civil rights and state tort lawsuit arises out of the shooting of Plaintiff Freddie Quair by Defendants Taylor Lopes, Neil Compston, John Silveria, and Edward Sinclair. The key issue in this case is whether the shooting of Mr. Quair constituted excessive force. Mr. Quair hereby opposes State Defendants' Motion in Limine No. 16, which seeks to bifurcate trial into separate phases for Mr. Quair's excessive force and *Monell* claims, and/or trifurcate as to Mr. Quair's punitive damages claims. (ECF No. 117.)

## II.     LEGAL STANDARD

"In determining whether bifurcation of damages is appropriate, bifurcation 'is the exception rather than the rule of normal trial procedure' within the Ninth Circuit." *Benson Tower Condo. Owners Ass'n v. Victaulic Co*., 105 F. Supp. 3d 1184, 1208 (D. Or. 2015) (quoting *Clark v. I.R.S*., 772 F.Supp.2d 1265, 1269 (D. Hawai'i 2009)). Federal Rule of Civil Procedure 42(b), which authorizes the district court to conduct separate trials, provides that:

> [t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials would be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counter claims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment of the Constitution or as given by Statute to the United States.

"A defendant seeking bifurcation has the burden of presenting evidence that a separate trial is proper in light of the general principles that a single trial tends to lessen the delay, expense and inconvenience to all parties. *McCrae v. Pittsburgh Corning Corp.*, 97 F.R.D. 490, 492 (D.C. Pa. 1983). Generally, "the presumption is that all claims in a case will be resolved in a single trial, and 'it is only in exceptional circumstances where there are special and persuasive reasons for

departing from this practice that distinct causes of action asserted in the same case may be made the subject of separate trials.'" *Jeanty v. Cnty. of Orange*, 379 F. Supp. 2d 533, 549 (S.D.N.Y. 2005) (quoting *Miller v. Am Bonding Co.*, 257 U.S. 304, 307 (1921)). The decision whether to bifurcate a trial lies within the sound discretion of the trial court. *Jinro Am., Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir. 2001). The Court must consider "potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result." *Green v. Baca,* 226 F.R.D. 624, 630 (C.D. Cal. 2005) (quoting *Cravens v. Cnty. of Wood, Ohio*, 856 F.2d 753, 755 (6th Cir. 1988)). "A decision ordering bifurcation is dependent on the facts and circumstances of each case." *Green*, 226 F.R.D. at 630 (quoting *Saxion v. Titan-C-Manufacturing*, 86 F.3d 553, 556 (6th Cir. 1996)).

## III.    ARGUMENT

### A.    The Court Should Not Bifurcate Plaintiff's Excessive Force and *Monell* Claims.

Defendants first argue that Mr. Quair's claims for excessive force and *Monell* should be bifurcated into separate trial phases.

Defendants argue that bifurcation would enhance judicial efficiency and streamline the proceeding. However, bifurcation would actually undermine judicial efficiency by requiring multiple witnesses to testify twice in separate phases. Both Plaintiff and Defendants would need to recall key witnesses for the Monell phase, including Taylor Lopes and Plaintiff's expert Mr. Rothschiller, and potentially other defense witnesses and experts would need to be called back to testify again. Each time a witness must be recalled, there are inevitable delays, scheduling conflicts, and potential complications—especially when some witnesses are testifying remotely via Zoom, which introduces additional technical and logistical challenges. Having each witness testify just once in a unified trial phase would be a

Plaintiff's Opposition to States Motion in Limine No. 16

far more efficient use of the Court's time and resources, rather than fragmenting testimony across multiple phases with the attendant delays and coordination difficulties that would necessarily follow.

Defendants argue that failure to bifurcate would confuse the jury and prejudice the individual Defendant officers. However, any slight risk of prejudice or confusion in jointly trying the individual and *Monell* claims may be mitigated by a curative instruction to the jury. *See Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 806-07 (9th Cir. 2018) ("Though some of the evidence relevant to the *Monell* claims was irrelevant to individual liability, the district court's many limiting instructions cured any possible prejudice."); *Est. of Alderman v. City of Bakersfield*, 2018 WL 4156740, at *2 (E.D. Cal. Aug. 28, 2018) (denying motion to bifurcate plaintiff's *Monell* claim, reasoning "[t]he use of limiting instructions has been recognized as an effective manner to prevent the jury's consideration of prejudicial evidence"). Courts generally presume that a jury follows the instructions given to it. *Weeks v. Angleone*, 528 U.S. 225, 234 (2000).

In addition, Plaintiff will suffer significant prejudice if the Court bifurcates his claims. The unpredictability of jury deliberations for the first liability phase regarding excessive force would make it very difficult for Plaintiff to schedule testimony in advance for their use-of-force expert, Mr. Rothschiller. For these reasons, Plaintiff's excessive force and *Monell* claims should proceed to trial without bifurcation.

### B.    Plaintiff is Not Opposed to Bifurcating on Punitive Damages

Defendants also seek to try punitive damages in a separate phase. As indicated in the parties meet and confer, Plaintiff is not opposed to that proposal.

1

**IV.    CONCLUSION**

2

     For the foregoing reasons, Plaintiff respectfully requests that the Court deny

3

Defendants' Motion in Limine to bifurcate trial into separate phases for excessive

4

force and *Monell*. (ECF No. 117.)

5

6

     Respectfully Submitted,

7

8

Dated: November 3, 2025       **LAW OFFICES OF DALE K. GALIPO**

9

10

     By:   */s/   Cooper Mayne*

11

     Dale K. Galipo

12

     Cooper Mayne
     *Attorneys for Plaintiff FREDDIE QUAIR*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Opposition to States Motion in Limine No. 16