**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

LAW OFFICE OF DARRELL J. YORK
Darrell J. York (SBN 145601)
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: (661) 362-0828
Fax:      (877) 221-3306
Email:  djylaw@gmail.com

*Attorneys for Plaintiff, Freddie Quair*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FREDDIE QUAIR,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,<br><br>　　　　　　Defendants | CASE No.: **1:20−CV−01793−KJM−SKO**<br><br>[*Honorable Kimberly J. Mueller.*]<br><br>**PLAINTIFF'S OPPOSITION TO COUNTY DEFENDANTS' MOTION IN LIMINE NO. 4 AND STATE DEFENDANTS' MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE RELATING TO PRIOR ACTS AND INVOLVEMENT BY ANY DEFENDANT IN A PRIOR USE OF FORCE INCIDENT**<br><br>Jury Trial: 11/10/25<br>Time: 9:00am<br>Courtroom: Three |

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

County Defendants and State Defendants have filed substantially identical motions seeking to exclude evidence of Sergeant Lopes's prior officer-involved shootings. (ECF Nos. 112, 118 at 8) Because these motions raise the same legal and factual issues, Plaintiff addresses them in this single combined opposition. Both motions should be denied.

## ARGUMENT

### I Evidence of Sergeant Lopes's Prior Shootings Is Directly Relevant and Admissible

Defendants fundamentally mischaracterize the purpose for which Plaintiff seeks to introduce evidence of Sergeant Lopes's prior shootings. This evidence is not offered to show Sergeant Lopes acted in conformity with a character trait, but rather to prove essential elements of Plaintiff's Monell claims against the County for (1) failure to train; and (2) unconstitutional custom or policy. Additionally, the evidence is directly relevant to Sergeant Lopes's credibility regarding whether he could see that Mr. Quair was unarmed when he began firing. Without this evidence, Plaintiff cannot meet the high burden of proof required to establish municipal liability under Monell.

To establish municipal liability for failure to train, Plaintiff must show the County's training policy amounted to deliberate indifference to constitutional rights. Evidence of prior similar incidents is directly relevant to whether the County was on notice that its training was inadequate and that additional training was necessary.

The Court has already recognized this theory as viable, noting that "a reasonable jury could find the County's failure to train officers like Lopes on the proper way to use and avoid using lethal force was a result of a policy of the County." ECF No. 66 at 26. Plaintiff also submits the County had a custum and an

unofficial policy of sanctioning police shootings and their failure to retrain or discipline Lopes for his prior shootings is directly relevant to that theory. Evidence that Sergeant Lopes was involved in multiple prior shootings without facing discipline or additional training is directly probative of this policy of inaction. As the Ninth Circuit has recognized, a policy of inaction may give rise to liability if the inaction amounts to a failure to protect constitutional rights. Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

Monell imposes a high burden of proof, requiring Plaintiff to establish deliberate indifference amounting to a policy or custom. Excluding this evidence would make it virtually impossible for Plaintiff to meet this demanding standard, effectively immunizing municipalities from liability no matter how deliberately indifferent they may be to obvious patterns of constitutional violations.

Beyond the Monell claims, evidence of Sergeant Lopes's prior shootings is directly relevant to his credibility regarding a central disputed issue in this case, namely whether he could see that Mr. Quair was unarmed when he began firing. In previous shooting incidents, Sergeant Lopes claimed he could identify whether subjects were armed with guns from distances far greater than in this case. The comparison between what Sergeant Lopes claimed he could see at greater distances in prior incidents and what he claims he could not see at a much closer distance in this incident directly bears on whether his testimony in this case is credible.

Most notably, in the 2015 shooting of Albert Hanson, Sergeant Lopes and his fellow officers fired 46 rounds at a 76-year-old man in his vehicle, striking him 11 times. Sergeant Lopes claimed he believed Mr. Hanson was pointing a gun at him and that he could clearly identify the weapon in Mr. Hanson's hand. In that incident, Sergeant Lopes was approximately twice as far from the subject as he was from Mr. Quair, yet claimed he could clearly identify a gun in the subject's hand. Here, at approximately half that distance, Sergeant Lopes claims he could not see that Mr.

