**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

LAW OFFICE OF DARRELL J. YORK
Darrell J. York (SBN 145601)
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: (661) 362-0828
Fax:    (877) 221-3306
Email:  djylaw@gmail.com

*Attorneys for Plaintiff, Freddie Quair*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE QUAIR,<br><br>  Plaintiff,<br><br>vs.<br><br>COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,<br><br>  Defendants | CASE No.: **1:20−CV−01793−KJM−SKO**<br><br>[*Honorable Kimberly J. Mueller.*]<br><br>**PLAINTIFF'S OPPOSITION TO STATE DEFENDANTS' MOTION IN LIMINE NO. 9 TO EXCLUDE EVIDENCE OF CLAIMS OR THEORIES RELATING TO POLICE TACTICS NOT INCLUDED IN PLAINTIFF'S COMPLAINT OF A GOVERNMENT CLAIMS ACT NOTICE**<br><br>Jury Trial: 11/10/25<br>Time: 9:00am<br>Courtroom: Three |

State Defendants move to exclude evidence and testimony regarding police tactics, arguing Plaintiff failed to comply with the Government Claims Act and that such evidence constitutes inadmissible evidence of "negligence" or "provocation" theories. (ECF No. 121.) This motion should be denied.

As a threshold matter, Plaintiff is not pursuing any state law negligence claims. The only claims proceeding to trial are federal claims. Because Plaintiff is not asserting state law claims, the California Government Tort Claims Act is irrelevant. State Defendants argument to the contrary has no basis in case law. *Willis v. Reddin*, 418 F.2d 702, 704–05 (9th Cir. 1969) ("California may not impair federally created rights or impose conditions upon them."); *Endsley v. Luna*, 750 F.Supp.2d 1074, 1108 (C.D. Cal. 2010) (state imposed procedural conditions to sue do not apply to Plaintiff's federal claims).

State Defendants also request the exclusion of evidence and expert opinions related to the Plaintiff's argument that the officers pre-shooting tactics were contrary to generally accepted police practices. This argument is a restatement of the argument in Motion in Limine No. 2 and has already been addressed in Plaintiff's opposition to that motion. In brief, State Defendants are ignoring binding Ninth Circuit precedent stating that, "[w]hile a Fourth Amendment violation cannot be established 'based merely on bad tactics that result in a deadly confrontation that could have been avoided,' the events leading up to the shooting, including the officers tactics, are encompassed in the facts and circumstances for the reasonableness analysis." *Vos v. City of Newport Beach*, 892 F.3d 1024, 1034 (9th Cir. 2018) (internal citations omitted).

For these reasons, and the reasons stated in Plaintiff's opposition to State Defendants Motion in Limine No. 9 (ECF No. 121) should be denied.

Dated: November 3, 2025

**LAW OFFICES OF DALE GALIPO**
By: /s/ *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
Attorneys for Plaintiff