**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

LAW OFFICE OF DARRELL J. YORK
Darrell J. York (SBN 145601)
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: (661) 362-0828
Fax:     (877) 221-3306
Email:  djylaw@gmail.com

*Attorneys for Plaintiff, Freddie Quair*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE QUAIR,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,<br><br>Defendants | CASE No.: **1:20−CV−01793−KJM−SKO**<br><br>[*Honorable Kimberly J. Mueller.*]<br><br>**PLAINTIFF'S OPPOSITION TO COUNTY DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE INCLUDED IN TAYLOR LOPES' PERSONNEL FILE**<br><br>Jury Trial: 11/10/25<br>Time: 9:00am<br>Courtroom: Three |

Plaintiff intends to introduce evidence regarding Sergeant Taylor Lopes' training, past incidents involving his use of lethal force, and the County's failure to retrain or discipline him following those prior uses of lethal force. This evidence is directly relevant and essential to Plaintiff's Monell claims against the County, as it demonstrates the existence of a custom, policy, or practice of inadequate training and deliberate indifference to constitutional violations. Evidence of prior incidents

of excessive force by Sergeant Lopes, coupled with the County's failure to take corrective action, goes to the heart of whether the County maintained a policy or custom that was the moving force behind the constitutional violation alleged in this case. Such evidence is not being offered as improper character evidence under Rule 404(b), but rather as proof of the County's knowledge of a pattern of conduct and its deliberate indifference in failing to address it—both critical elements of municipal liability under Monell v. Department of Social Services. The probative value of this evidence substantially outweighs any potential prejudice, as it is essential to proving that the County's policies or lack thereof directly caused the constitutional deprivation Plaintiff suffered.

　　　　To the extent that the County Defendants' Motion in Limine No. 3 (ECF No. 118 at 7) seeks to exclude such evidence, it should be denied.

Dated: November 3, 2025　　　　**LAW OFFICES OF DALE GALIPO**
By: /s/ *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
Attorneys for Plaintiff