ROB BONTA, State Bar No. 202668
Attorney General of California
NORMAN D. MORRISON, State Bar No. 212090
Supervising Deputy Attorney General
 2550 Mariposa Mall, Room 5090
 Fresno, CA 93721-2271
 Telephone: (559) 705-2304
 Fax: (559) 445-5106
 E-mail: Norman.Morrison@doj.ca.gov
*Attorneys for Defendants Neil Compston,
John Silveira and Edward Sinclair*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **FREDDIE QUAIR,**<br><br>Plaintiff,<br><br>v.<br><br>**COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,**<br><br>Defendants. | Case no. 1:20-CV-01793-KJM-SKO<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCES TO "SUICIDE BY COP" AT TRIAL**<br><br>Trial Date:   November 10, 2025<br>Action Filed: December 21, 2020 |

Defendants NEIL COMPSTON, JOHN SILVEIRA and EDWARD SINCLAIR (State Defendants) hereby file their opposition to Plaintiff's Motion in Limine No. 2 to exclude any evidence, testimony, arguments or references that would indicate, imply, or suggest that Plaintiff intended to commit "suicide by cop" or that his behavior or state of mind at the time of the incidence was consistent with individuals who engage in "suicide by cop" behavior. Plaintiff's arguments and motion are especially problematic, as they would appear to also seek to prohibit Defendants from arguing that Plaintiff intended to provoke the Defendants into using force

1

1  against him – which is the exact basis for the Defendants' use of force in this case, and thus a
2  central, core issue for the jury to decide.
3      Plaintiff's motion seeks to exclude the Defendants from testifying about matters that are
4  clearly relevant and admissible at trial regarding their perceptions and beliefs regarding Plaintiff's
5  behavior at the time of the incident; on that ground alone, Plaintiff's motion should be denied.
6  Further, Plaintiff's motion disregards the fact that law enforcement officers are trained that
7  individuals may try to engage in behaviors such as those exhibited by the Plaintiff here – e.g.
8  where they pretend to have a weapon and intending to use it against officers, using a simulated
9  firearm during an incident, or engaging in behaviors and actions intended to convince law
10  enforcement officers that they intend to use dangerous or deadly force against an officer – in
11  order to provoke a reaction.
12      Plaintiff's actions here are entirely consistent with the well-known phenomena commonly
13  referred to as "suicide by cop," that is taught to officers as part of their Academy and ongoing law
14  enforcement training, and which officers learn about from knowledge gained through
15  understanding of other events and scenarios.
16      While the State Defendants do not intend to offer any expert testimony regarding
17  Plaintiff's own mental state, they are entitled to offer their testimony regarding their belief of why
18  the Plaintiff engaged in the activities he engaged in – which are clearly depicted in both the
19  surveillance video and through the independent eyewitnesses testimony – and whether they
20  believed that Plaintiff might have been attempting to engage in a "suicide by cop" action at the
21  time of the incident based upon their behavior, training, experience and education as law
22  enforcement officers.

**ARGUMENT**

**I. EVIDENCE RELATING TO WHETHER PLAINTIFF INTENDED TO ENGAGE IN A "SUICIDE BY COP" ACTION IS DIRECTLY RELEVANT TO WHETHER EXCESSIVE FORCE WAS USED HERE, AS PLAINTIFF'S ACTIONS LED TO THE INCIDENT.**

26      While Defendants do not intend to introduce expert testimony regarding Plaintiff's state of
27  mind or mental status at the time of the incident, that fact is not relevant to the determination of

2

Defendants' Opposition to Plaintiff's Motion in Limine No. 2 to
Exclude References to "Suicide by Cop" at Trial [Plaintiff MIL #2] (1:20-CV-01793-KJM-SKO)

whether the Defendants should be allowed to introduce general testimony regarding *their* understanding and belief of what Plaintiff might have been intending at the time of the incident, as well as to explain their knowledge and training as law enforcement officers regarding situations where an individual might simulate the possession and use of a firearm for a variety of reasons – including attempting to escape or avoid capture, intending to coerce or force law enforcement officers into using deadly force, and other reasons.

Plaintiff seeks to frame the issue of whether Plaintiff's actions during the underlying incident involving "suicide by cop" as being one limited to the Plaintiff's mental state at the time of the incident. It is not. Defendants do not intend to offer testimony regarding the *Plaintiff's* personal, internal psychological motivations and desires, including whether Plaintiff was allegedly suicidal or had suicidal ideations.

