1   Rob Bonta, State Bar No. 202668
    Attorney General of California
2   Norman D. Morrison, State Bar No. 212090
    Supervising Deputy Attorney General
3    2550 Mariposa Mall, Room 5090
     Fresno, CA 93721-2271
4    Telephone: (559) 705-2304
     Fax: (559) 445-5106
5    E-mail: Norman.Morrison@doj.ca.gov
    *Attorneys for Defendants Neil Compston,*
6   *John Silveira and Edward Sinclair*

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10                               CIVIL DIVISION

11

| | |
|---|---|
| 12  **FREDDIE QUAIR,** | Case No. 1:20-CV-01793-KJM-SKO |
| 13                          Plaintiff, | **DEFENDANTS' OPPOSITION TO** |
| 14     v. | **PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OR REFERENCES TO INVESTIGATIONS** |
| 15 | **OF THE INCIDENT** |
| 16  **COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA;** | |
| 17  **EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,** | |
| 18                          Defendants. | Trial Date:     November 10, 2025 |
| 19 | Action Filed:  December 21, 2020 |

20          Defendants NEIL COMPSTON, JOHN SILVEIRA and EDWARD SINCLAIR (State

21   Defendants) hereby file their opposition to Plaintiff's Motion in Limine No. 3 to exclude any

22   evidence <u>or reference</u> to any investigation performed by the State of California or any other

23   agency relating to the underlying incident.

24          Plaintiff's request to exclude this evidence consists of a clear attempt to "have their cake

25   and eat it too" in the context of this litigation, and should be denied. As explained in more detail

26   herein, one of the specific opinions expressed by Plaintiff's retained expert was that there was <u>no</u>

27   investigation performed into the underlying incident by any agency. Plaintiff's expert

28

                                              1

subsequently admitted that not only was he not aware of any investigation having been performed, but that he had not been provided with any information relating to any investigations – despite the undisputed evidence establishing that at least <u>three</u> separate investigations into the underlying incident had been performed. Further, Plaintiff's expert testified that his opinions were based upon statements made by the officers and others following the incident – <u>statements that were made as, and are a part of, the investigations Plaintiff not seeks to exclude any reference to.</u> Based upon Plaintiff's reliance on their expert's testimony and opinions, all of which are inseparably interwoven with the investigations, as well as the right of all of the Defendants' to examine the Plaintiff's expert regarding his knowledge and the basis of his opinions, the Court should deny Plaintiff's motion.

Should the Court grant Plaintiff's motion, then the Court must also as part of its order include provisions excluding Plaintiff and their expert from relying upon, or referencing any information, obtained or derived from these Reports – including the statements made by the Defendants, as well as other evidence (such as photographs, videos, etc.) Alternatively, the Court can consider giving the jury an appropriate limiting instruction, advising them that while they can use information contained in the reports detailing information known to the officers at the time of the incident and events that occurred during the incident, they cannot use the reports for any other purposes relating to the Fourth Amendment analysis, but that they are entitled to use the reports and contents thereof as part of their evaluation and ruling on the Plaintiff's *Monell* claims against the County of Kings.

## ARGUMENT

**I.    EVIDENCE OF THE UNDERLYING INVESTIGATIONS IS DIRECTLY RELEVANT AND ADMISSIBLE, BECAUSE PLAINTIFF'S USE OF FORCE/POLICE PRACTICES EXPERT'S OPINIONS ARE BASED UPON HIS MISTAKEN BELIEF THAT NO INVESTIGATIONS WERE PERFORMED, AND DEFENDANTS ARE ENTITLED TO EXAMINE AND IMPEACH HIM ON THIS ISSUE AND HIS LACK OF KNOWLEDGE.**

In his Motion in Limine, Plaintiff seeks to exclude any reference to investigations relating to the underlying incident performed by either State of California or any other governmental entity. Plaintiff's motion completely ignores the fact that Plaintiff himself placed the very

2

existence of these same reports at issue in this lawsuit by virtue of the fact that Plaintiff's retained use of force/police practices expert, Curtis Rothschiller, has disclosed in his Rule 26 expert report and in his deposition testimony that one of the grounds for his opinion is the alleged failure to perform any investigation into the underlying incident. (Declaration of Supervising Deputy Attorney General Norman D. Morrison IV (Decl. Morrison) at ¶¶ 4-5; Rothschiller Rule 26 Report (Rothschiller Rp.) at 19:¶83; 20:¶¶84-88; 21:¶¶89, 93-94; 22:¶¶95; 23:¶¶100-103).

