James J. Arendt, Esq. Bar No. 142937
Matthew P. Bunting, Esq. Bar No. 306034

WEAKLEY & ARENDT
A Professional Corporation
5200 N. Palm Avenue, Suite 211
Fresno, California 93704
Telephone: (559) 221-5256
Facsimile: (559) 221-5262
James@walaw-fresno.com
Matthew@walaw-fresno.com

Attorneys for Defendants County of Kings and Taylor Lopes

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FREDDIE QUAIR,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KINGS; TAYLOR LOPES; NEIL COMPSTON; JOHN SILVERIA; EDWARD SINCLAIR; and DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | CASE NO. 1:20-CV-01793-KJM-SKO<br><br>**COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 (DOC. 105)** |

The parties, County of Kings and Taylor Lopes ("County Defendants") respectfully submit the following opposition to Plaintiff's Motion In Limine No. 2 to Exclude Suicide by Cop Argument.

First, it is relevant as it explains why Quair is exiting the vehicle, whirling around quickly, making an advancing motion, and finally taking an isosceles shooting stance at the officers. This combined with Quair's increasing desperation to get money to pay gang "taxes", knowing that he had been involved in numerous illegal activities including firearm sales, drug sales, and an armed, home invasion robbery, explain to a jury why this event unfolded as it did. Further, Quair's testimony after being shot and laying on the ground including statements as "put me on youtube", "make me famous", and "one loc, one life" (referring to his gang) directly

explain his state of mind in attempting to go out in a “blaze of glory”. It also explains why Quair deliberately gave the law enforcement little time to respond when he came flying out of the vehicle and took a shooting stance, those events being highly relevant to how the use of force incident played out. Plaintiff asserts that the County Defendants have designated no expert regarding this, however, suicide by cop is well known amongst police practice experts including County Defendants’ expert, Clarence Chapman.

Plaintiff’s argument appears to be that County Defendants’ argument is that it is somehow reasonable to shoot someone that is suicidal, however, this purposefully strawmans County Defendants’ argument. Rather, it helps explain why law enforcement had such a small window of time to react to the situation and why they deployed deadly force despite Quair not having a firearm on him at the time of the use of force incident. Without this, the jury will miss necessary evidence and explanation as to why the events unfolded as they did. Quair made several intentional acts to get law enforcement to shoot him and succeeded. While a jury may ultimately not believe this, it should be put forward to the jury to decide.

Plaintiff will certainly point out that Quair was unarmed at the time of the shooting (which is correct), however, he never points out in any of his pleadings that this is the literal, split second decision that law enforcement has to make whether to deploy deadly force or not against a subject in a shooting stance. And that is the key issue in this case that must be put to the jury. Quair adopting the shooting stance as displayed by the video is the ultimate piece of evidence that causes Lopes to deploy deadly force in this case.

/ / /

/ / /

/ / /

/ / /

For the above stated reasons, County Defendants request that the Court deny Plaintiff's motion in limine.

DATED: November 3, 2025

WEAKLEY & ARENDT
A Professional Corporation

By: /s/ *James J. Arendt*
James J. Arendt
Matthew P. Bunting
Attorneys for County Defendants