**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff Freddie Quair*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE QUAIR,<br><br>    Plaintiff,<br><br>vs.<br><br>NEIL COMPSTON, JOHN SILVERIA, and EDWARD SINCLAIR,<br><br>    Defendants | CASE No.: **1:20−CV−01793−KJM−SKO**<br><br>[*Honorable Kimberly J. Mueller.*]<br><br>**PLAINTIFF'S AMENDED PROPOSED JURY INSTRUCTIONS**<br><br>Trial Date: November 10, 2025<br>Time: 9:00 a.m.<br><br>Robert T. Matsui United States Courthouse<br>Courtroom 3, 15th floor |

1     **PLEASE TAKE NOTICE** that Plaintiff hereby submits his Amended
2 Proposed Jury Instructions for the trial of this matter.
3     On November 6, 2025, a joint notice of settlement was filed informing the
4 Court that all claims against Taylor Lopes and the County of Kings have been
5 resolved. Plaintiff submits this amended jury instructions to reflect the changes in
6 claims and defendants in this case. Plaintiff has also further refined his remaining
7 proposed jury instructions.

9 Dated: November 8, 2025            LAW OFFICES OF DALE K. GALIPO

                                        By: /s/ *Cooper Alison-Mayne*
                                        Dale K. Galipo
                                        Cooper Alison-Mayne
                                        Attorneys for Plaintiff

# PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

| Number | Title | Source | Page |
|---|---|---|---|
| 1. | Section 1983 Claim – Introduction Instruction | 9th Cir. Mod. 9.1. | 4 |
| 2. | Integral Participation | 9th Cir. Mod. 9.2. (custom) | 5 |
| 3. | Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof | 9th Cir. Mod. 9.3. | 6 |
| 4. | Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Excessive Force | 9th Cir. Mod. 9.25 (modified for deadly force) | 7 |
| 5. | Alternative Cause | CACI No. 434, (2024 Edition) (modified). *Summers v. Tice*, 33 Cal. 2d 80, 84 (1948). | 9 |
| 6. | Nominal Damages | 9th Cir. Mod. 5.6 | 10 |

**[PLAINTIFF'S PROPOSED] INSTRUCTION NO. 1**

**SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION**

Plaintiffs bring some of their claims under the federal statute 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

<u>Authority:</u> Manual of Model Jury Instructions for the Ninth Circuit (2017), 9.1.

# [PLAINTIFF'S PROPOSED] INSTRUCTION NO. 2
# INTEGRAL PARTICIPATION – FEDERAL CLAIMS

An officer can be held liable under Section 1983 even if he did not personally commit the constitutional violation. Officers can be held liable if they directly participate in the deprivation of another's constitutional rights.

Authority: Based on Manual of Model Civil Jury Instructions for the Ninth Circuit 9.2 (revised June 2025); *Bynum v. Cnty. of Los Angeles*, No. CV 21-4453-JPR, 2023 WL 4143268, at *4 (C.D. Cal. May 22, 2023) (denying summary judgment to three officers who all fired at plaintiff where plaintiff could not identify which officer struck him, holding that under the "integral participant" doctrine, plaintiff need not do so); *see also Nelson v. City of Davis*, 685 F.3d 867, 873-74, 877 (9th Cir. 2012) (holding that summary judgment was not appropriate when three officers fired pepper spray even though it was unclear which officer had hit plaintiff).

**[PLAINTIFF'S PROPOSED] INSTRUCTION NO. 3**

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOF**

In order to prevail on their § 1983 claim against defendants Neil Compston, John Silveria, and/or Edward Sinclair, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, the defendant acted under color of state law; and

Second, the acts of the defendant deprived the plaintiff of particular rights under the United States Constitution as explained in later instructions; and

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that the defendants acted under color of state law.

A defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements the plaintiff is required to prove under Instructions **[_____]**, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit 9.3 (revised June 2025).

**[PLAINTIFF'S PROPOSED] INSTRUCTION NO. 4**

**FOURTH AMENDMENT— UNREASONABLE SEIZURE OF PERSON— EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest, defending himself, or in attempting to stop a fleeing suspect. Therefore, to establish an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officers used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

1. the nature of the crime or other circumstances known to the officers at the time force was applied;
2. whether the plaintiff posed an immediate threat of death or serious physical injury to the officers;
3. whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;
4. the amount of time the officers had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;
5. the relationship between the need for the use of force and the amount of force used;
6. the extent of the plaintiff's injury

7. any effort made by the officers to temper or to limit the amount of force;

8. the severity of the security problem at issue;

9. the availability of alternative methods to take the plaintiff into custody;

10. whether it was practical for the officers to give warning of the imminent use of force, and whether such warning was given;

11. whether a reasonable officer would have or should have accurately perceived a mistaken fact;

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit 9.25 (revised June 2025) (modified). Plaintiff modified factor two from "whether the [plaintiff] [decedent] posed an immediate threat to the safety of the officer[s] or to others" to "whether the plaintiff posed a significant threat of death or serious physical injury to the officers." This change accurately reflects the instructions in the notes to this jury instruction and the law in the Ninth Circuit. *Gonzalez v. City of Anaheim*, 747 F.3d 789, 794 (9th Cir. 2014) (key issue in deadly force case is whether the suspect posed an "immediate threat of death or serious physical injury").

# [PLAINTIFF'S PROPOSED] INSTRUCTION NO. 5
## ALTERNATIVE CAUSE

You may decide that more than one of the defendants used unreasonable force, but that only one or some of them actually shot and hit Freddie Quair, causing his harm. If you cannot determine which defendant officer's shots actually struck and harmed Freddie Quair, you must decide that each defendant officer who fired their weapon is responsible for that harm.

However, if a defendant proves that his shots did not strike Freddie Quair or cause any portion of his harm, then you must conclude that defendant is not responsible for that harm.

Authority: CACI No. 434, (2024 Edition) (modified); *Summers v. Tice*, 33 Cal. 2d 80, 84 (1948). This instruction is necessary because multiple officers fired weapons with overlapping ballistics characteristics that make it impossible to definitively attribute specific gunshot wounds to individual shooters. Lopes and Scomona both fired rifles chambered in the same caliber, while Compston and Silveira both discharged handguns using the same caliber ammunition—with bullets that were visually indistinguishable from one another. Under these circumstances, the alternative cause doctrine from *Summers v. Tice* applies to prevent defendants from escaping liability simply because the evidence may not be able to isolate which officer's specific shots caused plaintiff's injuries.

# [PLAINTIFF'S PROPOSED] INSTRUCTION NO. 6

## NOMINAL DAMAGES

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit 9.25 (revised June 2025) (modified).