Quair's hands were empty. Id. This testimony is critical because Lopes entire argument for the shooting of Mr. Quair being justified is that he believed he was armed and posed an imminent threat. If a reasonable jury could find that Sergeant Lopes was close enough to see that Mr. Quair had nothing in his hands, it would substantially undermine his claim that the use of force was objectively reasonable.

Federal Rule of Evidence 608(b) permits cross-examination about specific instances of conduct to attack a witness's character for truthfulness, and the inconsistencies between Sergeant Lopes's claims about what he could see at different distances directly bear on his truthfulness in this case.

## II. Defendants' Rule 404 Arguments Miss the Mark

Defendants devote substantial briefing to Federal Rule of Evidence 404's prohibition on character evidence, arguing that Plaintiff seeks to introduce the prior shootings to show Sergeant Lopes has a propensity for violence and acted in conformity with that character trait on June 18, 2019. This fundamentally misunderstands the purpose for which Plaintiff offers this evidence. Plaintiff does not seek to prove that Sergeant Lopes is a violent person who acted violently in this instance, but rather seeks to prove that (1) the County had notice of training deficiencies and failed to take corrective action; (2) the County's failure to retrain or discipline Lopes are prior shootings reflected a custom of tolerating constitutional violations; and (3) the specific facts of the prior shootings raise credibility issues about Lopes' assertion in this case that he could not see that Quaire was unarmed.

This is precisely the type of evidence Federal Rule of Evidence 404(b)(2) permits, which allows evidence of prior acts when offered to prove something other than the person's propensity to commit the crime charged.

Defendants cite numerous cases excluding evidence of prior acts, but none involved Monell claims where the prior acts were directly relevant. See Baker v. County of San Diego, 2012 WL 1903899, at *2 (S.D. Cal. May 24, 2012) (no

Monell claim was asserted); Todd v. Baker, 2012 WL 1999629, at *8 (D. Mont. June 4, 2012) (same); Duran v. City of Maywood, 221 F.3d 1127, 1132-33 (9th Cir. 2000) (same); United States v. Charley, 1 F.4th 637, 648 (9th Cir. 2021) (criminal case involving heightened prejudice concerns where prior acts were offered solely to prove intent to assault, not to prove municipal liability). Further, none of the cases cited by Defendants involved evidence of prior shootings that is directly relevant to the credibility of the officer's testimony, as we have here. Therefore, the cases cited by Defendants are inapposite and do not support their argument.

### III. The Probative Value of This Evidence Substantially Outweighs Any Prejudicial Effect

Even assuming arguendo that some prejudice exists, the probative value of this evidence substantially outweighs that prejudice under Federal Rule of Evidence 403. Rule 403 requires exclusion only when the danger of unfair prejudice substantially outweighs probative value, and the balance here weighs heavily in favor of admission.

First, the evidence is highly probative of issues that are central to Plaintiff's case. It is directly relevant to proving essential elements of Plaintiff's Monell claims for failure to train and unconstitutional custom, theories on which the Court has already found genuine disputes of material fact sufficient to proceed to trial. ECF No. 66 at 25-27. It is also directly relevant to assessing the credibility of the primary witness regarding the central disputed fact of whether he could see Mr. Quair was unarmed. Without this evidence, Plaintiff cannot meet his burden of proof on the Monell claims, which require showing that the County had notice and was deliberately indifferent to known risks.

Second, any prejudicial effect is minimal and can be addressed through appropriate limiting instructions. The jury can be instructed that the evidence is admitted only for the limited purposes of evaluating the Monell claims and assessing

credibility, not to show Sergeant Lopes acted in conformity with character. Juries are presumed to follow limiting instructions, and there is no reason to believe a properly instructed jury would misuse this evidence. Richardson v. Marsh, 481 U.S. 200, 211 (1987). The danger of unfair prejudice that Rule 403 guards against is not merely that evidence might be harmful to a party, but that it might lead the jury to make a decision on an improper basis. Here, the evidence would be used for proper purposes that go to the heart of Plaintiff's claims.