Likewise, Plaintiff's argument that Plaintiff's state of mind "does not bear on any disputed fact or on any element of any claim or defense" (Pl. MIL 2, at 14-16) simply lacks credibility and fails to recognize the factors the jury is to consider pursuant to *Graham v. Connor*, 496 U.S. 368 (1989) and its progeny. First, as *Graham* and its progeny make explicitly clear, the factors identified by the *Graham* Court are not exclusive, and additional factors should be considered where appropriate. Under *Graham*, there are three core factors to be considered: (1) the severity of the crime at issue (here, Plaintiff's arrest warrant for multiple serious felonies, as well as probable cause for Plaintiff's arrest for multiple felonies associated with the armed home invasion robbery he had just committed); (2) whether the suspect poses an immediate threat to the safety of the officers or others (which relates to his actions in refusing to follow lawful commands given to him, aggressively exiting the vehicle in contradiction to the lawful orders he had been given, taking up a shooting stance directed towards the officers, and simulating not only aiming but also firing a weapon at the officers); and (3) whether he was actively resisting arrest or attempting to evade arrest by flight (all of the above facts.) *Id*. at 396.

However, the Ninth Circuit has recognized these factors are not exclusive, and instead courts "examine the totality of the circumstances *and consider whatever specific factors may be*

3

Defendants' Opposition to Plaintiff's Motion in Limine No. 2 to
Exclude References to "Suicide by Cop" at Trial [Plaintiff MIL #2] (1:20-CV-01793-KJM-SKO)

*appropriate in a particular case, whether or not listed in Graham.*" *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (emphasis added) [quoting *Franklin v. Foxworth*, 31 F.3d 873, 876 (9th Cir. 1994)]; *Lowry v. City of San Diego*, 858 F.3d 1248, 1258 (9th Cir. 2017). The Ninth Circuit has similarly recognized that where a plaintiff's conduct and actions contributed to the incident, such evidence was admissible even though it related to a potential "suicide by cop" issue. *See Lal v. California*, 746 F.3d 1112, 1118-1119 (9th Cir. 2014); *Boyd v. City and County of San Francisco*, 576 F.3d 938, 945-946 (9th Cir. 2009) [allowing testimony by expert regarding "suicide by cop" theory].

      Here, the relevance and admissibility of the evidence relates to the Plaintiff's intentions and motivations, as demonstrated by his *actions*, not his mental state. Plaintiff was well aware that he had just performed an especially violent act by committing an armed home invasion robbery during the early morning hours, that shots had been fired during the armed home invasion robbery and an accomplice had been struck by bullets necessitating emergency hospitalization and treatment. Plaintiff similarly has admitted that he was aware at the time of the incident that he as being stopped by law enforcement officers, and that the Defendants were law enforcement officers. As such, Plaintiff was well aware of the legal consequences he was facing in light of his recent actions. Plaintiff additionally told his accomplice, Quintero, immediately before Plaintiff exited the vehicle that he intended to attempt to flee, yet he then instead took actions consistent with attempting to fire a weapon at the law enforcement officers present. Defendants will additionally testify that during the incident, Plaintiff made statements that would be consistent with someone intending to commit "suicide by cop;" such statements including "One life, One Loc," that the Defendants would make him famous, and to "put [him] on YouTube."

      Thus, unlike the situation in *Jackson v. County of San Bernardino*, 194 F.Supp.3d 1004, 1009 (C.D. Cal. 2016), here Plaintiff's motivations or intention to provoke the deputies to shoot him are at issue. Further, under *Boyd*, evidence of Plaintiff's prior actions and behavior is properly admitted in the context of a "suicide by cop" argument where the prior acts make it more

4

Defendants' Opposition to Plaintiff's Motion in Limine No. 2 to
Exclude References to "Suicide by Cop" at Trial [Plaintiff MIL #2] (1:20-CV-01793-KJM-SKO)

probable that the Plaintiff was trying to provoke a police shooting, rather than surrender. *Boyd*, 576 F.3d at 944-945.

Accordingly, the Court should deny Plaintiff's motion. While the Defendants do not intend to offer evidence relating to Plaintiff's *psychological* or *mental* state or issues vis-à-vis the "suicide by cop" phenomena, they are entitled to offer evidence that Plaintiff's *actions* during the incident are consistent with such an attempt and allow the jury to evaluate the facts.