Despite Plaintiff's expert unequivocally stating that one of his core opinions and cnclusions is that the Defendants failed to follow proper and established policies and procedures relating to performing an investigation of the incident and the Defendants' roles and actions in the incident, Rothschiller makes it clear that he is basing his opinions upon a fundamentally flawed and unsupportable position that is not only untenable, but upon which Defendants are entitled to impeach his credibility and qualifications for offering opinions at trial. In his Rule 26 Report, Rothschiller specifically states that his opinions regarding the Defendants were reached because:

> I was not presented with evidence a thorough, impartial, independent Internal Affairs or criminal investigation was completed regarding this use of unreasonable excessive lethal force. The lack of an industry standard impartial investigation by the KCSD and DOJ or other independent entity compounded the issues with this incident. P.O.S.T. required that agencies maintain adequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct. Failure to provide such documentation is indicative of entities not complying with P.O.S.T. requirements.

(Rothschiller Rep., at 19:¶83.)

Rothschiller continues in his Report by doubling down on his opinion that the Defendants were negligent and failed to follow policy by allegedly not conducting a report, by stating that:

> It is imperative that all incidents and officers' actions are openly and honestly reviewed through Critical Incident Debriefings, After Action Reports, and Internal Affairs investigations. Failure to conduct critical incident reviews leads to agencies and officers continuously making critical errors. Complete and factual information must be provided for the review to determine if tactics and training must be adjusted. I have seen no evidence of critical incident reviews being conducted surrounding the use of unreasonable excessive lethal force against Mr. Quair.

(Rothschiller Rep. at 20:¶ 84.)

Further evidence of Rothschiller's reliance upon the flawed and unsupportable foundation that no investigation was performed is found in subsequent paragraphs of his opinions, where he

states the County of Kings' has a specific policy for reviewing the use of force by its employees, and that this review or investigation shall be performed by the County of Kings *in addition to* any other review or investigation performed by an outside agency or entity, and that "[n]evidence or documentation was presented to me that the KCSD complied with 302.1-302.3 in this case." (Rothschiller Rep., 20:¶86.) Rothschiller again continues in the next paragraph of his report by stating that the Kings County Report establishes policies and procedures to be followed in the investigation of an officer involved shooting, "including criminal investigations, administrative investigations, and civil investigations to determine liability, there was no evidence presented to me or indication that any of the investigation or policy had been followed." (Rothschiller Rep., 20:¶87.)

Plaintiff's own expert accordingly establishes the admissibility and relevance of each of these reports in this case, as he has concluded that the various Defendants violated applicable policies, procedures, standards and protocols by failing to conduct investigations and reports into this incident. At no point in time has Plaintiff indicated that Rothschiller has dismissed or otherwise no longer stands by these opinions, as such it is anticipated that he will continue to assert these claims at trial against the Defendants.

Because Plaintiff's expert has expressed opinions specifically relating to these reports (and their allegedly having not been prepared), Defendants are entitled to impeach him at trial regarding his opinions with the existence of these reports, as well as the contents of the reports. Defendants are likewise entitled to question Rothschiller regarding what documents he did – and more importantly, *did not* – review as part of his decision making process, why he did not request or confirm with Plaintiff's counsel whether any such documents existed[1], and whether/how the existence of such documents would potentially cause him to change or modify his opinions.

///

---

[1] Rothschiller testified during his deposition that he made relied exclusively on the documents selected and provided to him by Plaintiff's counsel, made no attempt to perform any independent investigation into the underlying facts, made no attempt to determine whether or not documents – such as the reports involved here – that he expected to exist actually did exist or not. (See Defendants Motion in Limine Nos. 2, 8, 9, 15.)