Third, Defendants' concerns about mini-trials and undue consumption of time are exaggerated. The prior incidents are documented through court records and depositions already taken in this case. Plaintiff does not propose calling multiple witnesses about each incident or litigating whether the prior uses of force were justified under the Fourth Amendment. Rather, the evidence consists primarily of court records establishing that prior incidents occurred, evidence that the County was aware of these incidents, evidence that the County took no disciplinary or remedial action, and deposition testimony regarding distances and circumstances for impeachment purposes. The Court has already taken judicial notice of the Berbereia complaint, notice of settlement, and County Board minutes, ECF No. 66 at 3-4, so these documents are already part of the record and can be presented efficiently.

This can be accomplished efficiently without the extensive additional litigation Defendants suggest. Plaintiff does not need to prove that the prior shootings were constitutional violations, only that they occurred, that the County knew about them, and that the County failed to take corrective action. This is a straightforward factual showing that does not require extensive testimony or the "trial within a trial" Defendants fear. Moreover, even if some additional time is required, the importance of the evidence to Plaintiff's ability to prove his Monell claims justifies that expenditure of time. Rule 403 does not require exclusion merely because evidence will take some time to present.

-6-   Case No. 1:20-CV-01793-KJM-SKO

PLAINTIFF'S OPPOSITION TO COUNTY DEFENDANT'S MOTION IN LIMINE NO. 4 AND STATE DEFENDANTS' MOTION IN LIMINE NO. 6

## VI. The Evidence Is Properly Disclosed and Within the Scope of Discovery

Defendants suggest Plaintiff has not properly established that this evidence can be reduced to admissible form at trial. (ECF No. 118 at 10.) This is incorrect. The evidence consists of court records and County Board minutes documenting settlements, both of which are self-authenticating public records under Federal Rule of Evidence 902(4). The Court has already taken judicial notice of the Berbereia complaint, notice of settlement, and County Board minutes. ECF No. 66 at 3-4. The Court has already determined they are relevant to Plaintiff's Monell claim.

Plaintiff may also present evidence through Lopes' testimony and Plaintiff's police practices expert testimony, both of which are admissible and have been properly disclosed.

## V. Bifurcation Is Unnecessary and Inappropriate

The State Defendants alternatively request bifurcation if the evidence is admitted, arguing that evidence about Sergeant Lopes's prior conduct will be unduly prejudicial to them. ECF No. 112 at 11-12. This request should be denied.

First, the evidence is relevant not only to the Monell claims but also to Sergeant Lopes's credibility regarding whether he could see Mr. Quair was unarmed, which is a central issue in the excessive force claims against all defendants. All defendants claim they reasonably believed Mr. Quair posed an imminent threat. If the jury finds Sergeant Lopes's testimony about what he could see is not credible based on his claims in prior incidents, it may well question whether the other defendants' perceptions were reasonable given their proximity to the incident and their reliance on Sergeant Lopes's actions.

Second, bifurcation would be inefficient and prejudicial to Plaintiff. It would require presenting much of the same evidence twice and force Plaintiff to essentially

1  try his case twice with the attendant expense and delay. This would waste judicial resources and jury time without any corresponding benefit.

Third, any minimal prejudice to the State Defendants can be addressed through limiting instructions. The jury can be instructed that evidence of Sergeant Lopes's prior conduct is not to be considered as evidence against the State Defendants on the excessive force claims. Juries are presumed to follow such instructions, and the State Defendants have not shown that limiting instructions would be inadequate to address any potential prejudice, which is a prerequisite to the drastic remedy of bifurcation.

### CONCLUSION

For these reasons, County Defendants' Motion in Limine No. 4 (ECF No. 118 at 8) and State Defendants' Motion in Limine No. 6 (ECF No. 112) should be denied.

Dated: November 3, 2025

**LAW OFFICES OF DALE GALIPO**
By: /s/ *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
Attorneys for Plaintiff