II.  **TESTIMONY REGARDING 'SUICIDE BY COP" DOES NOT CONSTITUTE IMPROPER CHARACTER EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404.**

In his motion, Plaintiff argues that evidence relating to "suicide by cop" constitutes character evidence potentially excluded under Federal Rule of Evidence 404. Plaintiff's argument in this regarding mischaracterizes and misstates the application of Federal Rule of Evidence 404. Pursuant to Rule 404(a)(1), "[e]vidence of a person's *character or character trait* is not admissible to prove that on a particular occasion the person acted in accordance with *the character or trait*." (emphasis added.)

Under the Federal Rules of Evidence, the term "character evidence" is specifically defined as evidence "probative of a pertinent trait of a person's character, *such as honesty, temperance or peacefulness.*" Wegner et al., Rutter Group Practice Guide Federal Civil Trials & Evidence (The Rutter Group 2025), ¶ 8:1125 (citing Fed. R. Evid. 406, Adv. Comm. Notes.) As another treatise has explained, character evidence is defined as "evidence that directly relates to the general credibility of the witness, rather than the believability of specific testimony, and conveys some judgment about the ethics or moral qualities of that witness."  Wright & Miller, 28 Fed. Prac. & Proc. Evid. § 6116 (2d ed.)(2025).  For purposes of Rule 404, the authors of Wright & Miller note that the term "character evidence" is not defined by the Federal Rules of Evidence, but noted that a "good definition of 'character'" needed to include such elements as the conduct being repetitive, engaged in by a significant number of people, subject to a significant degree of moral condemnation or approval, and performed by "ordinary people." *Id.* at ¶ 5233.

5

Defendants' Opposition to Plaintiff's Motion in Limine No. 2 to
Exclude References to "Suicide by Cop" at Trial [Plaintiff MIL #2] (1:20-CV-01793-KJM-SKO)

None of these issues are contemplated, or at issue here. Neither Plaintiff's *character* nor a *character trait* attributable to him are at issue here. Defendants do not seek to introduce evidence of prior incidents of "suicide by cop" Plaintiff may have engaged in, which is what the Rule prohibits, or that Plaintiff was engaging in an established pattern of behavior of "suicide by cop."

Instead, what is at issue here is Plaintiff's behavior in response to the particular set of facts and circumstances involved in this incident, and how his behavior could – and likely would – be interpreted by a reasonable law enforcement officer at the scene – the *sine qua non* of the Fourth Amendment use of force analysis prescribed by the Supreme Court in *Graham v. Connor*, 490 U.S. 386 (1989) and repeatedly subsequently recognized and utilized. Defendants do not intend to seek evidence that Plaintiff regularly engaged in "suicide by cop" or had a habit or tendency of engaging in "suicide by cop" when he would come into contact with law enforcement officers. However, Defendants are entitled to introduce testimony and other evidence demonstrating that law enforcement officers are aware of the "suicide by cop" phenomena and individuals will intentionally engage in it. This includes evidence that it is well known to law enforcement officers that individuals can *and do* intentionally simulate possessing and attempting to use weapons (including firearms such as handguns) against law enforcement officers in a variety of encounters including vehicle stops and felony stops.

Thus, while Defendants would potentially not be entitled to introduce evidence of any prior acts of "suicide by cop" by Plaintiff (which, again, Defendants do not intend to do), they are entitled to introduce evidence and testimony regarding Plaintiff's specific actions in *this* instance, and whether the Plaintiff's actions consisted of activities consistent with actions commonly known and referred to as "suicide by cop." Such evidence has nothing to do with Plaintiff's *character*, but instead deals specifically with the actions he engaged in on the incident Plaintiff is suing over, and which will be established not only by the evidence of the Defendants, but also by the testimony of other law enforcement officers present during the incident, the independent eyewitness to the incident, as well as the California Highway Patrol airborne video of the incident.

6

Defendants' Opposition to Plaintiff's Motion in Limine No. 2 to
Exclude References to "Suicide by Cop" at Trial [Plaintiff MIL #2] (1:20-CV-01793-KJM-SKO)

Plaintiff's arguments and reliance upon Rule 404 are further contradicted by the fact that Rule 404(b)(2) specifically provides that even where evidence of a character or character trait is potentially at issue, such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident." Accordingly, pursuant to Rule 404(b)(2), even if Plaintiff's arguments might otherwise have some merit, the evidence would nevertheless still be admissible for these other purposes.