## II.    PLAINTIFF'S MOTION SHOULD ALSO BE DENIED BECAUSE PLAINTIFF'S USE OF FORCE EXPERT TESTIFIED HE RELIED UPON INFORMATION OBTAINED DURING, AND DERIVED FROM, THE INVESTIGATIONS PLAINTIFF SEEKS TO EXCLUDE IN FORMULATING THE OPINIONS HE INTENDS TO OFFER AT TRIAL

Plaintiff's motion should also be denied because exclusion will not only result in juror confusion, but will fundamentally mislead the jury and will again prevent the Defendants from questioning the Plaintiff's expert, Curtis Rothschiller, regarding his opinions and conclusions and allow Plaintiff to simultaneously prevent Defendants from any discussion or reference to the reports while allowing *Plaintiff* to benefit from those very documents.

Rothschiller, Plaintiff's expert, has testified that his opinions are based upon materials that are contained in, and a part of, the very subsequent reports that Plaintiff now seeks to exclude any reference to. While Rothschiller conceded he was not provided with a copy of the complete report (much less advised of its existence or that any investigations had been performed), his testimony established that he was provided with portions of the report that were carefully curated and selected by Plaintiff's counsel to allow him to reach specific conclusions and opinions. (Rothschiller Tr., at 91:16-95:8.)[2] During his deposition, Plaintiff's expert testified that his opinions were based upon statements taken from the Defendants after the incident (as a part of the investigations), as well as upon a statement taken from Plaintiff's accomplice, Quintero, after the incident (also conducted as a part of the investigations). These statements are only contained in the reports arising from the investigations performed *after* the incident. (Rothschiller Report, at 2:¶ 21; 10:¶41; 11:¶¶42-43, 47; 12:¶¶53, 54; 13:¶¶55; 23:¶106.) Similarly, other evidence Rothschiller identifies as having relied upon in forming his opinions is also derived only from the post-incident investigation – including the photographs of the incident site, Plaintiff's injuries, and the vehicle that Plaintiff had been an occupant of. (Rothschiller Rep., at 2:¶¶1-3; 18:¶74.)

As but one example, in his Report, Rothschiller states that "CHP officer Scomona did not perceive Mr. Quair or Mr. Quintero as a threat and therefore, [sic] did not fire his weapon." (Rothschiller Rep., at 11:¶47.) This information, specifically relied upon and referenced by Plaintiff's expert in forming his opinions, is identified as Plaintiff as being found *only* in the

---

[2] Relevant portions of the deposition of Curtis Rotschiller have previously been produced as Exhibits to Defendants Motions in Limine Nos. 2, 8, 9, and 15.

1   reports that Plaintiff now seeks to exclude. Likewise, Rothschiller's opinions that Plaintiff was

2   unarmed at the time of the incident, and therefore excessive force was used, is specifically

3   identified as being based upon information derived from the investigations performed after the

4   incident and not any other admissible evidence. (Rothschiller Rep., at 2:¶21, 10:¶41, 11:¶¶ 42, 43,

5   44, 45, 47.)

6   **III.    PLAINTIFF'S MOTION SHOULD BE DENIED AS DEFENDANTS ARE ENTITLED TO
          QUESTION PLAINTIFF'S EXPERT REGARDING HIS KNOWLEDGE OF THE FACTS
7          SUPPORTING HIS OPINIONS, AS WELL AS HIS LACK OF KNOWLEDGE**

8           Plaintiff bears the burden of proving the admissibility of his expert witness's testimony at

9   trial. *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1335 (11th Cir. 2010); *United States v. 87.98 Acres*

10  *of Land*, 530 F.3d 899, 904 (9th Cir. 2008). A trial court is directed to exclude expert testimony

11  when the witness is not qualified to provide an opinion regarding the subject at issue. *Bogosian v.*