Thus, the Court should deny Plaintiff's motion to the extent that Plaintiff seeks to exclude any reference, evidence or testimony relating to Plaintiff's actions in connection with this incident, as such evidence and testimony not only does not consist of impermissible "character evidence," but such evidence is admissible under the Federal Rules of Evidence for one or more of the other purposes specified.

### III. DEFENDANTS' EXPERTS, AS WELL AS THE OFFICERS, ARE ENTITLED TO OFFER EVIDENCE REGARDING INDIVIDUALS ENGAGING IN "SUICIDE BY COP" AS IT IS A SUBJECT OF LAW ENFORCEMENT TRAINING.

While Defendants do not intend to call any psychologists, psychiatrists, or other mental health providers to testify regarding Plaintiff's specific mental health conditions and status at the time of the incident, Defendants are entitled to offer testimony – including expert testimony – regarding the "suicide by cop" phenomena as well as how this phenomena is taught to, and understood by, law enforcement officers. Defendants are similarly entitled to offer testimony regarding whether the Plaintiff's actions, including his refusing to comply with the instructions he was given by Sergeant Lopes during the stop, proceeding to intentionally assume an isosceles shooting stance, leveling his arms towards the officers to make it appear he was pointing a weapon at them and intending to fire it at them, and then moving his arms to simulate the firing of a handgun, was consistent with their training in someone attempting to engage in a "suicide by cop" action.

It is anticipated that Plaintiff's will argue at trial that the Defendants were required to comply with the training and educational materials (such as Learning Domains) prepared by the

7

California Commission on Peace Officer Standards and Training (P.O.S.T.) in connection with the underlying incident. In fact, Plaintiff's own expert, Curtis Rothschiller, has stated in his written Rule 26 report and testified during his deposition that the Defendants' actions failed to comply with materials taught in P.O.S.T. Learning Domains, and therefore their actions during this incident constitute excessive force.

Plaintiff's arguments fail to acknowledge that "suicide by cop" is a subject that is not only taught to potential law enforcement officers in police academies as part of their P.O.S.T. training, but is also a subject that they receive both formal and informal education and knowledge about throughout the course of their career. Accordingly, not only are the Defendants entitled to offer testimony regarding whether they were familiar with the doctrine and phenomena, but also whether Plaintiff's actions *as they perceived them during the incident* were consistent with their understanding of it. Likewise, the various Defendants' use of force/police practices experts, Robert Fonzi (for the State Defendants) and Clarence Chapman (for the County of Kings Defendants) are likewise entitled to testify regarding the phenomena itself.  Thus, for instance, both Fonzi and Chapman would be qualified and entitled to testify regarding the "suicide by cop" phenomena, what law enforcement officers are taught about the phenomena and how to respond to it, and how it would typically present and whether Plaintiff's *objective actions* here meet the definition and scope of the "suicide by cop" phenomena.

While both Fonzi and Chapman are entitled and qualified to testify regarding the phenomena and its application to law enforcement use of force and how officers are taught to respond to it, Defendants agree that neither Fonzi nor Chapman (nor Plaintiff's own expert, Rothschiller) are qualified to testify regarding specific *psychological* issues relating to Plaintiff's unique mental health conditions and aspects during the incident as such subject area would appear to be outside the scope and range of their expert designation, qualifications and experience. Thus, neither Chapman, Fonzi, nor Rothschiller would appear to be entitled to testify as to Plaintiff's *subjective* and *unique personal* motivations, intents, and goals during the incident.

8

Defendants' Opposition to Plaintiff's Motion in Limine No. 2 to
Exclude References to "Suicide by Cop" at Trial [Plaintiff MIL #2] (1:20-CV-01793-KJM-SKO)

Thus, while neither the Defendants nor their experts can testify about the Plaintiff's *psychological* status and intentions, they are entitled and qualified to testify regarding whether the Plaintiff's *actions* during the incident were consistent with the "suicide by cop" phenomena, and therefore Plaintiff's motion should be denied.