12  *Mercedes-Benz of North America, Inc.*, 104 F.3d 472, 476-477 (1st Cir. 1997) (trial court

13  properly found that a proffered expert lacked the requisite education and training to provide an

14  opinion related to the subject matter). The Ninth Circuit recently directed that it is the obligation

15  and responsibility of a district court to perform a gatekeeping role "to ensure that the [proffered]

16  testimony is both relevant and reliable." *Engilis v. Monanto Company*, 151 F.4th 1040, 1047 (9th

17  Cir. 2025). A district court discharges its "gatekeeping role" by ensuring that the proposed

18  expert's testimony is not only relevant, but also reliable. *Id.*

19          At trial, an expert must base their opinion upon facts and knowledge, not upon speculation

20  or conjecture. *Hathaway v. Bazany*, 507 F.3d 312, 317-319 (5th Cir. 2007) (proposed expert's

21  testimony was speculative and unreliable under *Daubert* and thus, it was properly excluded);

22  *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 429-436 (6th Cir. 2007) (expert opinion

23  was properly excluded because the expert was not sufficiently qualified to provide an opinion on

24  the subject matter at issue and the opinion was based upon speculative and unreliable

25  methodology). Where there is too great an analytical gap between the data relied upon and the

26  opinion proffered, a court should exclude the expert's testimony and opinions. *General Elec. Co.*

27  *v. Joiner*, 522 U.S. 136, 146 (1997). *Guidroz-Brault v. Missouri Pacific R.R. Co.*, 254 F.3d 825,

28

829 (9th Cir. 2001) (declaring that 'unsupported speculation and subjective beliefs" cannot be a basis for expert testimony). The Supreme Court has held that the reliability test required in a district court's gatekeeping role is also properly applied to the expert's reasoning process, and that the "gatekeeper role" applies to *all* expert testimony, not just scientific testimony. *Joiner*, 522 U.S. at 142; *Kumho Tire Co. v. Carmichael*, 526 U.S. 17, 141 (1999).

There is no presumption in favor of the reliability or admissibility of an expert's opinions, and the burden is upon the *Plaintiff* to demonstrate their witnesses opinions are relevant. *Engilis*, 151 F.4th at 1049. Accordingly, *Plaintiff* must demonstrate that their expert, Rothschiller, has an adequate basis for his opinions.

Defendants are conversely allowed to challenge Rothschiller's opinions, as well as questioning the basis for his opinions and his knowledge of the facts relating to the incident. This includes questioning Rothschiller regarding not only the *existence* of the reports, but also their contents as Rothschiller has directly placed these reports at issue. Further, as Rothschiller has admitted that he was not provided with the reports, but was only provided with excerpts that were carefully curated and selected by Plaintiff's counsel in order to perform his work and prepare his opinions regarding the Defendants, Defendants are entitled to question him regarding additional materials in the same reports that would contradict his opinions.

Stated succinctly, Rothschiller has placed these reports at issue by explicitly and unequivocally stating he relied upon portions of them in forming his opinions. Plaintiff cannot attempt to shield or immunize Rothschiller's negligence and lack of knowledge by now seeking to bar any questioning regarding these same reports at trial while simultaneously allowing Rothschiller to testify regarding selected, cherrypicked excerpts from these same reports safe in the knowledge that Defendants cannot challenge his opinions. Further, this is not a situation where Plaintiff can attempt to avoid this issue by waiving some opinions and retaining others – Rothschiller's Report, and his deposition testimony taken for this trial, makes it clear that he relied upon portions of these reports as part of his expert retention.

Accordingly, should the Court be inclined to grant the motion, the only appropriate remedy to protect Defendants' rights is to simultaneously bar and exclude Plaintiff from allowing any witnesses from offering any testimony, opinions, or evidence deriving from these reports at trial, including barring and excluding Rothschiller from offering any testimony or opinions at trial regarding the Defendants actions.

## IV. PLAINTIFF'S MOTION ALSO MUST BE DENIED AS PLAINTIFF HAS INDICATED HE INTENDS TO INTRODUCE EVIDENCE AND EXHIBITS AT TRIAL FROM THE SAME INVESTIGATORY REPORTS HE NOW SEEKS TO EXCLUDE.