IV. **SHOULD THE COURT BE INCLINED TO GRANT PLAINTIFF'S MOTION, IT SHOULD ENTER AN ACCOMPANYING ORDER PROHIBITING PLAINTIFF'S WITNESSES, EXPERT, AND COUNSEL FROM OFFERING OPINIONS THAT THERE WAS NO RECOGNIZED BASIS OR REASON FOR THE USE OF FORCE, AND SHOULD PREVENT PLAINTIFF'S COUNSEL FROM INTRODUCING ARGUMENTS THAT PLAINTIFF 'DID NOT DO ANYTHING TO DESERVE BEING SHOT' OR SIMILAR.**

Should the Court be inclined to grant Plaintiff's Motion in Limine, then Defendants request that the Court enter an order prohibiting Plaintiff, as well as his counsel, witnesses and expert, from offering any opinions or arguments that there were no reasons or justification for the use of force in this instance. "Suicide by cop" is a well-recognized phenomena, and has been reviewed and addressed by Federal Courts in connection with use of force cases. *See Boyd*, 576 F.3d at 945-946. It is a situation known to law enforcement officers, and one upon which they receive training and education – both formal and informal. Because Plaintiff's actions constitute precisely the type of actions and behavior seen in most "suicide by cop" scenarios (e.g. where an individual takes actions, such as simulating possession of a weapon and its intended use against the officers, intending to compel law enforcement officers to fire upon them), the Defendants could testify to this based upon their training, education and knowledge. As such, Plaintiff should not be able to create a false narrative and scenario at trial by arguing that there are no recognizable, realistic, or applicable scenarios under which lethal force was justified.

Further, Defendants' counsel is aware of arguments made by Plaintiff's counsel to the jury in other similar cases wherein Plaintiff's counsel has essentially argued that 'Plaintiff made some bad decisions, but none of them supported being shot.' Because Plaintiff's actions in this case are exactly those seen in the typical "suicide by cop" scenario, should the Court grant Plaintiff's motion it should prevent Plaintiff from making this, or any similar, argument to the jury during opening or closing arguments, or during examination of witnesses at trial. Defendants further

9

Defendants' Opposition to Plaintiff's Motion in Limine No. 2 to
Exclude References to "Suicide by Cop" at Trial [Plaintiff MIL #2] (1:20-CV-01793-KJM-SKO)

1  request that in the event Plaintiff's counsel does make such opinions or arguments, then
2  Defendants request the right to present argument regarding the "suicide by cop" facts and
3  scenario.

## CONCLUSION

For all of the foregoing reasons, this Court should deny Plaintiff's motion, except to the extent it seeks to compel Defendants from offering expert testimony regarding Plaintiff's mental and psychological state at the time of the incident; Defendants do not intend to offer any such expert testimony. Beyond that, however, the evidence in this case establishes the existence of Plaintiff engaging in an attempt to commit "suicide by cop" by his actions. Defendants are accordingly entitled to not only discuss that evidence, but also raise the issue of Plaintiff's motivations and intentions during the incident – which would include whether he intended and/or attempted to commit "suicide by cop." This is an issue for the jury to decide, and relates directly to whether the use of force in this case was reasonable, justified and warranted.

To the extent the Court concludes that the motion should be granted, the Court should enter an order preventing Plaintiff from making any arguments or statements to the jury that there were no grounds, recognizable or otherwise, for Defendants to have used force in this case, as well as making any arguments such as that while the Plaintiff had made some bad choices, nothing he did supported or warranted the use of force by Defendants in this situation.

Dated: November 3, 2025                                    Respectfully submitted,

                                                           ROB BONTA
                                                           Attorney General of California


                                                           NORMAN D. MORRISON
                                                           Supervising Deputy Attorney General
                                                           *Attorneys for Defendants Neil Compston,*
                                                           *John Silveira and Edward Sinclair*

FR2021301267

10

Defendants' Opposition to Plaintiff's Motion in Limine No. 2 to
Exclude References to "Suicide by Cop" at Trial [Plaintiff MIL #2] (1:20-CV-01793-KJM-SKO)

# CERTIFICATE OF SERVICE

Case Name:   **Quair v. County of Kings, et al.**      No.   **1:20-CV-01793-KJM-SKO**

I hereby certify that on November 3, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCES TO "SUICIDE BY COP" AT TRIAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on November 3, 2025, at Los Angeles, California.

| J. Sissov | /s/ J. Sissov |
|---|---|
| Declarant | Signature |

FR2021301267