Similarly, many of the exhibits that Plaintiff seeks to introduce at trial, including all of his photographs as well as many of the photographs of the Plaintiff taken after the incident, were taken in connection with the very reports that Plaintiff now seeks to exclude not only any reference to, but any evidence from those same reports. For example, trial exhibits 5-19 and 29-38 identified in Plaintiff's Second Amended Exhibit List [ECF 99] are all portions of, and derived from, the very reports that Plaintiff seeks to exclude any reference from or to. Granting Plaintiff's motion will thus result in a situation where the Plaintiff is unable to lay a foundation for his exhibits, the Defendants will not be able to discuss or identify specific regarding the photographs (including how or why they were taken, when they were taken, etc.), and the experts will be able to discuss the foundation of their opinions.

Plaintiff's own designation of evidence that was created as a part of, and derives directly from, the reports and investigation prepared into the underlying incident therefore necessarily constitutes a waiver to any challenges to the evidence at this stage.

## V. PLAINTIFF HAS PLACED THE EXISTENCE AND CONTENTS OF THE REPORTS AT ISSUE THROUGH HIS *MONELL* CLAIM AGAINST THE COUNTY OF KINGS WHICH PLAINTIFF INSISTS BE TRIED SIMULTANEOUSLY WITH HIS FOURTH AMENDMENT CLAIM.

Finally, Plaintiff's motion in limine disregards the fact that Plaintiff is currently alleging a cause of action for *Monell*-based liability against the County of Kings for Sergeant Lopes' actions in connection with the underlying incident, including claims that the County of Kings failed to follow proper policies and procedures relating to the incident and Sergeant Lopes' actions.

8

1  Plaintiff's counsel has stated that not only will they not agree to bifurcate the underlying

2  proceedings into separate Fourth Amendment and *Monell* phases, but that they intend to oppose

3  the Defendants' motion to do so. (Decl. Morrison, ¶ 6.) Accordingly, not only the existence of the

4  Reports but the contents of the reports, as well as the findings and conclusions of each of the

5  reports, are placed squarely at issue and are both relevant and admissible by virtue of the

6  Plaintiff's own claims and insistence on proceeding in a single phase of trial.

7       In his *Monell* claims, Plaintiff alleges that the County of Kings is liable for failing to

8  follow its policies and procedures, both in this incident and in prior incidents. (See e.g. Plaintiff's

9  Complaint; Plaintiff's Opposition to Motion for Summary Judgment, (Pl. Oppo. MSJ)[ECF 44],

10  at 14:13-15:7; 22:17-25:6.) In their Opposition to the Motion for Summary Judgment, Plaintiff

11  specifically alleges that the County of Kings is liable in this instance for using a "practice of

12  insulating their personnel from accountability by failing to take investigative or remedial action

13  towards Sergeant Lopes;" (*Id.* at 24:1-5) and that the County "has at least an unwritten policy of

14  not redressing or otherwise responding to excessive force incidents, which could constitute an

15  unconstitutional policy." (*Id.* at 24:7-10.) Plaintiff have similarly argued, based upon their only

16  expert's opinions and conclusions, that the County's alleged failure to train, investigate, and

17  discipline over use of force incidents could be found by a jury to constitute an unofficial policy or

18  custom that would support Plaintiff's claims against the Defendants. (Pl. Oppo. MSJ, at 24:26-

19  25:6.)

20       Plaintiff's own argument in his opposition to the Defendants' motions for summary

21  judgment demonstrates exactly why these reports are both relevant and admissible here, and why

22  Plaintiff's motion should be denied. Plaintiff argues that the consideration and determination of

23  whether a governmental entity has displayed a policy of deliberate indifference, as he alleges the

24  County of Kings has done here, is generally a question of fact for the jury. (Pl. Oppo. MSJ, at

25  25:2-6.) Excluding relevant evidence, including evidence of any investigation into the subject use

26  of force case, from the jury not only prevents them from being able to perform their duties and

27  functions as a fact-finder, but actually serves to fundamentally and prejudicially mislead the jury

28

1  regarding the applicable facts they are being asked to evaluate and make a decision based upon

2  and instead asks them to impose liability upon a hypothetical, fundamentally and legally different,

3  factual scenario.

4        Thus, the investigative reports and conclusions that are the subject of this incident are not

5  only relevant, but they are directly related to Plaintiff's allegations, and relate to the arguments

6  and positions that Plaintiff will take at trial in order to support his *Monell* claims. Due to their

7  direct relevance to the Plaintiff's claims and legal theories, the jury is not only entitled, but

8  required to hear and consider this evidence as part of its sworn duty and function.

9  **CONCLUSION**

10        Accordingly, Defendant requests that the Court deny Plaintiff's motion to exclude any

11  reference to, or evidence from, any reports of investigations performed by any governmental

12  agencies after the incident. Plaintiff has placed these reports squarely at issue in this lawsuit.

13  First, Plaintiff had his expert rely upon portions of these reports, while simultaneously

14  intentionally failing to advise or inform his expert of the existence of these reports,  thereby

15  leading to demonstrably and uncontradictably false conclusions and opinions by the expert.

16  Second, Plaintiff has placed these reports, and the contents thereof, squarely at the heart of this

17  lawsuit by bringing a *Monell* claim relating to this incident and refusing to bifurcate the trial.

18  Third, the contents of these investigations and reports form the majority of the exhibits Plaintiff

19  has indicated he intends to introduce at trial – including statements taken as an integral part of the

20  investigations and reports, as well as photographs and other evidence collected as a part of the

21  investigations and reports Plaintiff now seeks to exclude any reference or evidence from.

22        Finally, Plaintiff's motion should be denied as Defendants are entitled to cross-examine

23  and impeach Plaintiff's expert regarding all of the evidence he has identified as having relied

24  upon, as well as any information or actions that he contends (such as the reports at issue) should

25  have been conducted but wasn't done. To address the Plaintiff's concerns, the Court can impose a

26  limiting instruction to the jury advising them that they are not allowed to consider the existence of

27  the investigations and reports as part of their Fourth Amendment analysis, but that they are

28

1  allowed to consider the reports as a part of their Fourth Amendment analysis to the extent the

2  reports relate to information that occurred during the incident or relates information known to the

3  officers at the time of the incident – such as information contained in the statements taken from

4  the witnesses and Defendants as a part of the investigation.

5

6  Dated: November 3, 2025                    Respectfully submitted,

7                                             ROB BONTA
                                              Attorney General of California
8

9

10                                            NORMAN D. MORRISON
                                              Supervising Deputy Attorney General
11                                            *Attorneys for Defendants Neil Compston,
                                              John Silveira and Edward Sinclair*

12  FR2021301267

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 (1:20-CV-01793-KJM-SKO)

**DECLARATION OF SUPERVISING DEPUTY ATTORNEY GENERAL
NORMAN D. MORRISON IV IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3**

I, Norman D. Morrison IV, do hereby declare as follow:

      1.      I am employed by the State of California Department of Justice, Office of the Attorney General, as a Supervising Deputy Attorney General. I am counsel of record for Defendants Neil Compston, John Silveira and Edward Sinclair in this case. I am aware of the facts identified herein, and if called to testify I could and would testify accurate to them. This Declaration is made in support of the Defendants' Motion in Limine to exclude portions of the opinions and testimony of Plaintiff's designated expert, Curtis Rothschiller.

      2.      This lawsuit arises out of a shooting that occurred during the early morning hours on June 18, 2019, on a road next to State Route 43 near Hanford, California. Prior to this incident, Plaintiff Freddie Quair, Jr. had been under surveillance for multiple months as part of a joint Federal, State and local task force known as "Operation Red Reaper" that was investigating the Nuestra Familia criminal organization and the Norteño street gangs in the Kings and Tulare County region. As one of the targets of Operation Red Reaper, Plaintiff was the subject of a combination of video, audio, and electronic surveillance over a period of months performed by the Defendants. This included wiretaps of phone numbers used by Plaintiff and his criminal associates, including Jose Quintero. The months-long surveillance captured evidence of Plaintiff engaging in the trafficking of illegal firearms with other criminals, the sales of narcotics, and the discussion of various criminal activities relating to the Norteños and Nuestra Familia.

      3.      Both the State Defendants and the County of Kings served initial disclosures in this case pursuant to Fed. R. Civ. P. 26. These disclosures identified witnesses and documents known to the Defendants, and the disclosures specifically identified the separate investigations into the underlying incident performed by the Hanford Police Department, the County of Kings Sheriffs Department, as well as the Kings County District Attorneys office. Attached as Exhibit "A" is a true and correct copy of the State Defendants' initial disclosures identifying these reports

and witnesses. Attached as Exhibit "B" is a true and correct copy of the County of Kings' initial disclosures that also identify these reports and witnesses.

4.      In 2022, Plaintiff served a copy of their expert designation, identifying Curtis Rothschiller as their police practices expert. A copy of Mr. Rothschiller's expert report, served pursuant to Fed. R. Civ. P. 26, was previously produced as exhibits to Defendants' Motions in Limine, including Motion in Limine No. 2, Plaintiff has not served any supplemental expert report or advised that Mr. Rothschiller had any additional or different opinions beyond those expressed in his report and at his deposition, that he had reviewed any additional documents, or that he has abandoned or withdrawn any of his opinions.

5.      On October 10, 2022, the deposition of Curtis Rothschiller was taken. During this deposition Mr. Rothschiller admitted, among other things, that he had not been provided with multiple relevant documents by Plaintiff's that directly related to his opinions, including the multiple reports into the underlying incident performed by the Hanford Police Department, the County of Kings Sheriff's Department, and the Kings County District Attorney's Office; the policies and procedures of the California Department of Justice; and the statements and deposition testimony of witnesses. True and correct copy of relevant portions of Mr. Rothschiller's deposition testimony have previously been produced in support of Defendants' motions in limine, including Motion in Limine No. 2, 8, and/or 15.

6.      Prior to filing motions in limine, counsel for the parties conducted a meet and confer discussion. During that meet and confer discussion, Defendants' counsel advised Plaintiff's counsel that Defendants intended to seek bifurcation of the *Monell* claims from the Fourth Amendment claims for various reasons. In a subsequent e-mail exchange regarding the issue of bifurcation, Plaintiff's counsel Cooper Alison-Mayne advised that Plaintiff would not agree to bifurcation and intended to oppose Defendants' motion to bifurcate.

7.      As of the date of this declaration, Plaintiff's counsel has not advised that they have withdrawn or abandoned any of the opinions expressed by their expert in his Rule 26 Report and made during his deposition, including that the Defendants failed to meet the applicable laws,

2

1  policies, regulation, rules, and/or procedures relating to conducting investigations and preparing

2  reports following use of force incidents; that Plaintiff's expert and witnesses would not testify

3  regarding information contained and derived from the very investigations and reports that are the

4  subject of his Motion in Limine; or that Plaintiff's intended to withdraw their exhibits that are

5  derived from the investigations and reports prepared as part of the post-incident investigation.

6    I hereby declare under penalty of perjury that the foregoing is true and correct. Executed

7  this 3rd day of November, 2025, in Fresno, California.

8

9

10  _____

11    Norman D. Morrison IV

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 (1:20-CV-01793-KJM-SKO)

# CERTIFICATE OF SERVICE

Case Name:  **Quair v. County of Kings, et al.**      No.    **1:20-CV-01793-KJM-SKO**

I hereby certify that on <u>November 3, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OR REFERENCES TO INVESTIGATIONS OF THE INCIDENT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 3, 2025</u>, at Los Angeles, California.

| J. Sissov | */s/ J. Sissov* |
|:---:|:---:|
| Declarant | Signature |

FR2021301267